Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY N. SCHNEIDER, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHAMPIGNON BRANDS INC., GARETH BIRDSALL, and MATTHEW FISH,<br><br>Defendants. | Case No. 2:21-cv-03120-JVS-KES<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF KENNETH KESSLER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>JUDGE: James V. Selna<br>HEARING: July 12, 2021<br>TIME: 1:30 p.m.<br>CTRM: 10C (Santa Ana) |

Movant Kenneth Kessler ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movant as Lead Plaintiff for all persons other than Defendants who purchased or otherwise acquired the securities of Braxia Scientific Corp. f/k/a Champignon Brands Inc.[1] ("Braxia" or the "Company") from March 27, 2020, through February 17, 2021, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2) appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.    PERTINENT BACKGROUND

On April 10, 2021, this action was filed by Rosen Law. That same day, Rosen Law issued an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1, filed herewith.

Defendant Braxia purports to be engaged in the formulation and manufacturing of novel ketamine, ketamine derivatives and other psychedelics, and delivery platforms for nutraceutical and psychedelic medicine while being supported by its psychedelic medicine clinic platform.

The complaint alleges that throughout the Class Period, Defendants misrepresented and/or failed to disclose that: (1) the Company had undisclosed material weaknesses and insufficient financial controls; (2) the Company's

---

[1] After the complaint was filed on April 10, 2021, on May 3, 2021 the Company changed its name from "Champignon Brands Inc." to "Braxia Scientific Corp."

previously issued financial statements were false and unreliable; (3) the Company's earlier reported financial statements would need to be restated; (4) the Company's acquisitions involved an undisclosed related party; (5) as a result of the foregoing and subsequent reporting delays and issues, the British Columbia Securities Commission would suspend the Company's Canadian stock from trading; (6) the Company downplayed the seriousness of the needed restatement; and (7) as a result, Defendants' statements about the Company's business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

Then on June 22, 2020, the Company issued a press release entitled which announced that it had "been selected for a continuous disclosure review by the British Columbia Securities Commission (the 'Commission')." The June 22, 2020 press release further stated that, "[i]n connection with the review, the Commission has issued a cease trade order suspending trading in the securities of the Company pending the filing of business acquisition reports by the Company in connection with the acquisitions of Artisan Growers Ltd., Novo Formulations Ltd. and Tassili Life Sciences Corp."

On this news, Champignon's stock price fell 24% to close at $0.500 per share on June 22, 2020, damaging investors.

Then on September 15, 2020, Champignon issued a press release which announced, in pertinent part, that the compilation of financial disclosures in connection with the acquisition of AltMed Capital Corp. ("AltMed") was expected to be concluded shortly; that the Commission issued a replacement cease trade order pending the filing of a revised material change report in connection to the acquisition by Champignon of AltMed; and that the Company has concluded that the acquisition of AltMed should be treated as a reverse-takeover.

On this news, Champignon's stock price fell 5% to close at $0.271 per share on September 16, 2020, further damaging investors.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF KENNETH KESSLER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
2:21-cv-03120-JVS-KES

On February 17, 2021, Champignon issued a press release entitled "Champignon Brands to Restate Financial Statements and MD&A has Prepared CSE Listing Statement" which announced that, due to a review by the Commission, the Company would withdraw and refile its condensed interim consolidated financial statements and management's discussion and analysis for the three- and six-month periods ended March 31, 2020. During this period, the Company had incorrectly recognized intangible assets in connection with certain acquisitions that aggregated approximately $12 million.

On this news, Champignon's stock price fell 10% to close at $0.687 per share on February 17, 2021, further damaging investors. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

3

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

**A. Movant is Willing to Serve as Class Representative**

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

**B. Movant has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group … that . . . has the largest financial interest in the relief sought by the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $10,484. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

4

**C.   Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and his claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating

5

false and misleading statements about the Company and its business. Movant, as did all of the members of the class, purchased Champignon securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

**D.** **Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)  will not fairly and adequately protect the interests of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant sold a medical device company and is currently retired at 38 years old. He has several years of investing experience and is a resident of Florida.

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

**IV.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The

6

Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively involved since the inception of the case researching Movant's and the Class' claims as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## V.     CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

7

Dated:   June 9, 2021                         Respectfully submitted,

                                              **THE ROSEN LAW FIRM, P.A.**

                                              /s/ Laurence M. Rosen
                                              Laurence M. Rosen, Esq. (SBN 219683)
                                              355 South Grand Avenue, Suite 2450
                                              Los Angeles, CA 90071
                                              Telephone: (213) 785-2610
                                              Facsimile: (213) 226-4684
                                              Email: lrosen@rosenlegal.com

                                              *Counsel for Movant and [Proposed] Lead
                                              Counsel for the Class*

8

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows: I am the Managing Partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On June 9, 2021, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF KENNETH KESSLER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on June 9, 2021.

/s/ Laurence M. Rosen
Laurence M. Rosen

9