POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Movant*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY N. SCHNEIDER, Individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>CHAMPIGNON BRANDS INC., GARETH BIRDSALL, and MATTHEW FISH,<br><br>                    Defendants. | Case No. 2:21-cv-03120-JVS-KES<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF TIM RYAN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL<br><br>DATE:  July 12, 2021<br>TIME:  1:30 p.m.<br>JUDGE:  James V. Selna<br>CTRM:  10C (West 4th St. Courthouse) |

MEMORANDUM OF POINTS AND AUTHORITIES - 2:21-cv-03120-JVS-KES

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT .........................................................................1

II.   STATEMENT OF FACTS ...............................................................................2

III.  ARGUMENT....................................................................................................4

    A.    RYAN SHOULD BE APPOINTED LEAD PLAINTIFF ........................4

        1.   Ryan Is Willing to Serve as Class Representative ..............................6

        2.   Ryan Has the "Largest Financial Interest" ..........................................6

        3.   Ryan Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure .........................................................8

        4.   Ryan Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses .................................. 11

    B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED .......................................................................................11

IV.   CONCLUSION...............................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591 (1997)..................................................................................................10

*Baby Neal v. Casey,*
    43 F.3d 48 (3d Cir. 1994) ...........................................................................................9

*Beck v. Maximus, Inc.,*
    457 F.3d 291 (3d Cir. 2006) ...................................................................................9, 10

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.,* No. 11-CV-04003-LHK,
    2012 U.S. Dist. LEXIS 2776 (N.D. Cal. Jan. 9, 2012)...............................................7

*Danis v. USN Communs., Inc.,*
    189 F.R.D. 391 (N.D. Ill. 1999).................................................................................9

*Fischler v. Amsouth Bancorporation,*
    176 F.R.D. 583 (M.D. Fla. 1997) ..............................................................................8

*Gluck v. Cellstar Corp.,*
    976 F. Supp. 542 (N.D. Tex. 1997) ...........................................................................8

*Greebel v. FTP Software,*
    939 F. Supp. 57 (D. Mass. 1996)...............................................................................8

*In re Comverse Tech., Inc., Sec. Litig.,*
    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)............................................7

*In re Olsten Corp. Sec. Litig.,*
    3 F. Supp.2d 286 (E.D.N.Y. 1998) .........................................................................7, 8

*In re Oxford Health Plans, Inc. Sec. Litig.,*
    182 F.R.D. 42 (S.D.N.Y. 1998) .................................................................................8

*Knox v. Yingli Green Energy Holding Co.,*
    136 F. Supp. 3d 1159 (C.D. Cal. 2015).....................................................................7

*Lax v. First Merch. Acceptance Corp.,*
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .........................................6, 7

*Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*,
    2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013) ..............................................7

*Osher v. Guess ?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) .............................................11

*Riordan v. Smith Barney*,
    113 F.R.D. 60 (N.D. Ill. 1986)................................................................................10

## Statutes

15 U.S.C. § 78u-4(a)(3)(A)(i)(II) & (a)(3)(B)(i) .......................................................*passim*

PSLRA ...................................................................................................................7, 10

## Rules

Fed. R. Civ. P. 23 ...................................................................................................*passim*

Movant Tim Ryan ("Ryan") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Ryan as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons other than the above-captioned defendants ("Defendants") who purchased or otherwise acquired Champignon Brands Inc. ("Champignon" or the "Company")[1] securities between March 27, 2020 and February 17, 2021, both dates inclusive (the "Class Period"); and (2) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class in the above-captioned action (the "Action").

## I.    PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Ryan, with losses of approximately $8,047 in connection with his purchases of Champignon securities, has the largest financial interest in the relief sought

---

[1] On or about May 3, 2021, after the complaint in the above-captioned action was filed, Champignon announced that it was changing its name to Braxia Scientific Corp. For purposes of convenience, and to remain consistent with the pleadings, this brief will refer to the Company as Champignon throughout.

in the Action to his knowledge. *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Exhibit ("Ex.") A. Ryan further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because he is an adequate representative with claims typical of the other Class members. Accordingly, Ryan respectfully submits that he should be appointed Lead Plaintiff.

## II.   STATEMENT OF FACTS

Champignon purports to be engaged in the formulation and manufacturing of novel ketamine, ketamine derivatives and other psychedelics, and delivery platforms for nutraceutical and psychedelic medicine while being supported by its psychedelic medicine clinic platform.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Champignon had undisclosed material weaknesses and insufficient financial controls; (2) Champignon's previously issued financial statements were false and unreliable; (3) Champignon's earlier reported financial statements would need to be restated; (4) Champignon's acquisitions involved an undisclosed related party; (5) as a result of the foregoing and subsequent reporting delays and issues, the British Columbia Securities Commission would suspend Champignon's from trading; and (6) as a result, Defendants' statements about

Champignon's business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On February 17, 2021, Champignon issued a press release entitled "Champignon Brands to Restate Financial Statements and MD&A has Prepared CSE Listing Statement" which announced the following, in pertinent part:

Champignon Brands Inc. (the "Company"), (CSE: SHRM) (FWB: 496) (OTCQB: SHRMF), announced that as a result of a review by the British Columbia Securities Commission (the "Commission"), *the Company has determined to withdraw and refile its condensed interim consolidated financial statements and management's discussion & analysis ("MD&A") for the three and six month periods ended March 31, 2020 (the "Original Financial Statements and MD&A").*

