Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY N. SCHNEIDER, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CHAMPIGNON BRANDS INC., GARETH BIRDSALL, and MATTHEW FISH, <br><br> Defendants. | Case No. 2:21-cv-03120-JVS-KES <br><br> **OPPOSITION OF KENNETH KESSLER TO COMPETING LEAD PLAINTIFF MOTION** <br><br> CLASS ACTION <br><br> JUDGE: James V. Selna <br> HEARING: July 12, 2021 <br> TIME: 1:30 p.m. <br> CTRM: 10C (Santa Ana) |

Movant Kenneth Kessler ("Movant" or "Mr. Kessler") respectfully submits this memorandum in opposition to the competing lead plaintiff motion.  (Dkt. No. 15).[1]

---

[1] On June 21, 2021, movant Tim Ryan filed a notice of non-opposition to competing lead plaintiff motions.  (Dkt. No. 23).

1

OPPOSITION OF KENNETH KESSLER TO COMPETING LEAD PLAINTIFF
MOTION — 2:21-cv-03120-JVS-KES

## I.      INTRODUCTION

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), courts are to appoint as lead plaintiff the person or group of persons with "the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001); 15 U.S.C. §78u-4(a)(3)(B). Mr. Kessler has triggered the PSLRA's "most adequate plaintiff" presumption, as he is the movant with the largest financial interest that otherwise satisfies the typicality and adequacy prongs of Rule 23.

While Michael G. Quinn Jr. ("Mr. Quinn") claims a larger loss, he does not meet the adequacy and typicality requirements of Rule 23.   Mr. Quinn is inadequate and atypical as he purchased all of his shares after numerous partial disclosures revealing the fraud in this case.   He is therefore disqualified from being appointed lead plaintiff.

In contrast, Mr. Kessler purchased all his shares prior to any partial disclosures and held them through the end of the class period.   He is typical and adequate under Rule 23.

Accordingly, Mr. Kessler should be appointed lead plaintiff and respectfully requests that the Court approve his motion in its entirety and deny the competing motion.

## ARGUMENT

## II.      MR. QUINN IS INADEQAUTE AND ATYPICAL

Mr. Quinn is inadequate and atypical because he purchased all of this shares after the alleged fraud had been disclosed.   According to his PSRLA certification, Mr. Quinn purchased all of his shares on February 11, 2021 and February 16, 2021 – months after several disclosures revealing the alleged fraud.

2

OPPOSITION OF KENNETH KESSLER TO COMPETING LEAD PLAINTIFF MOTION — 2:21-cv-03120-JVS-KES

Prior to Mr. Quinn's purchases, the market was on notice of the alleged fraud. On June 22, 2020, Braxia Scientific Corp. f/k/a Champignon Brands Inc. ("Braxia" or the "Company") issued a press release which announced it had "been selected for a continuous disclosure review by the British Columbia Securities Commission (the "Commission")." This review was in connection with certain acquisitions completed by the Company, and the Commission issued a cease trade order suspending trading in the Company's securities. On this news, the Company's share price fell 24% to close at $0.50 per share on June 22, 2020.

On September 15, 2020, the Company issued an update press release regarding the review. The press release stated the Commission had issued a replacement cease trade order, pending the Company filing a revised material change report regarding the Company's acquisition of AltMed Capital Corp. ("AltMed"), which should have been treated as a reverse-takeover. On this news, the Company's share price fell 5% to close at $0.271 per share on September 16, 2020.

These partial disclosures revealed the fraud. The Company had mischaracterized its acquisition of AltMed. Trading in the Company's shares was suspended pending a revised material change report. Although the fraud had been leaking and was known by the public for months, Mr. Quinn purchased the Company's shares in February, less than a week prior to the final disclosure.

