Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Michael G. Quinn Jr. and Proposed Lead Counsel for the Class*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY N. SCHNEIDER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHAMPIGNON BRANDS INC., GARETH BIRDSALL, and MATTHEW FISH,<br><br>Defendants. | Case No. 2:21-cv-03120-JVS-KES<br><br>**MICHAEL G. QUINN JR.'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>Date:    July 12, 2021<br>Time:    1:30 p.m.<br>Judge:   James V. Selna<br>Crtrm.:  10C |

OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF

Lead Plaintiff Movant Michael G. Quinn Jr. ("Quinn") respectfully submits this memorandum of law in opposition to the two competing motions for appointment as lead plaintiff and approval of lead counsel filed by other class members (Dkt. Nos. 10, 20).

## I.      INTRODUCTION

Three individuals filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions were filed by Quinn (Dkt. No. 15); Kenneth Kessler ("Kessler," Dkt. No. 10); and Tim Ryan ("Ryan," Dkt. No. 20). Ryan has effectively withdrawn his motion by filing a notice informing the Court that he does not oppose the competing motions. *See* Dkt. No. 23. As such, only two lead plaintiff movants remain: Quinn and Kessler.

With respect to the lead plaintiff determination, the question presently before the Court is which of these two movants is the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in Quinn's memorandum of points and authorities in support of his lead plaintiff motion (Dkt. No. 16), Quinn has the largest financial interest in the relief sought by the class. Quinn's financial interest, as measured by his last-in, first-out ("LIFO") loss, is $33,612.71. *See* Dkt. No. 17-3. As such, Quinn is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Quinn is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Quinn should be appointed as lead plaintiff, and his selection of lead counsel should be approved.[1]

## II. ARGUMENT

### A. The PSLRA Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA mandates that the Court appoint "the most adequate plaintiff" to be lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the "most adequate plaintiff" is the movant that: (1) has either filed the complaint or made a motion in response to a notice; (2) in the determination of the Court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.").

Once the Court identifies the presumptively most adequate plaintiff, the presumption may be rebutted only "upon proof . . . that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, as explained below, Quinn is the presumptively most adequate plaintiff because Quinn filed a lead plaintiff motion in response to a notice, has a larger financial interest than the competing lead plaintiff movants, and satisfies the requirements of Rule 23. Since no other movant can rebut this presumption, Quinn should be appointed as lead plaintiff.

---

[1] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

**B.     Quinn Is the Presumptively Most Adequate Plaintiff Because Quinn Has the Largest Financial Interest in the Relief Sought by the Class**

Quinn satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). First, Quinn filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 15; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Second, Quinn satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 16; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, Quinn has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Since the PSLRA does not mandate any particular methodology for determining which movant has the largest financial interest in the relief sought by the class, district courts are free to choose any methodology that is "both rational and consistently applied." *See Cavanaugh*, 306 F.3d at 730 n.4. Courts in this Circuit, however, generally rely on the four-factor *Olsten-Lax* test to determine financial interest, which weighs: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015). To calculate the fourth factor, losses suffered, courts in the Ninth Circuit typically use the last-in, first-out (LIFO) methodology. *See Waterford Twp. Police v. Mattel, Inc.*, No. 17-cv-04732, 2017 WL 10667732, at *5 (C.D. Cal. Sept. 29, 2017); *see also Nicolow v. Hewlett Packard Co.*, No. 12-cv-05980-CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (the "weight of authority" uses the LIFO methodology).

Here, Quinn has a larger financial interest than the competing movants as measured by every *Olsten-Lax* factor: [2]

---

[2] The values in the chart are derived from the movants' loss charts submitted with their lead plaintiff motions (Dkt. Nos. 13-3, 17-3, 22-1). The loss figures in this chart

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | LIFO Loss |
|---|---|---|---|---|
| Michael G. Quinn, Jr. | 102,000 | 102,000 | $77,400.00 | $33,612.71 |
| Kenneth Kessler | 10,000 | 10,000 | $13,200.00 | $8,831.82 |
| Tim Ryan | 20,000 | 20,000 | $16,516.00 | $7,930.26 |

Accordingly, Quinn has the largest financial interest in the relief sought by the class. Since Quinn also satisfies the requirements of Rule 23, and filed a timely motion, Quinn is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### C. The Presumption that Quinn Is the Most Adequate Plaintiff Has Not Been Rebutted

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof has been presented that Quinn would be inadequate or subject to unique defenses. Moreover, Quinn is not aware of any basis for such a contention. In fact, Quinn is a sophisticated investor, more than adequate to represent the interests of the class. As explained in Quinn's memorandum of law submitted with his lead plaintiff motion, Quinn has an MBA, and has been managing his own investment portfolio for decades. *See* Dkt. No. 16 at 8. As such, Quinn should be appointed as lead plaintiff, and no other movant is entitled to consideration. See *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status.").

---

may differ slightly from the figures provided in the movants' loss charts because the figures in this chart are normalized using the same 90-day average price that Quinn used in his loss chart to value losses on retained shares. Additionally, Mr. Kessler provided an incorrect loss calculation in his loss chart submitted with his lead plaintiff motion. Mr. Kessler incorrectly used his actual sales price to value losses on shares he sold after the class period, rather than the trailing 90-day average price. The error is corrected in the chart provided here.

**D.      The Lead Plaintiff's Choice of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). *See also Cavanaugh*, 306 F.3d at 732 n.11 ("Congress gave the lead plaintiff . . . the power to select a lawyer for the class."). As such, a court should only interfere with the lead plaintiff's choice of counsel if the choice "is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff." *Id.* at 733.

Here, Quinn has selected Glancy Prongay & Murray LLP to be lead counsel. Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to effectively conduct this litigation. *See* Dkt. No. 17-4 (Glancy Prongay & Murray LLP firm résumé). The firm has decades of experience successfully representing injured investors. *See id.* By approving Quinn's selection of counsel, the Court may be assured that the class will receive the highest caliber of legal representation. Accordingly, Quinn's selection of lead counsel for the class should be approved. *See Kinney v. Capstone Turbine Corp.*, No. 15-cv-8914, 2016 WL 5341948, at *4 (C.D. Cal. Feb. 29, 2016) (appointing Glancy Prongay & Murray LLP as lead counsel); *Lopes v. Fitbit, Inc.*, No. 18-cv-06665, 2019 WL 1865926, at *2 (N.D. Cal. Apr. 25, 2019) (same).

## III.      CONCLUSION

For the foregoing reasons, Quinn respectfully requests that the Court enter an Order: (1) appointing Quinn as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; (3) denying the competing motions; and (4) granting such other and further relief as the Court may deem just and proper.

DATED:  June 21, 2021

**GLANCY PRONGAY & MURRAY LLP**

By:   *s/ Charles H. Linehan*

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Michael G. Quinn Jr. and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007
Email: fcruz@frankcruzlaw.com

*Additional Counsel*

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.  On June 21, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 21, 2021, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan