Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY N. SCHNEIDER, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHAMPIGNON BRANDS INC., GARETH BIRDSALL, and MATTHEW FISH,<br><br>Defendants. | Case No. 2:21-cv-03120-JVS-KES<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF KENNETH KESSLER; AND (2) IN OPPOSITION TO THE COMPETING MOTION**<br><br><u>CLASS ACTION</u><br><br>JUDGE: James V. Selna<br>HEARING: July 12, 2021<br>TIME: 1:30 p.m.<br>CTRM: 10C (Santa Ana) |

REPLY MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF
KENNETH KESSLER; AND (2) IN OPPOSITION TO THE COMPETING MOTION
Case No. 2:21-cv-03120-JVS-KES

Movant Kenneth Kessler ("Mr. Kessler" or "Movant") respectfully submits this reply memorandum of points and authorities in further support of his motion for appointment as Lead Plaintiff of the Class and approval of his selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for Lead Plaintiff and the Class (Dkt. No. 10) as well as in opposition to the competing motion of Michael G. Quinn Jr. ("Mr. Quinn") (Dkt. No. 15).

In opposition, Mr. Quinn does not challenge Mr. Kessler's adequacy or typicality. Rather, Mr. Quinn submits a boilerplate opposition merely noting that he has the largest financial interest. As explained in Mr. Kessler's opposition, (Dkt. No. 24), financial interest is not outcome determinative. The presumptive lead plaintiff must have the largest financial interest *and* satisfy the typicality and adequacy requirements of Rule 23. (*Id.* at 2-4); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23.").

Here, as explained in Mr. Kessler's opposition, Mr. Quinn is inadequate and/or atypical because he purchased all of his Braxia Scientific Corp. f/k/a Champignon Brands Inc. stock after the alleged fraud was disclosed. (Dkt. No. 24 at 2-3). As such, Mr. Quinn is not the presumptive lead plaintiff. (*Id.* at 4); *Cavanaugh,* 306 F.3d at 730.

In short, because no party challenges Mr. Kessler's adequacy and typicality, he is the presumptive lead plaintiff and his motion should be granted in its entirety.

1

Dated:  June 28, 2021          Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

2

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of the Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, California.  I am over the age of eighteen.

On June 28, 2021, I electronically filed the following **REPLY MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF KENNETH KESSLER; AND (2) IN OPPOSITION TO THE COMPETING MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on June 28, 2021.

/s/ Laurence M. Rosen
Laurence M. Rosen

3

REPLY MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF KENNETH KESSLER; AND (2) IN OPPOSITION TO THE COMPETING MOTION
Case No. 2:21-cv-03120-JVS-KES