Bruce. G. Vanyo (SBN 60134)
bruce@katten.com
Deeksha Kohli (SBN 333887)
deeksha.kohli@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone: (310) 788-4400
Facsimile: (310) 788-4471

[Additional Counsel on Signature Page]

*Attorneys for Defendants Champignon
Brands Inc. n/k/a Braxia Scientific Corp.,
Gareth Birdsall, Matthew Fish,
Stephen Brohman, and Roger McIntyre*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY N. SCHNEIDER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CHAMPIGNON BRANDS INC., GARETH BIRDSALL, AND MATTHEW FISH, <br><br> Defendants. | Case No. 2:21-cv-03120-JVS-KES <br><br> **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE** <br><br> Judge: Hon. James V. Selna <br> Courtroom: 10C <br> Date: May 9, 2021 <br> Time: 1:30 p.m |

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................ 1

II.   LEGAL STANDARDS ........................................................................ 3

      A.    Incorporation by Reference ................................................... 3

      B.    Judicial Notice ....................................................................... 4

III.  THE COURT SHOULD CONSIDER DOCUMENTS PLAINTIFF RELIES UPON TO BE INCORPORATED BY REFERENCE INTO THE COMPLAINT ................................................................................ 5

IV.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF SPECIFIC PORTIONS OF THE DOCUMENTS SUBMITTED BY DEFENDANTS .................................................................................... 10

V.    CONCLUSION .................................................................................. 17

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

i

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*2Die4Kourt v. Hillair Cap. Mgmt., LLC*,
No. 16-cv-01304, 2016 WL 4487895 (C.D. Cal. Aug. 23, 2016).......................15

*Azar v. Yelp, Inc.*,
No. 18-cv-00400, 2018 WL 6182756 (N.D. Cal. Nov. 27, 2018) .....................16

*Bodri v. GoPro, Inc.*,
252 F. Supp. 3d 912 (N.D. Cal. 2017) ................................................................5

*Bolling v. Dendreon Corp.*,
No. C13-0872, 2014 WL 2533323 (W.D. Wash. June 5, 2014).........................8

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
65 F. Supp. 3d 840 (N.D. Cal. 2014), *aff'd*, 856 F.3d 605
(9th Cir. 2017) ....................................................................................................9

*City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*,
963 F. Supp. 2d 1092 (E.D. Wash. 2013) ..........................................................3

*Color Switch LLC v. Fortafy Games DMCC*,
377 F. Supp. 3d 1075 (E.D. Cal. 2019), *aff'd*, 818 F. App'x 694
(9th Cir. 2020) ..................................................................................................16

*Diaz v. Intuit, Inc.*,
No. 5:15-cv-01778, 2018 WL 2215790 (N.D. Cal. May 15, 2018)............ 14, 16

*Eisenacher v. BMW of N. Am., LLC*,
No. 2:17-cv-00984, 2017 WL 1423702 (C.D. Cal. Apr. 20, 2017) ..................17

*Garcia v. J2 Glob., Inc.*,
No. 2:20-cv-06096, 2021 WL 1558331 (C.D. Cal. Mar. 5, 2021)....................15

*Golub v. Gigamon Inc.*,
No. 17-cv-06653, 2019 WL 4168948 (N.D. Cal. Sept. 3, 2019).......................11

**Katten**
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

*Gonzalez v. Planned Parenthood of L.A.*,
   759 F.3d 1112 (9th Cir. 2014).........................................................................2

*Hessefort v. Super Micro Computer, Inc.*,
   No. 18-cv-00838, 2020 WL 1551140 (N.D. Cal. Mar. 23, 2020).......................8

*In re Am. Apparel, Inc. S'holder Litig.*,
   855 F. Supp. 2d 1043 (C.D. Cal. 2012)...........................................................13

*In re Aqua Metals, Inc. Sec. Litig.*,
   No. 17-cv-07142, 2019 WL 3817849 (N.D. Cal. Aug. 14, 2019) .....................12

*In re Eventbrite, Inc. Sec. Litig.*,
   No. 5:18-cv-02019, 2020 WL 2042078 (N.D. Cal. Apr. 28, 2020)....................2

*In re Facebook, Inc. Sec. Litig.*,
   477 F. Supp. 3d 980 (N.D. Cal. 2020) .....................................................4, 15, 16

*In re Icenhower*,
   755 F.3d 1130 (9th Cir. 2014)........................................................................16

*In re Intel Corp. Sec. Litig.*,
   No. 18-cv-00507, 2019 WL 1427660 (N.D. Cal. Mar. 29, 2019)............4, 12, 15

*In re Miller Energy Res. Sec. Litig.*,
   No. 3:11-CV-386, 2014 WL 415730 (E.D. Tenn. Feb. 4, 2014) ......................12

*In re NVIDIA Corp. Sec. Litig.*,
   768 F.3d 1046 (9th Cir. 2014)...........................................................................3

*In re PetroChina Co. Ltd. Sec. Litig.*,
   120 F. Supp. 3d 340 (S.D.N.Y. 2015)..............................................................10

*In re SunPower Corp. Sec. Litig.*,
   No. 16-cv-04710, 2018 WL 4904904 (N.D. Cal. Oct. 9, 2018) .........................5

*In re Wet Seal, Inc. Sec. Litig.*,
   518 F. Supp. 2d 1148 (C.D. Cal. 2007)............................................................12

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018)...................................................................2, 3, 11

*Olagues v. Musk*,
   No. 18-cv-07110, 2019 WL 3457831 (N.D. Cal. July 31, 2019)......................11

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

iii

*Paddock v. Dreamworks Animation SKG, Inc.*,
No. 14-cv-06053, 2015 WL 12711653 (C.D. Cal. Apr. 1, 2015),
*aff'd sub nom.* 677 F. App'x 376 (9th Cir. 2017)..................................................2

