Bruce G. Vanyo (SBN 60134)
bruce@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: (310) 788-4400
Facsimile: (310) 788-4471

[Additional Counsel on Signature Page]

*Counsel for Defendant Champignon
Brands Inc. n/k/a Braxia Scientific Corp.,
Gareth Birdsall, Matthew Fish,
Stephen Brohman, and Roger McIntyre*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY N. SCHNEIDER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHAMPIGNON BRANDS INC., GARETH BIRDSALL, and MATTHEW FISH,<br><br>Defendants. | Case No. 2:21-cv-03120-JVS-KES<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO VACATE IN PART THE COURT'S ORDER DATED SEPTEMBER 14, 2022**<br><br>Judge: Hon. James V. Selna<br>Courtroom: 10C<br>Date: October 24, 2022<br>Time: 1:30pm |

*(margin, vertical)* Katten KattenMuchinRosenman LLP 2029 Century Park East, Suite 2600 Los Angeles, CA 90067-3012 310.788.4400 tel 310.788.4471 fax

DEFENDANTS' UNOPPOSED MOTION TO VACATE IN PART THE COURT'S ORDER DATED SEPTEMBER 14, 2022

## I.   INTRODUCTION

Defendants Champignon Brands, Inc., n/k/a Braxia Scientific Corp., ("Braxia"), Gareth Birdsall, Matthew Fish, Stephen Brohman, and Roger McIntyre respectfully submit this Memorandum of Points and Authorities in support of Defendants' Unopposed Motion to Vacate in Part the Court's Order Clarifying Attorneys' Fees in Settlement Agreement, dated September 14, 2022 (the "Order," Dkt. No. 74), insofar as it would hold Lead Plaintiff's pending Unopposed Motion for (I) Preliminary Approval of Class Action Settlement, (II) Certification of the Settlement Class, and (III) Approval of Notice to the Settlement Class (Dkt. No. 63, "Motion for Preliminary Approval"), in abeyance pending the determination of the amount of any award of attorneys' fees to Lead Counsel.

## II.   ARGUMENT

### A.   The Court's Order

The Order states that "the Settlement Agreement allocates an amount not to exceed 33 1/3% of the Settlement Fund … to attorneys' fees" (Order at 1 (citing Dkt. 65-1 at 3)) and that the Court cannot evaluate the overall fairness of the Settlement Agreement for purposes of preliminary approval "without a more definite statement of the attorneys' fees to be requested and awarded." On this basis, the Order (1) directs Lead Counsel to submit a motion on attorneys' fees along with evidence supporting the request within ten days of the Order; and (2) holds in abeyance the Motion for Preliminary Approval. Defendants take no position on the timing of Lead Counsel's motion for attorneys' fees. Nevertheless, for the reasons discussed below, Defendants respectfully submit that any fee award for Lead Counsel should be determined in conjunction with the final approval of the settlement and that

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1

preliminary approval of the settlement should not be held in abeyance pending resolution of that issue.

### B. The Settlement Agreement Does Not Allocate Any Award of Attorneys' Fees to Lead Counsel.

As noted above, the Court's Order appears to be based upon the understanding that the "proposed Settlement Agreement allocates an amount not to exceed 33 1/3% of the Settlement Fund … to attorneys' fees." (Order at 1 (citing Docket No. 65-1 at 3)). While the proposed shareholder notices accompanying the Motion for Preliminary Approval[1] disclose that Lead Counsel may apply for attorneys' fees in an amount not to exceed 33 1/3% of the Settlement Fund, the Settlement Agreement does not allocate any specific amount of the Settlement Fund to attorneys' fees and, indeed, expressly states that:

> An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

(Dkt. No. 65-1, Ex. 1 at ¶17).

The amount of any fee award to Lead Counsel is thus not a material term (or even immaterial term) of the Settlement Agreement.

### C. The Court's Determination on Attorneys' Fees Should be Decided in Conjunction with Final Approval of the Settlement.

Because the attorneys' fees amount is not a material term of the settlement, the Court need not hold the settlement in abeyance while it resolves the issue. Rather, the fee amount should be decided in conjunction with the final approval of the

---

[1] Docket No. 65-1 is a composite exhibit, which includes the Settlement Agreement and various ancillary documents. The Court's cite to 65-1 at 3 appears to be to page 3 of the proposed long form shareholder notice included in that exhibit (page 59 in the PDF pages in that exhibit) rather than the Settlement Agreement.

