Robert V. Prongay (SBN 270796)
Casey E. Sadler (SBN 274241)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
Email: csadler@glancylaw.com

*Counsel for Lead Plaintiff Michael G.*
*Quinn and Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY N. SCHNEIDER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHAMPIGNON BRANDS INC., GARETH BIRDSALL, and MATTHEW FISH,<br><br>Defendants. | Case No. 2:21-cv-03120-JVS-KES<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   February 27, 2023<br>Time:   1:30 p.m.<br>Crtm:   10C<br>Judge:   James V. Selna |

Court-appointed Lead Plaintiff Michael G. Quinn ("Lead Plaintiff") respectfully submits this memorandum in further support of Lead Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 90, the "Final Approval Motion").[1] This memorandum updates the Court on the status of the notice program and the Settlement Class's reaction thereto, including that there have been no objections to the Settlement, Plan of Allocation, or request for attorneys' fees and reimbursement of Litigation Expenses, and not a single Settlement Class Member has requested exclusion.

## I. THE SETTLEMENT CLASS'S REACTION WAS UNIVERSALLY POSITIVE AND SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION, AS WELL AS THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

### A. The Court-Approved Notice Program

Pursuant to the Court's November 4, 2022 Preliminary Approval Order, 37,481 potential Settlement Class Members and their nominees were notified by either the Postcard Notice or an email with a link to the Notice and Claim Form. *See* Supplemental Declaration of Margery Craig Concerning: (A) Mailing of the Postcard Notice; and (B) Report on Requests for Exclusion and Objections ("Supp. Craig Decl."), ¶4. The Postcard Notice directed potential Settlement Class Members to downloadable versions of the Notice and Claim Form posted online at www.strategicclaims.net/braxia/ (the "Settlement Webpage").[2] The Notice advised

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated April 6, 2022 (ECF No. 65-1, the "Stipulation").

[2] The Settlement Webpage became operational on or about November 18, 2022, and is accessible 24-hours-a-day, seven-days-a-week, and its address is set forth in the Postcard Notice, Notice, and Summary Notice. *See* Declaration of Margery Craig Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections (ECF No. 89-4, the "Mailing Decl."), at ¶12, and Exs. A, B, and D. In addition to providing access to downloadable versions of the Notice and Claim Form, potential Settlement Class (footnote continued)

Settlement Class Members of the Settlement, the Plan of Allocation, and the request for an award of attorneys' fees and reimbursement of Litigation Expenses. *See* Mailing Decl., Ex. B. The Notice further advised the Settlement Class that February 6, 2023 was the deadline for: (1) requesting exclusion from the Settlement Class; and (2) filing an objection to the Settlement, Plan of Allocation, and/or the request for an award of attorneys' fees and reimbursement of Litigation Expenses.[3] *Id.*

On January 20, 2023, Lead Plaintiff filed the Final Approval Motion. Included with the filing was a declaration from the Claims Administrator explaining the Notice program as of the date of the Final Approval Motion. These papers are available on the Court's public docket and were posted on the Settlement Webpage. *See* ECF Nos. 89-90; Supp. Craig Decl., ¶6.

Following this extensive notice program, not a single Settlement Class Member requested exclusion from the Settlement Class, or objected to the Settlement, the Plan of Allocation, the request for attorneys' fees and reimbursement of expenses, or Lead Plaintiff's request to be reimbursed for his work litigating the Action. *See* Suppl. Craig Decl. at ¶¶7-8.

**B.    The Settlement Class's Reaction Supports Approval Of The Settlement, Plan Of Allocation, And Lead Counsel's Requested Fees And Litigation Expenses**

In this Circuit, "the reaction of the class members to the proposed settlement" is one of the factors to consider in analyzing whether a settlement is fair, reasonable, and adequate. *See, e.g.*, *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th

---

Members can view or download the Stipulation, the Preliminary Approval Findings, and the Preliminary Approval Order. *Id.* at ¶12.

[3] The February 6, 2023 deadline to object or request exclusion was also included in the Postcard Notice and the Summary Notice. *See* Mailing Decl., Exs. A and D.  On December 14, 2022, the Summary Notice was published electronically over *Globe Newswire*. *Id.* at ¶10.

Cir. 1998);[4] *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (same). "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomm's Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004); *see also Ching v. Siemens Indus., Inc*., 2014 WL 2926210, at *6 (N.D. Cal. June 27, 2014) ("the Court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.").