For the three and six month periods ended March 31, 2020, *the Company previously recognized intangible assets in connection with the acquisitions of Artisan Growers Ltd., Novo Formulations Ltd. and Tassili Life Sciences Corp. (the "Acquisitions")* that aggregated approximately $12 million. Subsequent to the issuance of the Original Financial Statements and MD&A, *management determined that the financial statements needed to be restated to correct the accounting for the Acquisitions as the assets do not meet the definition of intangible assets for the purposes of international financial reporting standards and as result will be recorded as transaction costs in the Company's statement of loss and comprehensive loss*. The restated condensed interim consolidated financial statements and MD&A will reflect this change in the accounting treatment of the assets acquired in these acquisitions. The effect of the restatements does not impact the Company's cash position.

In addition, *it was determined that a shareholder and contracted consultant (the Consultant")* [sic] *of the Company was a related party with respect to the Acquisitions*. As a result, the restated condensed interim consolidated financial statements and MD&A will include additional disclosure details with respect to related party transactions involving the Consultant.

The Company also expects to concurrently file condensed interim consolidated financial statements and related MD&A's for the three months ended June 30, 2020 and for the six months ended September 30, 2020 (the "September Interim Financial Statements and MD&A"). The September Interim Financial Statements and MD&A will reflect the acquisition of Altmed Capital Corp. ("Altmed") on April 30, 2020 (the "Transaction"). The Transaction constituted a Reverse Takeover Transaction ("RTO") of Champignon by Altmed. As a result, the fiscal year end of the Company for accounting and reporting purposes subsequent to April 30, 2020 will be Altmed's fiscal year end of March 31.

The Company has submitted drafts of the restated condensed interim consolidated financial statements and management's discussion & analysis ("MD&A") for the three and six month periods ended March 31, 2020 (the "Restated Financial Statements and MD&A") and the September Financial Statements and MD&A to the Commission for review. ***Until the Restated Financial Statements and MD&A are filed, the Original Financial Statements and MD&A should not be relied upon and should be considered to have been withdrawn***.

(Emphasis added.)

On this news, Champignon's stock price fell 10% to close at $0.687 per share on February 17, 2021, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   RYAN SHOULD BE APPOINTED LEAD PLAINTIFF

Ryan should be appointed Lead Plaintiff because, to his knowledge, he has the largest financial interest in the Action and otherwise meets the requirements of Rule 23.

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Ryan satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Ryan Is Willing to Serve as Class Representative

On April 10, 2021, counsel for plaintiff in the Action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Defendants, and advised investors of Champignon securities that they had until June 9, 2021—*i.e.*, 60 days—to file a motion to be appointed as Lead Plaintiff.  *See* Pafiti Decl., Ex. B.

Ryan has filed the instant motion pursuant to the Notice and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See* Pafiti Decl., Ex. C. Accordingly, Ryan satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Ryan Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Ryan believes that he has the largest financial interest of any of the Lead Plaintiff movants based on the factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4)

the approximate losses suffered).[2]  In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District.  *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("District courts have typically considered the [*Lax*] factors to determine who has the largest financial interest[.]" (internal quotation marks and citations omitted)); *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at \*18 (N.D. Cal. Mar. 4, 2013) (same); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776, at \*10-\*11 (N.D. Cal. Jan. 9, 2012) (same).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Knox*, 135 F. Supp. 3d. at 1163; *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at \*18-\*19.

During the Class Period, Ryan (1) purchased 20,000 shares of Champignon securities; (2) expended $16,515 on his purchases of Champignon securities; (3) retained all of his shares of Champignon securities; and (4) as a result of the disclosure of the fraud, suffered a loss of $8,047 in connection with his Class Period purchases of Champignon securities.  *See* Pafiti Decl., Ex. A.  Because Ryan possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

[2] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at \*22-\*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

### 3. Ryan Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Rule 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory")).

The claims of Ryan are typical of those of the Class. Ryan alleges, as do all class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Champignon, or omitted to state material facts necessary to make the statements they did make not misleading. Ryan, as did all members of the Class, purchased Champignon securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent'" (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997))).

Ryan is an adequate representative for the Class. There is no antagonism between the interests of Ryan and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation. Moreover, Ryan has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Ryan likewise has demonstrated his adequacy because he has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of lead plaintiffs pursuant to the PSLRA, his decision to seek appointment as lead plaintiff, and the steps that he is prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Pafiti Decl., Ex. D.

### 4. Ryan Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Ryan as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

The ability and desire of Ryan to fairly and adequately represent the Class has been discussed above.  Ryan is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Ryan has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of

investors, as detailed in the firm's resume. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See* Pafiti Decl., Ex. E. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.* As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in the Action, Ryan's counsel have the skill and knowledge which will enable them to prosecute the Action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Lead Counsel by Ryan, the members of the class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, Ryan respectfully requests that the Court issue an Order: (1) appointing Ryan as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated:  June 9, 2021                                      POMERANTZ LLP

                                                         */s/ Jennifer Pafiti*
                                                         Jennifer Pafiti (SBN 282790)

1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Ryan and Proposed Lead Counsel for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Ryan*

CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


*/s/ Jennifer Pafiti*
Jennifer Pafiti