Courts have held such trading patterns are atypical and disqualified lead plaintiff movants as such. *In re Valence Technology Securities Litigation*, 1996 WL 119468, at *5 (N.D. Cal. Mar. 14, 1996) (rejecting atypical proposed class representative who, *inter alia*, tripled his holdings after the first of two disclosures); *In re Countrywide Financial Corp. Securities*, 273 F.R.D. 586, 603 fn.38 (C.D. Cal. Dec. 9, 2009) (citing *Valence* as the sort of unusual post-

OPPOSITION OF KENNETH KESSLER TO COMPETING LEAD PLAINTIFF MOTION — 2:21-cv-03120-JVS-KES

disclosure trading pattern that would present typicality problems); *In re Petrobras Securities Litigation*, 104 F.Supp.3d 618, 623 (S.D.N.Y. May 17, 2015) (rejecting lead plaintiff movant who, *inter alia*, purchased all its held shares after partial disclosures and just two weeks before end of class period); *In re Hebron Technology Co., Ltd. Securities Litigation*, 2020 WL 5548856, at *7 (S.D.N.Y. Sep. 16, 2020) (rejecting movant who purchased shares after a potential partial disclosure because "there [was] a real risk that the idiosyncrasies of [movant's] purchases would become [. . .] a distraction at trial").

In sum, Mr. Quinn is inadequate and atypical and is unfit to be lead plaintiff.

## III. MR. KESSLER SHOULD BE APPOINTED LEAD PLAINTIFF

Mr. Kessler has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). He has the largest losses and is the only remaining movant. Therefore, Mr. Kessler has the largest financial interest.

Once the Court "determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *Cavanaugh*, 306 F.3d at 730, 732 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff."); *Lopez v. AgEagle Aerial Systems, Inc.*, 2021 WL 2377343, at *2 (C.D. Cal. June 7, 2021) (same).

Like all purported class members, Mr. Kessler alleges that Defendants violated the Securities Exchange Act of 1934 by publicly disseminating false and misleading statements about the Company's business. Mr. Kessler purchased Braxia securities at artificially inflated prices and was damaged thereby. These

4

claims are also premised on the same legal and remedial theories and are based on the same types of misstatements and omissions as the class' claims. Thus, Movant satisfies the typicality requirement. *See generally Takeda v. Turbodyne Techs., Inc.*, 67 F.Supp.2d 1129 (C.D. Cal. 1999).

Additionally, Mr. Kessler has demonstrated his adequacy as class representative.  He purchased all his shares prior to any partial corrective disclosures.  He has no conflicting interests with the other class members, and he submitted a sworn certification affirming to his willingness to serve as, and carry out the responsibilities of, class representative (Dkt. No. #13-2).  *Lopez*, 2021 WL 2377343, at *4.  Based on his financial interest in the litigation and satisfaction of the Rule 23 requirements at this stage, Mr. Kessler has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

## III.    MR. KESSLER'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v). *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of lead plaintiff.").

Here, Mr. Kessler selected The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel.  As demonstrated in his opening papers (Dkt. No. 11, at 6-7), Rosen Law has the resources and expertise to litigate this action efficiently and aggressively.  As such, the Court should grant Movant's selection of Rosen Law as Lead Counsel.

OPPOSITION OF KENNETH KESSLER TO COMPETING LEAD PLAINTIFF MOTION — 2:21-cv-03120-JVS-KES

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully request that the Court issue an Order: (1) appointing Mr. Kessler as Lead Plaintiff of the class; (2) approving Rosen Law as Lead Counsel; and (3) denying the competing Lead Plaintiff Motion.

Dated: June 21, 2021                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for*
*Plaintiff and the Class*

6

OPPOSITION OF KENNETH KESSLER TO COMPETING LEAD PLAINTIFF MOTION — 2:21-cv-03120-JVS-KES

## PROOF OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On June 21, 2021, I electronically filed the following **OPPOSITION OF KENNETH KESSLER TO COMPETING LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on June 21, 2021.

/s/ Laurence M. Rosen
Laurence M. Rosen

OPPOSITION OF KENNETH KESSLER TO COMPETING LEAD PLAINTIFF
MOTION — 2:21-cv-03120-JVS-KES