*Park v. GoPro, Inc.*,
No. 18-cv-00193, 2019 WL 1231175 (N.D. Cal. Mar. 15, 2019).......................5

*Philco Investments, Ltd. v. Martin*,
No. 10-cv-02785, 2011 WL 4595247 (N.D. Cal. Oct. 4, 2011) ..........................2

*Prodanova v. H.C. Wainwright & Co., LLC*,
No. 17-cv-07926, 2018 WL 8017791 (C.D. Cal. Dec. 11, 2018)...............11, 14

*Skilstaf, Inc. v. CVS Caremark Corp.*,
669 F.3d 1005 (9th Cir. 2012)...........................................................................4

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001)..............................................................................2

*Steckman v. Hart Brewing Inc.*,
143 F.3d 1293 (9th Cir. 1998).............................................................................4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ...................................................................................1, 2, 3

*U.S. v. Perea-Rey*,
680 F.3d 1179 (9th Cir. 2012)...........................................................................17

*Wochos v. Tesla, Inc.*,
No. 17-cv-05828, 2019 WL 1332395 (N.D. Cal. Mar. 25, 2019),
*aff'd*, 985 F.3d 1180 (9th Cir. 2021) ................................................................11

*Young v. Ault*,
No. 2:18-cv-6587, 2019 WL 1718676 (C.D. Cal. Feb. 25, 2019) .......................4

**Rules**

Fed. R. Evid. 201 ....................................................................................2, 4, 10, 17

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

iv

**TO ALL THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Champignon Brands, Inc., n/k/a Braxia Scientific Corp., ("Braxia" or the "Company"), Gareth Birdsall, Matthew Fish, Stephen Brohman, and Roger McIntyre (collectively, "Defendants") respectfully request that the Court consider certain documents, which are incorporated by reference in the Amended Class Action Complaint for Violations of Federal Securities Laws ("Complaint" or "¶") and/or subject to judicial notice, in connection with Defendants' Motion to Dismiss Lead Plaintiff's Amended Complaint.[1]

## I.     INTRODUCTION

As set forth in greater detail in the Motion to Dismiss, the Complaint asserts securities fraud claims alleging that Defendants knowingly issued misstatements concerning the accounting treatment for certain of Braxia's acquisitions. In support of their motion, Defendants submit 29 exhibits – attached to the concurrently-filed Declaration of Jonathan A. Rotenberg (the "Rotenberg Declaration") – all of which are properly subject to judicial notice and the vast majority of which are incorporated by reference in the Complaint.

The Supreme Court has instructed that, in reviewing motions to dismiss in securities class actions, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added). Consideration of such documents is particularly important in the securities fraud context because

---

[1] All capitalized terms and abbreviations have the same meanings as in the concurrently-filed Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Lead Plaintiff's Amended Complaint ("Motion to Dismiss" or "Mot.").

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1

– as *Tellabs* instructs – in "determining whether the plaintiff has alleged facts that give rise to the requisite 'strong inference' of scienter, a court must consider plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff." *Id.* at 323-24.

The Ninth Circuit has further instructed that courts "need not … accept as true allegations that contradict matters properly subject to judicial notice." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014) (collecting cases).  Courts likewise "need not accept as true Plaintiffs' allegations … that are contradicted by" documents incorporated by reference.  *Philco Investments, Ltd. v. Martin*, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011).  Where facts and inferences drawn from these documents conflict with plaintiff's allegations, and the parties do not dispute their authenticity, the Court may consider this discrepancy in evaluating the Complaint.  *See, e.g.*, *Paddock v. Dreamworks Animation SKG, Inc.*, 2015 WL 12711653, at *5 n.4 (C.D. Cal. Apr. 1, 2015) (dismissing securities class action where plaintiffs misconstrued the allegedly false statements, which was "evident after an examination of the full statements made"), *aff'd sub nom.* 677 F. App'x 376 (9th Cir. 2017).[2]

Defendants respectfully request that the Court consider Exhibits C-O, R-U, X-Z, and AA to the Rotenberg Declaration under the incorporation by reference doctrine, and take judicial notice of all of the Rotenberg Declaration exhibits pursuant to Federal Rule of Evidence 201.  For the Court's convenience, a chart identifying the documents subject to this Request, and the reasons for their

---

[2] While application of the incorporation by reference and judicial notice doctrines was clarified in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), the principles set forth above remain unchanged.  *See In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("*Khoja* [] did not eradicate the rule that alleged false statements must be analyzed in context.").

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

2

consideration, is attached hereto as Appendix A.  As set forth below, the Court's consideration of these documents is necessary to provide important context to, among other things, the statements Defendants made and the accounting rules that Braxia is alleged to have violated.

## II.    LEGAL STANDARDS

When ruling on a motion to dismiss in a securities class action, "courts must consider the complaint in its entirety," including: (1) documents incorporated by reference, and (2) matters subject to judicial notice.  *Tellabs*, 551 U.S. at 322. "These are each distinct concepts" and should be analyzed separately.  *See City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1106 (E.D. Wash. 2013).

### A.    Incorporation by Reference

The incorporation by reference doctrine exists to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  Under that doctrine, courts may consider a document to be incorporated by reference "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Id.* (emphasis added) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  The incorporated documents are then treated "as though they are part of the complaint itself." *Id.*

Courts generally "may assume an incorporated document's contents are true for purposes of a motion to dismiss[.]" *Id.* at 1003 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties – and the Court – are free to refer to any of its contents.").  To the

*Katten*
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

3

extent an incorporated document contradicts plaintiff's conclusory allegations, courts need not accept those allegations as true. *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint").