2

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

settlement. This is consistent with the approach commonly taken by the Courts in this Circuit, which routinely grant preliminary approval of settlements and set the deadlines for the issuing of shareholder notices and the service of any objections, prior to lead counsel's motion for attorneys' fees and the court's final decision on a fee calculation method or award. *See, e.g., Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1004 (9th Cir. 2002) (discussing motion for attorneys' fees filed *after* district court's preliminary approval of a settlement); *Jimenez v. Allstate Ins. Co.*, No. LA CV10-08486 (JAK) (FFMx), 2021 WL 4316961, at *9 (C.D. Cal. Sept. 16, 2021) ("The Preliminary Approval Order stated that the reasonableness of the proposed award of attorney's fees would be addressed *de novo* in connection with the Final Approval Motion."); *Garcia v. Praxair, Inc.*, No. LA CV18-08170 (JAK) (AFMx), 2021 WL 1947237, at *1 (C.D. Cal. May 14, 2021) ("[T]he Preliminary Approval Motion was granted… conditional on *de novo* review of the request for attorney's fees and costs in connection with the anticipated motion for final approval of the settlement."); *Gutierrez v. Stericycle, Inc.*, No. LA CV15-08187 (JAK) (JEMx), 2019 WL 12470143, at *1 (C.D. Cal. Mar. 22, 2019) ("The Preliminary Approval Order deferred a decision on the appropriateness of the attorney's fees until the Final Fairness hearing… to permit the review of further evidence from Class Counsel and any responses from members of the Class in response to the notice that followed the Preliminary Approval Order."); *Moss v. USF Reddaway, Inc.*, No. ED CV15-01541 (JAK) (FFMx), 2018 WL 5099632, at *1 (C.D. Cal. July 25, 2018) ("The Preliminary Approval Order deferred a ruling on attorney's fees until the consideration of a motion for final approval."); *Shiferaw v. Sunrise Senior Living Mgmt., Inc.*, No. LA CV13-02171 (JAK) (PLAx), 2017 WL 11681045, at *1 (C.D. Cal. July 17, 2017) ("[P]reliminary approval was granted of a proposed classwide settlement. That Order… deferred a final ruling on attorney's fees pending consideration of the Motion for Final Approval."); *In re OSI Sys., Inc. Derivative Litig.*, No. CV-14 2910 (MWF) (MRWx), 2017 WL 5634607, at *3 (C.D. Cal. Jan.

Katten

KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

3

24, 2017) (granting motion for preliminary approval of shareholder derivative suit settlement and scheduling final settlement hearing to "consider whether Plaintiffs' application for the Fee and Expense Award and Service Awards should be approved"); *Gudimetla v. Ambow Educ. Holding*, No. CV-12 5062 (PSG) (AJWx), 2014 WL 12594458, at *7 (C.D. Cal. Dec. 2, 2014) (granting motion for preliminary approval of securities class action settlement and ordering plaintiffs to file a motion for attorneys' fees 30 days before final fairness hearing); *Ansell v. Laikin*, No. CV 10-9292 (PA) (AGRx), 2012 WL 13034812, at *2 (C.D. Cal. July 11, 2012) (analyzing plaintiffs' motion for attorneys' fees in connection with motion for final approval of securities class action settlement).

## III.  CONCLUSION

Accordingly, Defendants respectfully request that the Court vacate the Order to the extent that it holds the Motion for Preliminary Approval in abeyance pending the determination of any attorneys' fee award to Lead Counsel.

**Katten**
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

4

DATED:  September 23, 2022          KATTEN MUCHIN ROSENMAN LLP


By:   */s/ Bruce G. Vanyo*
Bruce G. Vanyo
Email:  bruce@katten.com
2029 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone:  (310) 788-4400
Facsimile:  (310) 788-4471

Jonathan A. Rotenberg (admitted *pro hac vice*)
Email: jonathan.rotenberg@katten.com
50 Rockefeller Plaza
New York, NY 10020
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

*Counsel for Defendants Champignon
Brands Inc. n/k/a Braxia Scientific Corp.,
Gareth Birdsall, Matthew Fish,
Stephen Brohman, and Roger McIntyre*

5

DEFENDANTS' UNOPPOSED MOTION TO VACATE IN PART THE COURT'S ORDER DATED SEPTEMBER 14, 2022

154444948v1