Here, the lack of a single objection or request for exclusion to the Settlement demonstrates that the proposed Settlement is fundamentally fair, reasonable, and adequate. *See, e.g.*, *In re Apollo Grp. Inc. Sec. Litig.*, 2012 WL 1378677, at *3 (D. Ariz. Apr. 20, 2012) ("There have been no objections from Class Members or potential class members, which itself is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate."); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."); *In re Heritage Bond Litig.*, 2005 WL 1594403, at *10 (C.D. Cal. June 10, 2005) ("The Court finds the lack of class members that have manifested any disapproval of the Settlement further demonstrates the fairness, adequacy and reasonableness of the Settlement.").

The Settlement Class's positive reaction also supports approval of the Plan of Allocation. *See Mauss v. NuVasive, Inc.*, 2018 WL 6421623, at *4 (S.D. Cal. Dec. 6, 2018) (concluding that the proposed plan of allocation was fair and reasonable after noting "[t]he Plan of Allocation was described in detail in the notice and no class member objected."); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2019 WL 2077847, at *3 (N.D. Cal. May 10, 2019) (finding only

---

[4] Unless otherwise noted, all internal quotations and citations are omitted.

one objection and 16 opt outs "supports [conclusion] that the settlement and plan of allocation are fair, reasonable, and adequate.").

Finally, the universally favorable reaction of the Settlement Class also supports Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses, including that Lead Plaintiff be reimbursed for the costs incurred as a direct result of his representation of the Settlement Class pursuant to the Private Securities Litigation Reform Act. *See Omnivision*, 559 F. Supp. 2d at 1048 ("The reaction of the class may also be a determining factor in [] determining the fee award."). Moreover, the absence of any objections from Settlement Class Members to Lead Counsel's requested fee award and expenses supports a finding that the request is fair and reasonable. *See Waldbuesser v. Northrop Grumman Corp.*, 2017 WL 9614818, at *5 (C.D. Cal. Oct. 24, 2017) (finding receipt of only two objections to fee request, after mailing 210,000 notices, was "remarkably small given the wide dissemination of notice," and "conclud[ing] that the lack of significant objections to the requested fees justifies an award of one-third of the settlement fund."); *Cheng Jiangchen v. Rentech, Inc.*, 2019 WL 5173771, at *9-10 (C.D. Cal. Oct. 10, 2019) (noting "that there have been no objections filed to the requested attorney's fees ... also supports granting the requested fees" of 33⅓% of $2,050,000 settlement fund); *Omnivision*, 559 F. Supp. 2d at 1049 (awarding lead plaintiffs $29,913.80 from the settlement fund for reimbursement of their costs and expenses (including lost wages) where class members were provided notice and "no one objected.").[5]

---

[5] *See also Heritage Bond*, 2005 WL 1594403, at *10, *21 (where notice was disseminated to thousands of potential class members, "the lack of significant objections to the requested fees justifies an award of one-third of the Settlement Fund."); *Patel v. Axesstel, Inc.*, 2015 WL 6458073, at *9 (S.D. Cal. Oct. 23, 2015) (finding a $3,000 award to lead plaintiff reasonable and noting "the lack of any objection from the class members."); *In re K12 Inc. Sec. Litig.*, 2019 WL 3766420, at *1 (N.D. Cal. Oct. 10, 2019) (awarding 33% of $3.5 million settlement fund where "[t]here were no objections to the requested attorneys' fees and expenses.").

## II.    CONCLUSION

Based on the foregoing and the entire record herein, Lead Plaintiff and Lead Counsel respectfully request that the Court: (1) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class; (2) award attorneys' fees to Lead Counsel in the amount of 25% of the Settlement Fund, together with expenses in the amount of $23,953.30; and (3) grant the request of $1,000 for Lead Plaintiff for reimbursement of the costs incurred as a direct result of his representation of the Settlement Class.

DATED:  February 17, 2023                    **GLANCY PRONGAY & MURRAY LLP**

By: */s/ Casey E. Sadler*
Robert V. Prongay
Casey E. Sadler
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
csadler@glancylaw.com

*Counsel for Lead Plaintiff Michael G. Quinn and Lead Counsel for the Class*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On February 17, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 17, 2023, at Los Angeles, California.

*/s/ Casey E. Sadler*
Casey E. Sadler