## B. Judicial Notice

Federal Rule of Evidence 201(b) permits a court to take judicial notice of a fact "not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Young v. Ault*, 2019 WL 1718676, at *2-3 (C.D. Cal. Feb. 25, 2019) (taking judicial notice of 21 "SEC filings and the undisputed facts contained therein, as well as all matters of public record" (citing *Khoja*, 899 F.3d at 1002)). When evaluating securities fraud claims, "a court may take judicial notice: (1) of matters of public record, (2) that the market was aware of information contained in news articles, and (3) publicly accessible websites whose accuracy and authenticity are not subject to dispute." *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1008 (N.D. Cal. 2020) (citations omitted). Courts routinely take judicial notice of "publicly available financial documents such as SEC filings" and "publicly available articles or other news releases of which the market was aware." *See, e.g.*, *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) (noting that "SEC filings are routinely subject to judicial notice," even if the document was "not mentioned in the [Complaint], nor do plaintiff's claims necessarily depend on it"). Documents that are subject to judicial notice may be considered "without converting a motion to dismiss into a motion for summary judgment." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (citation and internal quotation marks omitted).

4

**III.   THE COURT SHOULD CONSIDER DOCUMENTS PLAINTIFF RELIES UPON TO BE INCORPORATED BY REFERENCE INTO THE COMPLAINT**

As noted above, when deciding a motion to dismiss in a securities class action, courts are entitled to examine the actual text of documents cited in the complaint, without having to rely solely on plaintiff's characterizations. *See Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 921 (N.D. Cal. 2017) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim." (citation and internal quotation marks omitted)). Here, the Court may consider Exhibits C-O, R-U, X-Z, and AA to the Rotenberg Declaration because their contents are referred to extensively in the Complaint and/or form the basis of Plaintiff's claims.[3]

**(1)   Documents containing Defendants' alleged misstatements and/or corrective disclosures (Exs. C-K, O, R)**. Courts routinely consider documents containing the alleged misstatements or corrective disclosures as being incorporated by reference into the complaint. *See, e.g.*, *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (incorporating by reference SEC filings and press releases containing alleged false statements and corrective disclosures); *In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (incorporating by reference SEC filings that were referenced "explicitly as the ground[s] for [the Company's] false statements and scienter" in the complaint). The documents that are alleged in the Complaint to have contained misstatements and/or corrective disclosures include:

---

[3] The Complaint states that its allegations are "based on" Plaintiff's review of "securities filings," "press releases," "media reports," and "other publicly available information concerning Champignon." (Complaint at 1). The vast majority of documents Defendants ask the Court to consider, as incorporated by reference, are these documents that Plaintiff admits his allegations are "based on."

5

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

- **Ex. C**, an MCR Braxia filed with SEDAR[4] on March 27, 2020 that annexed a press release, dated March 13, 2020, announcing Braxia's acquisition of AGL.  Plaintiff relies on, and extensively quotes, Ex. C in alleging that Defendants made false and misleading statements in the MCR and attached press release, and that they indicate Defendants' scienter. (*See* ¶¶ 29-30, 90-92.)  Defendants offer Ex. C so that the Court can consider the full context of the statements made therein. (*See* Mot. at 4, 6, 14-15.)

- **Ex. D**, an MCR Braxia filed with SEDAR on March 30, 2020 that annexed a press release, dated March 19, 2020, announcing Braxia's acquisition of Novo.  Plaintiff relies on, and extensively quotes, Ex. D in alleging that Defendants made false and misleading statements in the MCR and in the press release, and that they indicate Defendants' scienter. (*See* ¶¶ 31-32, 93-95.)  Defendants offer Ex. D so that the Court can consider the full context of the statements made therein. (*See* Mot. at 4, 6, 14-15.)

- **Ex. E**, an MCR Braxia filed with SEDAR on April 6, 2020 that annexed a press release, dated March 27, 2020, announcing Braxia's acquisition of Tassili.  Plaintiff relies on, and extensively quotes, Exhibit E in alleging that Defendants made false and misleading statements in the press release, and that it indicates Defendants' scienter.  (*See* ¶¶ 33-36, 38, 89, 92.)  Defendants offer Ex. E so that the Court can consider the full context of the statements made therein.  (*See* Mot. at 4, 6, 14-15.)

- **Ex. F**, an MCR Braxia filed with SEDAR on April 17, 2020 that annexed a press release, dated April 9, 2020 announcing Braxia's acquisition of AltMed.  Plaintiff relies on, and extensively quotes, Ex. F in alleging that Defendants made false and misleading statements in that press release, and that it indicates their scienter.  (*See* ¶¶ 39-42, 96-97.)  Defendants offer Ex. F so that the Court can consider the full context of the statements made therein.  (*See* Mot. at 4, 6, 14-15.)

- **Ex. G**, a press release Braxia issued on April 30, 2020 announcing that it had closed its acquisition of AltMed.  Plaintiff relies on, and extensively quotes, Exhibit G in alleging that Defendants made false and misleading

---

[4] SEDAR is the system used for electronically filing documents with the Canadian Securities Administrators ("CSA").  It is the Canadian equivalent of the EDGAR system in the United States.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE

statements in that press release, and that it indicates their scienter.  (*See* ¶¶ 43, 98-99.)  Defendants offer Ex. G so that the Court can consider the full context of the statements made therein.  (*See* Mot. at 6, 14-15.)

- **Ex. H**, an MCR Braxia filed with SEDAR on May 11, 2020 reporting that it had closed its acquisition of AltMed.  Plaintiff relies on, and extensively quotes, Ex. H in alleging that Defendants made false and misleading statements in that disclosure, and that it indicates their scienter.  (*See* ¶¶ 100-01.)  Defendants offer Ex. H so that the Court can consider the full context of the statements made therein.  (*See* Mot. at 4, 6, 14-15.)

- **Ex. I**, Braxia's Financial Statements and accompanying Certifications of Interim Filings, filed with SEDAR on May 29, 2020.  Plaintiff relies on, and extensively quotes, Ex. I in alleging that Defendants made false and misleading statements in that disclosure, and that it indicates their scienter.  (*See* ¶¶ 54-55, 59, 65, 69, 102-07.)  Defendants offer Ex. I so that the Court can consider the full context of the statements made therein.  (*See* Mot. at 4, 6, 17, 22.)

- **Ex. J**, Braxia's Management Discussion & Analysis ("MD&A") accompanying the Financial Statements that were filed with SEDAR on May 29, 2020.  Plaintiff relies on, and extensively quotes, Ex. J in alleging that Defendants made false and misleading statements in that disclosure, and that it indicates their scienter.  (*See* ¶¶ 55, 108-09.)  Defendants offer Ex. J so that the Court can consider the full context of the statements made therein.  (*See* Mot. at 3-4, 6.)

- **Ex. K**, a press release Braxia issued on June 22, 2020, titled "Champignon Announces Regulatory Review," announcing that the BCSC had initiated a continuous disclosure review of Braxia.  Plaintiff relies on, and extensively quotes, Ex. K in alleging that Defendants made false and misleading statements in that disclosure, that it indicates their scienter, and that it served as a partial corrective disclosure.  (*See* ¶¶ 73-74, 110-11, 116-17.)  Defendants offer Ex. K so that the Court can consider the full context of the alleged misstatements, and its relevance to Plaintiff's theory of loss causation.  (*See* Mot. at 4-6, 15, 24.)

- **Ex. O**, a press release Braxia issued on September 15, 2020, titled "Champignon Provides Update on Disclosure Review."  Plaintiff relies on, and extensively quotes, Ex. O in alleging that Defendants made false

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

and misleading statements in that disclosure, and that it indicates their scienter.  (*See* ¶¶ 73-74, 112-13.)  Defendants offer Ex. O so that the Court can consider the full context of the statements made therein.  (*See* Mot. at 5-6, 15.)

- **Ex. R**, a press release Braxia issued on February 17, 2021, titled "Champignon Brands to Restate Financial Statements and MD&A has Prepared CSE Listing Statement."  Plaintiff relies on, and extensively quotes, Ex. R in alleging that Defendants made false and misleading statements in that disclosure, that it indicates their scienter, and that it served as a partial corrective disclosure.  (*See* ¶¶ 77-78, 116, 119.) Defendants offer Ex. R so that the Court can consider the full context of the alleged misstatements, and its relevance to Plaintiff's theory of loss causation.  (*See* Mot. at 5-6, 23-25.)

**(2)     Documents containing Defendants' statements that Plaintiff relies upon for scienter (Exs. L-N, S-T, AA)**.  Courts also regularly consider, as being incorporated in the complaint, documents that plaintiffs rely upon to demonstrate defendants' scienter.  *See, e.g.*, *Hessefort v. Super Micro Computer, Inc.*, 2020 WL 1551140, at *5 (N.D. Cal. Mar. 23, 2020) (incorporating by reference financial statements containing "statements that Plaintiffs allege demonstrate scienter"); *Bolling v. Dendreon Corp.*, 2014 WL 2533323, at *8 (W.D. Wash. June 5, 2014) (incorporating by reference presentations of company's finances where the complaint "relie[d] heavily on quotations and other information from the[m] to demonstrate an inference of scienter").  Plaintiff extensively quotes several documents issued by Braxia that are relied upon in alleging Defendants' scienter:

- **Exs. L-N**, the BARs for AGL, Novo, and Tassili that Braxia filed with SEDAR on July 21, 2020.  Plaintiff relies on, and extensively quotes, Exs. L-N in demonstrating that Defendants were aware that Braxia had incorrectly accounted for intangible assets acquired from those entities.  (*See* ¶¶ 60-64, 66-68, 70-72.)  Defendants request that the Court consider Exs. L-N so that it can consider the full context of Braxia's statements in those BARs.  (*See* Mot. at 5, 24-25.)

- **Exs. S-T**, the Restatement and accompanying Restated MD&A Braxia filed with SEDAR on March 11, 2021.  Plaintiff relies on, and

8

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

extensively quotes, Exs. S and T in demonstrating that Defendants were aware that Braxia had misstated or omitted information from its original Financial Statements and accompanying MD&A concerning the accounting treatment of the Three Startups, and certain related-party transactions in connection with the Acquired Business. (*See* ¶¶ 80-87.)  Defendants request that the Court consider Exs. S-T so that it can consider the full context of Braxia's statements in those documents. (*See* Mot. at 5, 17, 19, 25.)

- **Ex. AA**, a printout from Braxia's "Frequently Asked Questions" webpage regarding the BCSC review.  Plaintiff relies on, and extensively quotes, the webpage in alleging that certain purported admissions concerning Defendants' resignations from the Company demonstrate Defendants' scienter. (*See* ¶ 129.)  Defendants request that the Court consider Ex. AA so that the Court can consider Braxia's full statements in that webpage, which Plaintiff incorrectly characterizes. (*See* Mot. at 20.)

    **(3)    International Accounting Standards (Ex. X-Z).**  In securities fraud cases premised on financial restatements, courts routinely consider accounting standards relied upon by plaintiffs as being incorporated by reference in the complaint. *See, e.g.*, *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 65 F. Supp. 3d 840, 848 (N.D. Cal. 2014) ("these accounting standards are incorporated by reference" because "Plaintiff's claims necessary rely on such standards"), *aff'd*, 856 F.3d 605 (9th Cir. 2017).  Plaintiff relies on the following accounting standards, included the International Financial Reporting Standards, to demonstrate that Defendants knowingly issued statements that violated applicable accounting rules:

- IAS 24 (Related Party Disclosures), contained in **Ex. X**, which Plaintiff quotes and discusses in alleging that Defendants knowingly issued statements that omitted certain related party transactions. (*See* ¶¶ 50-51.)  Defendants offer Ex. X so the Court can review the relevant provisions of IAS 24 in their entirety. (*See* Mot. at 18-19.)

9

- IAS 28 (Investments in Associates and Joint Ventures), contained in **Ex. Y**, which provides certain definitions that are directly incorporated into provisions of IAS 24 that Plaintiff relies upon, and extensively quotes, in alleging that Defendants knowingly issued statements that omitted certain related party transactions. (*See* ¶¶ 50-51.)  Defendants offer Ex. Y so the Court can review the relevant provisions of IAS 28 that are incorporated into the accounting standard – IAS 24 – upon which Plaintiff directly relies. (*See* Mot. at 19.)

- IAS 38 (Intangible Assets), contained in **Ex. Z**, which Plaintiff cites and discusses in alleging that Defendants knowingly failed to apply and comply with that accounting rule in issuing the Financial Statements. (*See* ¶ 48.)  Defendants offer Ex. Z so the Court can review the relevant provisions of IAS 38 in their entirety. (*See* Mot. at 17-18.)

**(4)  Braxia's historical stock trading prices (Ex. U).**  Finally, courts routinely consider companies' historical stock prices as being incorporated by reference when plaintiffs rely on them in pleading securities fraud claims.  *See, e.g.*, *In re PetroChina Co. Ltd. Sec. Litig.*, 120 F. Supp. 3d 340, 354 (S.D.N.Y. 2015) (considering "Bloomberg finance historical data containing the daily closing share price for [the company] during the class period" because the complaint "references this data").  Here, Plaintiff cites extensively to Braxia's historical stock prices at various points in time in alleging loss causation (*i.e.*, that Defendants' alleged misstatements caused his loss).  (*See, e.g.*, ¶¶ 56, 79, 118, 120.) Defendants offer Ex. U, a Bloomberg historical trading price chart, to show Braxia's stock prices on March 11 and 12, 2021 that bear on whether the alleged misrepresentations caused Plaintiff's loss.

## IV.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF SPECIFIC PORTIONS OF THE DOCUMENTS SUBMITTED BY DEFENDANTS

As noted above, even if a document is not referenced at all in the complaint, courts may, under Federal Rule of Evidence 201(b), take judicial notice of matters

10

"not subject to reasonable dispute" that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  The Ninth Circuit instructs that courts "need not 'accept as true allegations that contradict matters properly subject to judicial notice;' a party may not avoid dismissal by raising an unreasonable factual dispute."  *Golub v. Gigamon Inc.*, 2019 WL 4168948, at *6 (N.D. Cal. Sept. 3, 2019) (quoting *Sprewell*, 266 F.3d at 988).

District courts in the Ninth Circuit routinely take judicial notice of publicly-available documents in securities class actions for the "purpose of determining what representations [defendants] made to the market," *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *1-2 (N.D. Cal. Mar. 25, 2019), *aff'd*, 985 F.3d 1180 (9th Cir. 2021), and to identify what publicly-available information "the market was aware of." *Prodanova v. H.C. Wainwright & Co., LLC*, 2018 WL 8017791, at *3-5 (C.D. Cal. Dec. 11, 2018) (taking judicial notice for the purpose of "respon[ding] to Plaintiff's contention that Defendants concealed relevant information from the market").  Further, courts routinely take judicial notice of documents for background context and to inform the "chronology of events" relevant to the lawsuit. *See Olagues v. Musk*, 2019 WL 3457831, at *4 (N.D. Cal. July 31, 2019) (taking judicial notice of various documents "for the purpose of informing the Court of the chronology of events").

As discussed below, all of the exhibits should be considered by the Court on the independent ground that they are properly subject to judicial notice.  To aid in the Court's analysis, Defendants have marked each exhibit to identify the relevant facts contained therein that Defendants request this Court take judicial notice. *See Khoja*, 899 F.3d at 999 ("A court must [] consider – and identify – which fact or facts it is noticing").

**(1)    SEDAR Filings (Exs. B-O, R-T).**  Courts routinely take judicial notice of SEC filings even if they are not referenced in the complaint and/or are

11

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

outside of the putative class period.  *See Intel*, 2019 WL 1427660 at *7 (taking judicial notice of Form 10-K predating the putative class period that was "not mentioned in the [Complaint], nor do plaintiff's claims necessarily depend on it," and noting that "SEC filings are routinely subject to judicial notice"); *In re Aqua Metals, Inc. Sec. Litig*., 2019 WL 3817849 at *5 (N.D. Cal. Aug. 14, 2019) (taking judicial notice of numerous SEC filings).  SEDAR filings "are analogous and judicially noticeable in the same manner as SEC documents."  *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1158 (C.D. Cal. 2007) (taking judicial notice of documents filed with SEDAR); *see In re Miller Energy Res. Sec. Litig*., 2014 WL 415730, at *14 (E.D. Tenn. Feb. 4, 2014) ("SEDAR is the Canadian securities document database and thus, the Court may properly consider documents filed therein in ruling on a Rule 12(b)(6) motion.").

Defendants request that the Court take judicial notice of portions of Braxia's SEDAR filings (*see supra* at 7-9), the authenticity of which are not subject to reasonable dispute.  Defendants do not request that the Court take judicial notice them for their truth, but only to show that the statements therein were publicly made to the market.  The requested documents are:

- **Ex. B**, Braxia's Initial Public Offering Prospectus, dated February 5, 2020.  Defendants offer Ex. B for the limited purpose of demonstrating that Braxia included certain risk warnings therein to investors, prior to the putative class period, concerning its business and industry.  (*See* Mot. at 3.)

- **Exs. C-F, H** Braxia's MCRs, filed in March and April 2020, regarding the acquisitions of AGL, Novo, Tassili, and AltMed.  (*See supra* at 6-7.)  Defendants offer Exs. C, D, E, F, and H for the purpose of showing the public statements identified in those MCRs that Plaintiff alleges were false.  (*See* Mot. at 4, 6, 14-15.)

- **Ex. G**, Braxia's press release issued on April 30, 2020 announcing that its acquisition of AltMed had closed.  Defendants offer Ex. G to show the

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

12

public statements identified in those press releases that Plaintiff alleges were false. (*See* Mot. at 6, 14-15.)[5]

- **Ex. I**, Braxia's Financial Statements and accompanying Certifications of Interim Filings, which Defendants offer for the purpose of showing Braxia's disclosures concerning its accounting treatment of certain acquisitions that Plaintiff claims were false, and other disclosures relating to that topic. (*See* Mot. at 4, 6, 17, 22.)

- **Ex. J**, the MD&A accompanying Braxia's Financial Statements, which Defendants offer to show Braxia's public disclosures concerning certain related party transactions Plaintiff claims were false, and demonstrating that Braxia included certain risk warnings therein to investors, during the putative class period, concerning its business and industry. (*See* Mot. at 3-4, 6.)

- **Exs. L-N**, Braxia's BARs, dated July 21, 2020, concerning Braxia's acquisitions of AGL, Novo, and Tassili. Defendants offer Exs. L-N to demonstrate that Braxia's public disclosures concerning the accounting treatment of those acquisitions were made on the date in which the BARs were filed with SEDAR. (*See* Mot. at 5, 24-25.)

- **Exs. K, O, R**, Braxia's press releases issued on June 22, 2020, September 15, 2020, and February 17, 2020 concerning the BCSC review and/or Braxia's announcement that it would issue a restatement. (*See supra* at 7-8.) Defendants offer Exs. K, O, and R for the limited purpose of showing the public statements identified in those press releases that Plaintiff alleges were false or constituted corrective disclosures. (*See* Mot. at 4-6, 15, 24-25.)

- **Exs. S-T**, the Restatement and accompanying Restated MD&A (*see supra* at 8-9), dated March 11, 2021, which Defendants offer to show Braxia's publicly disclosed restatement of certain statements contained in the Financial Statements and accompanying MD&A that Plaintiff alleges were false or misleading. (*See* Mot. at 5, 17, 19, 25.)

---

[5] All of Braxia's press releases identified in this Request for Judicial Notice were filed with SEDAR. In all events, "[c]ourts in the Ninth Circuit routinely take judicial notice of press releases." *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012).

13

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE

**(2)    Public government documents (Exs. A, P, Q, CC).**   Defendants request that the Court take judicial notice of certain information published by government entities on official government websites.  "It is not uncommon for courts to take judicial notice of factual information found on the world wide web.  This is particularly true of information on government agency websites, which have often been treated as proper subjects for judicial notice."  *Prodanova*, 2018 WL 8017791 at \*4; *see also Diaz v. Intuit, Inc.*, 2018 WL 2215790, at \*3 (N.D. Cal. May 15, 2018) ("A court may take judicial notice of records and reports of administrative bodies.").  The requested documents are:

- **Ex. P**, which consists of two webpages published on the Department of Homeland Security's official website: (1) "Fact Sheet: DHS Measures on the Border to Limit the Further Spread of Coronavirus," published on October 19, 2020; and (2) "Frequently Asked Questions: Guidance for Travelers to Enter the U.S.," published on October 29, 2021.  Defendants request that the Court take judicial notice of certain travel restrictions implemented by the U.S. government to provide context concerning certain obstacles to trying this case in this District identified in the Motion to Dismiss.  (*See* Mot. at 10.)

- **Ex. A**, a report issued by the CSA on July 24, 2009, and published on the BCSC's official website, titled "Harmonized Continuous Disclosure Review Program [CSA Staff Notice]."  Defendants request that the Court take judicial notice, to provide context as to the BCSC review at issue in this case, of the fact that the CSA stated that an objective of the continuous disclosure review program was to educate issuers concerning their disclosure obligations.  (*See* Mot. at 23-24.)

- **Ex. Q**, excerpts from a report issued by the CSA and published on the British Columbia Securities Commission's official website, titled "CSA Multilateral Staff Notice 51-361 *Continuous Disclosure Review Program Activities for the fiscal years ended March 31, 2020 and March 31, 2019*," dated November 18, 2020.  To provide context as to the accounting rules at issue in this case, Defendants request that the Court take judicial notice of the fact that the CSA identified that compliance with IFRS accounting rules concerning recognition of intangible assets was a "common deficiency."  (*See* Mot. at 23-24.)

14

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

- **Ex. CC,** a Federal Judicial Caseload Statistics report published by the Administrative Office of the U.S. Courts showing federal civil caseload statistics, during the year ending March 31, 2020, for each U.S. District Court.  Defendants request that the Court take judicial notice of the fact, as identified in Ex. CC, that there were 16,450 civil case filings during the year ending March 31, 2020.  (*See* Mot. at 12.)

**(3)    International Accounting Standards (Exs. X-Z).**  "[J]udicial notice is appropriate for … accounting rules as they are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."  *Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *10 (C.D. Cal. Mar. 5, 2021) (collecting cases) (quotation marks and citation omitted).  Defendants request that this Court take judicial notice of the relevant provisions of IAS 24, 28, and 34, as contained in Exs. X-Z (*see supra* at 9-10), for the limited purpose of showing the accounting rules at issue in this case.  (*See* Mot. at 17-19.)

**(4)    Publicly available news article (Ex. W).**  Courts in the Ninth Circuit regularly take judicial notice of news articles published by reputable sources.  *See, e.g.*, *2Die4Kourt v. Hillair Cap. Mgmt., LLC*, 2016 WL 4487895, at *1 n.1 (C.D. Cal. Aug. 23, 2016) (taking judicial notice of "thirty-four news articles and social media posts"); *Intel*, 2019 WL 1427660 at *6, nn.8-9 (taking judicial notice of a New York Times news article).  Defendants request that the Court take judicial notice of certain foreign government-imposed travel restrictions identified in Ex. W, which is a news article published by The New York Times on November 28, 2021, titled "Japan bans all foreign travelers, and Australia delays its reopening."  Defendants offer Ex. W for the limited purpose of provide context concerning certain obstacles to trying this case in this District identified in the Motion to Dismiss.  (*See* Mot. at 10-11.)

**(5)    Publicly available website (Ex. AA).**  "[A] court may take judicial notice … publicly accessible websites whose accuracy and authenticity are not subject to dispute."  *Facebook*, 477 F. Supp. 3d at 1008-10 (taking judicial notice

**Katten**
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

15

of company's website); *see also, e.g.*, *Diaz*, 2018 WL 2215790, at *3 (taking judicial notice of Frequently Asked Questions webpage). Defendants ask the Court to take judicial notice of a "Frequently Asked Questions" webpage published on Braxia's website, contained in Ex. AA, for the limited purpose of showing statements made by Braxia (alleged in the Complaint) concerning the resignations of certain Braxia officers. (*See* Mot. at 20.)

**(6)** **The Complaint in the Canadian Class Action (Ex. V).** It is well-established that a court may take judicial notice of court filings in other actions because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014) (citation omitted) (taking judicial notice of court filings filed in a separate action). This is no less the case for litigation filings in foreign courts. *See, e.g.*, *Color Switch LLC v. Fortafy Games DMCC*, 377 F. Supp. 3d 1075, 1090 (E.D. Cal. 2019) (taking judicial notice of court documents in a litigation "currently pending before the Court of Dubai"), *aff'd*, 818 F. App'x 694 (9th Cir. 2020). Defendants request that the Court take judicial notice of the complaint filed in the Supreme Court of British Columbia, captioned *Liu v. Champignon Brands Inc., et. al*. and contained in Ex. V, for the limited purpose of showing that this lawsuit was filed and is pending. (*See* Mot. at 7.)

**(7)** **Braxia's historical stock trading price (Ex. U).** A company's "[s]tock price is public information 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned' and are the proper subject of judicial notice in a motion to dismiss." *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018) (citation omitted) (taking judicial notice of company's stock prices during putative class period); *Facebook*, 2019 WL 4674347 at *10 ("Information about the stock price of publicly traded companies [is] the proper subject of judicial notice." (citation omitted)).

Katten

KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

Defendants ask the Court to take judicial notice of Braxia's stock prices on March 11 and 12, 2021, as reflected in a Bloomberg historical trading price chart contained in Ex. U, for the limited purpose of demonstrating Braxia's stock price on those dates.  (*See* Mot. at 25.)

**(8)     Map showing distances from Plaintiff's residence (Ex. BB).**  "It is well established that a court may take judicial notice of a map and/or the distance between two points." *Eisenacher v. BMW of N. Am., LLC*, 2017 WL 1423702, at *3 n. 4 (C.D. Cal. Apr. 20, 2017) (citations omitted); *see U.S. v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012) (taking judicial notice of "a Google map and satellite image as a 'source[] whose accuracy cannot reasonably be questioned'" (citing Fed. R. Civ. P. 201(b)).  Defendants request that the Court take judicial notice of Google map printouts contained in Ex. BB for the limited purpose of showing the distances between (1) the county of Plaintiff's residence – Multnomah County, Oregon – and San Luis Obispo County, California (*i.e.*, the northernmost county contained in the Central District of California); and (2) Multnomah County, Oregon and Canada.  (*See* Mot. at 8.)

## V.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits C-O, R-T, U, X-Z, and AA to the Rotenberg Declaration under the incorporation by reference doctrine, and take judicial notice of all of the Rotenberg Declaration exhibits pursuant to Federal Rule of Evidence 201.  In compliance with the Ninth Circuit's guidance in *Khoja*, Defendants have identified the specific portions of the documents they are requesting the Court to consider by highlighting such portions in the versions of the documents attached to the Rotenberg Declaration.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE

Dated:  December 20, 2021          KATTEN MUCHIN ROSENMAN LLP

By:    /s/ Bruce G. Vanyo
Bruce G. Vanyo
bruce@katten.com
Deeksha Kohli
deeksha.kohli@katten.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone:  (310) 788-44
Facsimile:  (310) 788-4471

Jonathan A. Rotenberg (admitted *pro hac vice*)
jonathan.rotenberg@katten.com
Thomas M. Artaki (admitted *pro hac vice*)
thomas.artaki@katten.com
575 Madison Avenue
New York, NY 10022
Telephone:  (212) 940-8800
Facsimile:  (212) 940-8776

*Attorneys for Champignon Brands Inc. n/k/a Braxia Scientific Corp., Gareth Birdsall, Matthew Fish, Stephen Brohman, and Roger McIntyre*

18

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

# Appendix

## Bases for Court's Consideration of Rotenberg Declaration Exhibits

| Ex. | Description | Basis[6] | Compl. ¶ Cited |
|---|---|---|---|
| A | Report issued by the Canadian Securities Administrators, titled "Harmonized Continuous Disclosure Review Program [CSA Staff Notice]," dated July 24, 2009 | JN | |
| B | Excerpts from Braxia's Initial Public Offering Prospectus filed with SEDAR on February 5, 2020 | JN | |
| C | Material Change Report Braxia filed with SEDAR on March 27, 2020 annexing a press release, titled "Champignon Brands to Acquire Craft Mushroom Cultivator," dated March 13, 2020 | IBR; JN | 29-30, 90-92 |
| D | Material Change Report Braxia filed with SEDAR on March 30, 2020 annexing a press release, titled "Champignon Brands Expands Alternative Medicine IP Portfolio with Ketamine, Adaptogenic Delivery Systems/Formulations," dated March 19, 2020 | IBR; JN | 31-32, 93-95 |
| E | Material Change Report Braxia filed with SEDAR on April 6, 2020 annexing a press released, titled "Champignon Expands Preclinical Pipeline with Measured Psilocybin Dosages Studies at University of Miami," dated March, 27, 2020 | IBR; JN | 33-36, 38, 89, 92 |
| F | Material Change Report Braxia filed with SEDAR on April 17, 2020 annexing a press release, titled "Champignon to Acquire AltMed Capital Corp., Contributing Health Canada's Only Approved Psychedelic Medicine Clinic, SOPs for Clinical Expansion, Existing IP & Multiple Trials," dated April 9, 2020 | IBR; JN | 39-42, 96-97 |
| G | Press release issued by Braxia, titled "Champignon Ketamine Treatment to be Dispensed by Major Canadian Pharmacy Chain; Closes Altmed," dated April 30, 2020 | IBR; JN | 43, 98-99 |

[6] "IBR" refers to documents incorporated by reference. "JN" refers to documents subject to judicial notice.

19

| Ex. | Description | Basis[6] | Compl. ¶ Cited |
|---|---|---|---|
| H | Material Change Report Braxia filed with SEDAR on May 11, 2020 announcing that it had completed its acquisition of AltMed | IBR; JN | 100-01 |
| I | Braxia's Condensed Interim Unaudited Financial Statements for the Six-Month Period Ended March 31, 2020, and the accompanying Certifications of Interim Filings, filed with SEDAR May 29, 2020 | IBR; JN | 54-55, 59, 65, 69, 102-07 |
| J | Braxia's Management Discussion & Analysis accompanying the Financial Statements, filed with SEDAR on May 29, 2020 | IBR; JN | 55, 108-09 |
| K | Press release issued by Braxia, titled "Champignon Announces Regulatory Review," dated June 22, 2020 | IBR; JN | 73-74, 110-11, 116-17 |
| L | Business Acquisition Report for AGL that Braxia filed with SEDAR on July 21, 2020 | IBR; JN | 60-64 |
| M | Business Acquisition Report for Novo that Braxia filed with SEDAR on July 21, 2020 | IBR; JN | 66-68 |
| N | Business Acquisition Report for Tassili that Braxia filed with SEDAR on July 21, 2020 | IBR; JN | 70-72 |
| O | Press release issued by Braxia, titled "Champignon Provides Update on Disclosure Review," dated September 15, 2020 | IBR; JN | 73-74, 112-13 |
| P | Webpages published by the Department of Homeland Security: (1) "Fact Sheet: DHS Measures on the Border to Limit the Further Spread of Coronavirus," originally published on March 23, 2020; and (2) "Frequently Asked Questions: Guidance for Travelers to Enter the U.S.," originally published on October 29, 2021 | JN | |
| Q | Excerpts from a report issued by the Canadian Securities Administrators, titled "CSA Multilateral Staff Notice 51-361 *Continuous Disclosure Review Program Activities for the fiscal years ended March 31, 2020 and March 31, 2019*," dated November 18, 2020 | JN | |
| R | Press release issued by Braxia, titled "Champignon Brands to Restate Financial Statements and MD&A has Prepared CSE Listing Statement," dated February 17, 2021 | IBR; JN | 77-78, 116, 119 |

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

20

| Ex. | Description | Basis[6] | Compl. ¶ Cited |
|---|---|---|---|
| S | Braxia's Restated Condensed Interim Unaudited Financial Statements for the Six-Month Period Ended March 31, 2020, filed with SEDAR on March 11, 2021 | IBR; JN | 80-87 |
| T | Braxia's Restated Management Discussion & Analysis accompanying the Restatement, filed with SEDAR on March 11, 2021 | IBR; JN | 80, 87 |
| U | Historical stock price chart generated by Bloomberg showing Braxia's stock prices on March 11 and 12, 2021 | IBR; JN | 56, 79, 118, 120 |
| V | Complaint, dated April 20, 2021, filed in the action captioned *Liu v. Champignon Brands Inc., et. al.* in the Supreme Court of British Columbia | JN | |
| W | News article published by The New York Times on November, 28, 2021, titled "Japan bans all foreign travelers, and Australia delays its reopening" | JN | |
| X | International Accounting Standard 24 (Related Party Disclosures) | IBR; JN | 50-51 |
| Y | International Accounting Standard 28 (Investments in Associates and Joint Ventures) | IBR; JN | 50-51 |
| Z | International Accounting Standard 38 (Intangible Assets) | IBR; JN | 48 |
| AA | "Frequently Asked Questions" webpage published on Braxia's website | IBR; JN | 129 |
| BB | Maps generated by Google Maps showing the distances between (1) the northern border of San Luis Obispo County, California and the southern border of Multnomah County, Oregon; and (2) the northern border of Multnomah County, Oregon and the southern border of Canada | JN | |
| CC | Federal Judicial Caseload Statistics report published by the Administrative Office of the U.S. Courts showing civil caseload statistics for each U.S. District Court during the year ending March 31, 2020 | JN | |

21

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE**

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax