Robert V. Prongay (SBN 270796)
Casey E. Sadler (SBN 274241)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
Email: csadler@glancylaw.com

*Counsel for Lead Plaintiff Michael G. Quinn and Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY N. SCHNEIDER, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CHAMPIGNON BRANDS INC., GARETH BIRDSALL, and MATTHEW FISH, <br><br> Defendants. | Case No. 2:21-cv-03120-JVS-KES <br><br> **DECLARATION OF MARGERY CRAIG CONCERNING THE RESULTS OF THE CLAIMS ADMINISTRATION PROCESS** <br><br> Judge:   Hon. James V. Selna |

DECLARATION OF MARGERY CRAIG

I, Margery Craig, declare as follows:

1.    I am a Project Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.[1]   I am over 21 years of age and am not a party to the above captioned action (the "Action").  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto.

2.    Pursuant to the Court's November 4, 2022, Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 88) (the "Preliminary Approval Order"), SCS was retained to serve as the Claims Administrator in connection with the Settlement of the Action.  The Court entered the Judgment Approving Class Action Settlement on March 2, 2023 (ECF No. 96) (the "Final Approval Order"), granting final approval of the Settlement; and (b) the Order Approving Plan of Allocation of Net Settlement Fund (ECF No. 95) (the "Plan of Allocation Order").  Pursuant to the Settlement, $1,000,000.00 in cash was deposited into an interest-bearing escrow account for the Settlement Class's benefit.  The Effective Date of the Settlement has occurred, and the Net Settlement Fund may be distributed to Authorized Claimants pursuant to Order of this Court.  *See* Stipulation, ¶¶10, 27, 32.

3.    SCS has completed processing all Claim Forms (hereinafter referred to as "claims") received through August 30, 2024,[2] in accordance with the terms of the

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated April 6, 2022 (ECF No. 65-1) (the "Stipulation").

[2] Claims are often received after the claims filing deadline.  However, in order to effectuate the Plan of Allocation, which provides for a *pro rata* distribution, and to efficiently process the claims, there must be a final cut-off date.  Through August 30, 2024, SCS has received 89 claims that were postmarked after the March 30, 2023, claim submission deadline established by the Court.

Stipulation and the Court-approved Plan of Allocation set forth in the Notice, and hereby submits its administrative determinations accepting and rejecting the claims in preparation for a distribution of the Net Settlement Fund to Authorized Claimants. SCS also presents this declaration in support of Lead Plaintiff's Unopposed Motion for Class Distribution Order.

## UPDATE ON THE NOTIFICATION PROCESS

4.    As more fully described in the Declaration of Margery Craig Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections, dated January 20, 2023 (ECF No. 89-4) (the "Initial Mailing Declaration"), SCS mailed or emailed 1,753 letters to the Nominee Account Holders and Institutional Groups contained on SCS's master mailing list.  *See* Initial Mailing Decl. at ¶5.

5.    As noted in the Supplemental Declaration of Margery Craig Concerning: (A) Mailing of the Postcard Notice; and (B) Report on Requests for Exclusion and Objections, dated February 16, 2023 (ECF No. 92-1) (the "Supplemental Mailing Declaration"), 37,481 potential Settlement Class Members were either mailed a Postcard Notice or sent an email containing a direct link to the Notice and Claim Form. *See* Supplemental Mailing Decl. at ¶4.  Since the execution of the Supplemental Mailing Declaration, no additional Postcard Notices have been requested or emails sent containing a direct link to the Notice and Claim Form.

6.    The Initial and Supplemental Mailing Declarations noted that SCS maintains a toll-free telephone helpline (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement.  SCS also established a webpage on its website for the Settlement, www.strategicclaims.net/Braxia/, on November 18, 2022.  *See* Initial Mailing Decl. at ¶¶11-12; Suppl. Mailing Decl. at ¶¶5-6.  SCS continues to maintain the webpage and update it as required.  To date, the webpage has received 23,725 pageviews from 3,663 unique users.

7.     In accordance with Paragraph 7(d) of the Preliminary Approval Order, on December 14, 2022, SCS caused the Summary Notice to be transmitted once over *Globe Newswire*. *See* Initial Mailing Decl. at ¶10.

## CLAIMS PROCESSING PROCEDURES

8.     Under the terms of the Preliminary Approval Order and as set forth in the Notice, each Settlement Class Member who wished to be eligible to receive a distribution from the Net Settlement Fund was required to complete and submit to SCS a properly executed Claim Form postmarked or submitted online by March 30, 2023, together with adequate supporting documentation form the transactions and holdings reported in the claim.

9.     In preparation for receiving and processing claims, SCS: (a) conferred with Lead Counsel to define the guidelines for processing claims; (b) created a unique database to store claim details, claim images, and supporting documentation (the "Settlement Database"); (c) trained staff on the Court-approved Plan of Allocation specifics so that claims would be properly processed; (d) formulated a system to properly respond to telephone and email inquiries; (e) developed various computer programs and screens for entering Settlement Class Members' identifying information and transaction data; and (f) developed a proprietary "calculation module" that calculated each Settlement Class Member's Recognized Losses pursuant to the Court-approved Plan of Allocation stated in the Notice.

10.     Each claim was assigned a unique claim number. Once scanned, the information from each claim (including the Claimant's name, address, account number/information from his, her, or its supporting documentation, and the Claimant's purchase/acquisition transactions, sale transactions, and holdings listed on the claim) was entered into Settlement Database. Once entered into the Settlement Database, claims were reviewed to verify that all required information had been provided. The documentation provided by the Claimant in support of his, her, or its claim was

reviewed for authenticity and compared to the information provided in the claim to verify the Claimant's identity and the purchase/acquisition transactions, sale transactions, and holdings listed on the claim.

11.     To process transactions detailed in the claims, SCS utilizes the Settlement Database to classify whether a claim was deficient, partially accepted, or ineligible to participate in the Settlement.  For example, where a claim was submitted by a Claimant who did not have any eligible transactions in Champignon Brands Inc. n/k/a Braxia Scientific Corp. ("Braxia") common stock during the Settlement Class Period (*e.g.*, the Claimant purchased Braxia common stock after the Settlement Class Period), that claim would be classified in our system as ineligible with the reason such as "Purchased Out" of the Settlement Class Period.

12.     If claims were determined to be defective, a deficiency notice ("Deficiency Notice") was sent to Claimants describing the defect(s) in the claims and what was necessary to cure the defect(s) in these claims.  The Deficiency Notice advised Claimants that submission of appropriate information and/or documentary evidence to complete the claim had to be sent within twenty (20) calendar days from the date of the Deficiency Notice or the claim would be recommended for rejection to the extent that the deficiency or condition of ineligibility was not cured.

13.     Of the 917 paper and online claims submitted, SCS sent Deficiency Notices to a total of 128 Claimants (*i.e.*, approximately 14%) whose claims SCS determined to be defective. Approximately 7 of the 177 electronically filed claims ("Electronic claims")[3] (*i.e.,* (approximately 4%) were incomplete or had one or more

---

[3] Electronic claim filers are typically banks, nominees, and other third-party filers who file claims on behalf of numerous Claimants and may have hundreds or thousands of transactions during the Settlement Class Period.  Rather than provide reams of paper requiring data entry, Electronic claim filers are given the opportunity to submit a master claim form and an electronic file containing all the transactions of the Claimants on whose behalf the Electronic claim filer is submitting a claim.  Electronic

DECLARATION OF MARGERY CRAIG
4

defects or conditions of ineligibility.  These 7 deficient Electronic claims were filed by one unique nominee. SCS sent a Deficiency Notice to the filer informing them of the 7 Electronic claims that SCS determined to be defective.  An example of a Deficiency Notice is attached to this declaration as **Exhibit A**.

14.    Claimants' responses to Deficiency Notices were scanned and associated with the corresponding claims for the case.  The responses were then carefully reviewed and evaluated by SCS's team of processors.  If a Claimant's response corrected the defect(s), SCS updated the Settlement Database through the calculation program to reflect the changes in the claim's status.

15.    SCS sent a rejection notice to those that did not respond to the Deficiency Notice or responded with inadequate documentation. The Rejection Notice advised Claimants that submission of appropriate information and/or documentary evidence to complete the claim had to be sent within twenty (20) calendar days from the date of the Rejection Notice and that to contest these administrative determinations, they were required to submit written statements to SCS requesting Court review of their claims and setting forth the basis for such requests.  As discussed below, one Claimant has requested Court review of SCS's recommendation that the Court reject the claim. *See*, *infra*, paragraphs 19.c.i. and 20.

### QUALITY ASSURANCE

16.    An integral part of the claim's administration process is the quality assurance review.  Throughout the administration process, SCS's personnel worked to verify that claims were processed properly by ensuring that information was entered correctly into the database, deficiency and/or rejection reasons were accurately assigned, and deficiency and/or rejection notification letters were sent appropriately.

---

claim filers either mail a computer disc or electronically submit a file to SCS so that SCS may electronically upload all transactions to the Settlement Database developed for this case.

After all claims were processed, deficiency and/or rejection letters were mailed, and Claimant's responses to the deficiency and/or rejection letters were reviewed and processed, SCS personnel performed additional quality assurance reviews. These final quality assurance reviews further ensured the correctness and completeness of all claims processed prior to preparing this declaration and all SCS final documents in support of distribution of the Net Settlement Fund. As part of the quality assurance review, SCS:

a. Performed a review of the claims submitted for duplicate claims based on social security number, tax identification number, and/or account number and made sure duplicate claims were rejected;

b. Performed a secondary review of all large valid claims and the large majority of all other valid claims;

c. Verified that persons and entities excluded from the Settlement Class by definition did not submit claims and if they did, their claims were rejected upon review;

d. Performed a secondary review of rejected/ineligible claims; and

e. Reviewed and resolved any transactions where trading prices on the claim forms were not within daily price ranges.

17. As part of its due diligence in processing the Claims, SCS reviewed and compared the entire database for the Settlement against the "watch list" of known questionable filers that SCS has developed throughout its years of experiences as a Claims Administrator. SCS has worked closely with law enforcement agencies to update that watch list with the latest available information. SCS performs searches based on names, aliases, and social security/tax identification numbers. In addition, SCS's claim processors are trained to identify any potentially inauthentic documentation when processing claims, including claims submitted by Claimants not previously captured in the "watch list." Processors are instructed to update the

database on any claim that matches to a record on the "watch list" and escalate them to management for review. SCS's fraud protection procedures identified no potentially fraudulent claimants.

## STATUS OF CLAIMS SUBMITTED AND PROCESSED

18.     There have been a total of 1,094 claims submitted in connection with this Settlement.[4]  Of the 1,094 claims, 30 were paper claims, 887 were filed through the online filing component of the Settlement webpage, and 177 were filed electronically.

19.     SCS carefully reviewed, analyzed, and processed all of these claims, and responded to all Claimant inquiries regarding the Action, the Settlement and the procedures for filling out a Claim Form.  SCS has also been in close contact with Lead Counsel to review the administration process.  SCS's Report of Claims Administrator is annexed hereto as **Exhibit B** and described below.  The annexed Report of Claims Administrator sets forth the final status of claims submitted to SCS as follows:

a.     PROPERLY DOCUMENTED CLAIMS:     SCS identified 193 properly documented valid claims.  These valid claims were calculated in the manner set forth in the Court-approved Plan of Allocation, included in the Notice.  Of the 193 properly documented valid claims, 170 were timely submitted, and 23 were submitted after the Court-imposed March 30, 2023 deadline and on or before August 30, 2024 ("Late But Otherwise Valid Claims").  Attached as **Exhibit C-1** is a spreadsheet of the 170 properly documented, timely submitted claims, and **Exhibit C-2** is a spreadsheet of the 23 Late But Otherwise Valid Claims.

b.     INADEQUATELY DOCUMENTED CLAIMS:  For a claim to have proper supporting documentation, Claimants must have provided broker

---

[4] SCS has not processed any claims filed after August 30, 2024, or any responses to rejections received after September 24, 2024, due to extreme lateness and because their inclusion would have delayed the finalization of the administration.

confirmations or broker statements of holdings as of March 26, 2020 (*i.e.*, the day before the Settlement Class Period started) and May 18, 2021 (*i.e.*, the end of the 90-day lookback period provided for under the Private Securities Litigation Reform Act of 1995), as well as broker statements or broker trade confirmations of the transactions made on the OTC Market during the Settlement Class Period (*i.e.*, March 27, 2020 through February 17, 2021, inclusive) and transactions made during the 90-day look-back period (*i.e.*, February 18, 2021 to May 18, 2021, inclusive) ("Adequate Documentation"). SCS identified 135 inadequately documented claims. These claims either: (i) did not provide any supporting documentation such as broker trade confirmations or broker statements; (ii) provided insufficient documentation such as an excel spreadsheet or individual lists of transactions/holdings, but no broker confirmations or broker statements; (iii) provided only broker confirmations or broker statements for shares held as May 18, 2021, but no broker trade confirmations or broker statements for purchase transactions during the Settlement Class Period; or (iv) provided broker confirmations or broker statements for purchase transactions, but no broker confirmations or broker statements for shares held as of March 26, 2020 and/or May 18, 2021, *etc.* SCS mailed or emailed Deficiency Notice to each of these Claimants, advising them of the nature of their inadequacy and providing them an opportunity to cure the problem. Among these 135 deficient claims, 33 have been successfully cured and are considered valid. The remaining 102 inadequate Claimants either did not respond to the inadequacy notice or responded with insufficient documentation and were sent a rejection notice setting forth the reason for their inadequacy. *See* **Exhibit D** for a list of Claimants rejected due to inadequate supporting documentation. To date,

DECLARATION OF MARGERY CRAIG

8

none of the 102 inadequate Claimants objected to, or contested, this determination.

c.    INELIGIBLE CLAIMS:  In addition to the 102 inadequately documented claims in paragraph 19(b) above, SCS identified 799 claims which are recommended for complete rejection.  Included in this category are: (i) 397 claims with shares purchased on  a stock market other than the OTC market; (ii) 311 claims with no Recognized Claim; (iii) 79 claims with shares purchased outside of Settlement Class Period; (iv) nine claims with shares not purchased or otherwise acquired, but were received or granted by gift, inheritance, or operation of law; (v) one claim with securities other than Braxia common stock; (vi) one duplicate claim; and (vii) one claim with shares sold short.  *See* **Exhibit E** for a list of these ineligible claims.  We have communicated with these 799 claimants and advised them of our determination.  A sample ineligibility notice is attached hereto as **Exhibit F**.

i.) To date, only one ineligible Claimant has contested SCS's determination that their claim is not eligible for payment under the Court-approved Plan of Allocation and requested Court review.  Claim number 782 purchased a total of 3,675 common shares of Braxia during the Settlement Class Period and still held those shares as of the close of trading on February 17, 2021.  Under the Plan of Allocation, "the Claims Administrator shall ascribe a holding value to Braxia shares purchased or acquired during the Settlement Class Period and still held as of the close of trading on February 17, 2021, which shall be $0.69 per share."  ECF No. 89-4 (Notice), p.13, n.6. The difference between the Total Purchase Amount for the shares ($2,453.07) and the Total Holding Value of the shares ($2,535.75 (3,675 shares x $0.69 per share)), results in an overall market gain of $82.68.  *See* **Exhibit G** (setting forth, *inter alia*, shares and total acquisition costs).  Pursuant to the Plan of

Allocation, Claimants with an overall market gain on their Settlement Class Period transaction will not receive compensation from the Settlement. *See* Notice, ¶61 ("To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Braxia shares during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero."). Accordingly, SCS respectfully requests the Court reject Claim 782. **Exhibit G** is a copy of the claim, ineligible notice, and response.

20. In anticipation of completing this administration, SCS respectfully requests that the Court reject as untimely any claims received after August 30, 2024 and any responses to deficiency and/or rejection notices received after September 24, 2024.

## DISTRIBUTION PLAN OF THE NET SETTLEMENT FUND

21. Should the Court concur with SCS's administrative determinations concerning the claims recommended for acceptance and rejection, SCS recommends the following distribution plan:

    a. SCS will conduct an initial distribution (the "Initial Distribution") of the Net Settlement Fund as follows:

        i. SCS will calculate award amounts to all Authorized Claimants by calculating their *pro rata* shares of the Net Settlement Fund in accordance with the Court-approved Plan of Allocation.

        ii. SCS will, pursuant to the terms of the Plan of Allocation, eliminate any Authorized Claimants whose distribution payment calculate to less than $10.00. Such Claimants will not receive any distribution from the Net Settlement Fund.

        iii. After eliminating Claimants that would have received less

DECLARATION OF MARGERY CRAIG

10

than \$10.00, SCS will recalculate, in accordance with the Court-approved Plan of Allocation, the *pro rata* distribution payments for Authorized Claimants that would receive \$10.00 or more.

iv.     SCS will then conduct the Initial Distribution of the Net Settlement Fund in accordance with the Court's Order.

v.     In order to encourage Authorized Claimants to promptly deposit their payments, and to avoid or reduce future expenses relating to uncashed checks, all Initial Distribution checks will bear a notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE."[5]

---

[5] In an effort to have as many Authorized Claimants as possible cash their checks, SCS will perform follow-up with those Authorized Claimants whose checks are initially uncashed, either because they are returned to SCS as undeliverable or because the Authorized Claimant simply did not cash the check after a period of time elapses. For Authorized Claimants whose checks are returned as undeliverable, SCS will endeavor to locate new addresses by running the undeliverable addresses through address lookup services. Where a new address is located, SCS will update the Settlement Database accordingly, and reissue a distribution check to the Authorized Claimant at the new address. In the event an Authorized Claimant loses or damages his, her, or its check, or otherwise requires a new check, SCS will issue replacements. Distribution reissues will be undertaken only upon written instructions from the Authorized Claimant, provided that the Authorized Claimant returns the previous check where appropriate. For all checks, SCS will void the initial payment prior to reissuing a payment. Authorized Claimants requesting reissuance of checks will be informed that if they do not cash their Initial Distribution checks within 30 days of the mailing of such reissued checks, their check will lapse, their entitlement to recovery will be irrevocably forfeited, and the funds will be reallocated to other Authorized Claimants. Reissue requests for lost or damaged checks will be granted after the void date on the checks; however, void dates on such reissues will be adjusted so as not to delay future re-distributions. Requests for reissued checks in connection with the

DECLARATION OF MARGERY CRAIG

11

vi.    Authorized Claimants that do not negotiate their Initial Distribution checks within the time allotted or according to the conditions set forth in footnote 5 will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks will be available for re-distribution to other Authorized Claimants in the Second Distribution described below. Similarly, Authorized Claimants that do not negotiate subsequent distributions within the time allotted or according to the conditions set forth in footnote 5 will irrevocably forfeit any further recovery from the Settlement.

b.    After SCS has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, if there is any balance remaining in the Net Settlement Fund after nine (9) months after the Initial Distribution, then, if Lead Counsel, in consultation with SCS, determine that it is cost-effective to do so, SCS will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who cashed their initial distribution checks and would receive at least $10.00 from such re-distribution.

c.    Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions many occur thereafter if Lead Counsel, in consultation with SCS, determines that additional re-distributions, after the

---

Second Distribution and any subsequent distributions will be handled in the same manner.

deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.

d.    At such time as Lead Counsel, in consultation with SCS, determines that further re-distribution of the funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to a nonsectarian, not-for-profit organization(s) to be recommended by Lead Counsel and approved by the Court.

e.    No new Proof of Claim may be accepted after August 30, 2024, and no further adjustments to submitted Proofs of Claim may be made for any reason after September 24, 2024.

22.    Unless otherwise ordered by the Court, one year after any re-distribution, if that occurs, or, if there is no re-distribution, two years after the Initial Distribution, SCS will destroy paper copies of the Claims and all supporting documentation, and one year after all funds have been distributed, SCS will destroy electronic copies of the same.

## FEES AND DISBURSEMENTS

23.    SCS agreed to be the Claims Administrator for the Settlement in exchange for payment of its fees and expenses.  Lead Counsel received regular reports of and invoices for all of the work SCS performed with respect to provision of notice and the administration of the Settlement and authorized the claims administration work performed herein.

24.    The cost of the administration of the Settlement through October 21, 2024, plus the cost of the Initial Distribution totals $104,230.58 of which $98,980.58 has been paid.  Additionally, SCS has estimated that the cost of conducting the Initial Distribution of the Settlement plus the 2024 tax work which will be reserved prior to the Initial Distribution, is $5,250.  Therefore, SCS respectfully requests the Court approve fees in the amount of $5,250.  Should the estimate of fees and expenses to

conduct the Initial Distribution and tax work exceed the actual fees and expenses, SCS will refund the difference to the Net Settlement Fund once the Initial Distribution is completed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 29th day of October 2024, in Media, Pennsylvania.

Margery Craig

EXHIBIT A

Schneider v. Champignon Brands Inc.
c/o Strategic Claims Services
600 N. Jackson Street - Suite 205
Media, PA  19063

Phone (866) 274-4004
Fax (610) 565-7985

Email: info@strategicclaims.net

## DEFICIENCY NOTICE

**CONTROL#:**   1                                       **June 22, 2023**

**AcctNum:**

A review of your claim has revealed some incomplete or missing information.  In order to assist you in completing the claims process, the information required to process your claim has been noted below:

| Description: | Shares: |
|---|---|
| Documentation* was not provided. In order to process your claim we require: (1) any transactions of Champignon Brands, Inc. n/k/a Braxia Scientific Corp. ("Braxia") common stock during the period from March 27, 2020 through May 18, 2021 inclusive; (2) proof of holdings of Braxia common stock at the close of trading on March 26, 2020; and (3) proof of holdings of Braxia common stock at the close of trading on May 18, 2021. | 175 |

**Please call our office if you may need further clarification of this notice.**

**If you do not return these corrections and the requested information within twenty (20) calendar days from the date of this notice, your claim may be deemed ineligible to participate in the distribution of the settlement fund.**

**Note: Please supply the omitted item(s) and return the information, along with this letter, to the address above.**

*Supporting documentation would be broker confirmation slips, monthly statements, 1099's, dividend reinvestment statements,  etc . . . for (1) any transactions of Champignon Brands, Inc. n/k/a Braxia Scientific Corp. ("Braxia") common stock during the period from March 27, 2020 through May 18, 2021 inclusive; (2) proof of holdings of Braxia common stock at the close of trading on March 26, 2020; and (3) proof of holdings of Braxia common stock at the close of trading on May 18, 2021.

**EXHIBIT B**

## REPORT OF THE CLAIMS ADMINISTRATOR

## CHAMPIGNON BRANDS INC. SECURITIES LITIGATION

TOTAL # OF CLAIMS………………………………………………………… <u>1,094</u>

TOTAL # OF APPROVED VALID CLAIMS………………………………… <u>193</u>

TOTAL # OF INELIGIBLE CLAIMS……………………………….......  <u>901</u>

NOT PURCHASED ON THE OTC MARKET ..............397
NO RECOGNIZED CLAIM ..........................................311
INADEQUATE DOCUMENTATION ...........................102
PURCHASED OUTSIDE CLASS PERIOD....................79
SHARES NOT PURCHASED ...........................................9
SHARES SOLD SHORT....................................................1
DUPLICATE CLAIMS ......................................................1
WRONG STOCK ...............................................................1

TOTAL ......................................................................<u>901</u>

**TIMELY, PROPERLY DOCUMENTED CLAIMS**

EXHIBIT C-1

| Claim # |
|---------|
| 14 |
| 15 |
| 16 |
| 18 |
| 35 |
| 39 |
| 47 |
| 51 |
| 63 |
| 66 |
| 68 |
| 75 |
| 82 |
| 88 |
| 89 |
| 90 |
| 96 |
| 104 |
| 105 |
| 123 |
| 128 |
| 134 |
| 138 |
| 151 |
| 172 |
| 173 |
| 174 |
| 198 |
| 199 |
| 201 |
| 226 |
| 228 |
| 229 |
| 238 |
| 254 |
| 261 |
| 270 |
| 271 |
| 276 |
| 279 |
| 281 |
| 288 |
| 289 |
| 290 |
| 291 |
| 307 |
| 309 |
| 326 |

**TIMELY, PROPERLY DOCUMENTED CLAIMS**                     **EXHIBIT C-1**

| Claim # |
|---|
| 329 |
| 332 |
| 335 |
| 343 |
| 347 |
| 349 |
| 364 |
| 365 |
| 368 |
| 371 |
| 372 |
| 373 |
| 374 |
| 382 |
| 384 |
| 385 |
| 387 |
| 389 |
| 397 |
| 399 |
| 413 |
| 418 |
| 427 |
| 438 |
| 446 |
| 448 |
| 453 |
| 455 |
| 458 |
| 461 |
| 462 |
| 466 |
| 468 |
| 475 |
| 476 |
| 482 |
| 483 |
| 486 |
| 491 |
| 494 |
| 497 |
| 501 |
| 508 |
| 511 |
| 518 |
| 521 |
| 527 |
| 533 |

**TIMELY, PROPERLY DOCUMENTED CLAIMS**

**EXHIBIT C-1**

| Claim # |
|---------|
| 534 |
| 535 |
| 538 |
| 540 |
| 547 |
| 563 |
| 567 |
| 585 |
| 588 |
| 593 |
| 594 |
| 595 |
| 597 |
| 598 |
| 605 |
| 606 |
| 608 |
| 616 |
| 619 |
| 621 |
| 622 |
| 629 |
| 637 |
| 639 |
| 641 |
| 643 |
| 644 |
| 645 |
| 646 |
| 658 |
| 661 |
| 664 |
| 670 |
| 671 |
| 672 |
| 676 |
| 681 |
| 718 |
| 727 |
| 736 |
| 740 |
| 775 |
| 779 |
| 785 |
| 801 |
| 809 |
| 815 |
| 847 |

**TIMELY, PROPERLY DOCUMENTED CLAIMS**   **EXHIBIT C-1**

| Claim # |
| --- |
| 856 |
| 859 |
| 870 |
| 879 |
| 890 |
| 902 |
| 904 |
| 909 |
| 50014 |
| 50016 |
| 50021 |
| 50023 |
| 50026 |
| 50027 |
| 50055 |
| 50056 |
| 50057 |
| 50058 |
| 50059 |
| 50060 |
| 50061 |
| 50062 |
| 50063 |
| 50064 |
| 50067 |
| 50069 |

**Total    170**

**LATE BUT OTHERWISE VALID CLAIMS**                                    **EXHIBIT C-2**

|         | Claim # |
|---------|---------|
|         | 743     |
|         | 746     |
|         | 752     |
|         | 755     |
|         | 50129   |
|         | 50132   |
|         | 50135   |
|         | 50136   |
|         | 50138   |
|         | 50140   |
|         | 50145   |
|         | 50148   |
|         | 50149   |
|         | 50153   |
|         | 50157   |
|         | 50159   |
|         | 50160   |
|         | 50163   |
|         | 50168   |
|         | 50169   |
|         | 50172   |
|         | 50173   |
|         | 50174   |
| **Total** | **23**  |

**INADEQUATELY DOCUMENTED CLAIMS**                    **EXHIBIT D**

| Claim # | Reason for Rejection |
| --- | --- |
| 1 | INADEQUATELY DOCUMENTED CLAIMS |
| 3 | INADEQUATELY DOCUMENTED CLAIMS |
| 7 | INADEQUATELY DOCUMENTED CLAIMS |
| 17 | INADEQUATELY DOCUMENTED CLAIMS |
| 28 | INADEQUATELY DOCUMENTED CLAIMS |
| 58 | INADEQUATELY DOCUMENTED CLAIMS |
| 64 | INADEQUATELY DOCUMENTED CLAIMS |
| 84 | INADEQUATELY DOCUMENTED CLAIMS |
| 100 | INADEQUATELY DOCUMENTED CLAIMS |
| 111 | INADEQUATELY DOCUMENTED CLAIMS |
| 120 | INADEQUATELY DOCUMENTED CLAIMS |
| 121 | INADEQUATELY DOCUMENTED CLAIMS |
| 125 | INADEQUATELY DOCUMENTED CLAIMS |
| 143 | INADEQUATELY DOCUMENTED CLAIMS |
| 144 | INADEQUATELY DOCUMENTED CLAIMS |
| 152 | INADEQUATELY DOCUMENTED CLAIMS |
| 153 | INADEQUATELY DOCUMENTED CLAIMS |
| 161 | INADEQUATELY DOCUMENTED CLAIMS |
| 187 | INADEQUATELY DOCUMENTED CLAIMS |
| 203 | INADEQUATELY DOCUMENTED CLAIMS |
| 210 | INADEQUATELY DOCUMENTED CLAIMS |
| 231 | INADEQUATELY DOCUMENTED CLAIMS |
| 232 | INADEQUATELY DOCUMENTED CLAIMS |
| 239 | INADEQUATELY DOCUMENTED CLAIMS |
| 247 | INADEQUATELY DOCUMENTED CLAIMS |
| 269 | INADEQUATELY DOCUMENTED CLAIMS |
| 274 | INADEQUATELY DOCUMENTED CLAIMS |
| 292 | INADEQUATELY DOCUMENTED CLAIMS |
| 304 | INADEQUATELY DOCUMENTED CLAIMS |
| 306 | INADEQUATELY DOCUMENTED CLAIMS |
| 314 | INADEQUATELY DOCUMENTED CLAIMS |
| 318 | INADEQUATELY DOCUMENTED CLAIMS |
| 322 | INADEQUATELY DOCUMENTED CLAIMS |
| 328 | INADEQUATELY DOCUMENTED CLAIMS |
| 330 | INADEQUATELY DOCUMENTED CLAIMS |
| 336 | INADEQUATELY DOCUMENTED CLAIMS |
| 346 | INADEQUATELY DOCUMENTED CLAIMS |
| 350 | INADEQUATELY DOCUMENTED CLAIMS |
| 363 | INADEQUATELY DOCUMENTED CLAIMS |
| 379 | INADEQUATELY DOCUMENTED CLAIMS |
| 407 | INADEQUATELY DOCUMENTED CLAIMS |
| 411 | INADEQUATELY DOCUMENTED CLAIMS |
| 434 | INADEQUATELY DOCUMENTED CLAIMS |
| 435 | INADEQUATELY DOCUMENTED CLAIMS |
| 437 | INADEQUATELY DOCUMENTED CLAIMS |
| 439 | INADEQUATELY DOCUMENTED CLAIMS |
| 473 | INADEQUATELY DOCUMENTED CLAIMS |

**INADEQUATELY DOCUMENTED CLAIMS**                                        **EXHIBIT D**

| Claim # | Reason for Rejection |
|---|---|
| 474 | INADEQUATELY DOCUMENTED CLAIMS |
| 481 | INADEQUATELY DOCUMENTED CLAIMS |
| 484 | INADEQUATELY DOCUMENTED CLAIMS |
| 506 | INADEQUATELY DOCUMENTED CLAIMS |
| 509 | INADEQUATELY DOCUMENTED CLAIMS |
| 526 | INADEQUATELY DOCUMENTED CLAIMS |
| 528 | INADEQUATELY DOCUMENTED CLAIMS |
| 541 | INADEQUATELY DOCUMENTED CLAIMS |
| 545 | INADEQUATELY DOCUMENTED CLAIMS |
| 555 | INADEQUATELY DOCUMENTED CLAIMS |
| 558 | INADEQUATELY DOCUMENTED CLAIMS |
| 564 | INADEQUATELY DOCUMENTED CLAIMS |
| 573 | INADEQUATELY DOCUMENTED CLAIMS |
| 574 | INADEQUATELY DOCUMENTED CLAIMS |
| 578 | INADEQUATELY DOCUMENTED CLAIMS |
| 581 | INADEQUATELY DOCUMENTED CLAIMS |
| 614 | INADEQUATELY DOCUMENTED CLAIMS |
| 618 | INADEQUATELY DOCUMENTED CLAIMS |
| 624 | INADEQUATELY DOCUMENTED CLAIMS |
| 625 | INADEQUATELY DOCUMENTED CLAIMS |
| 630 | INADEQUATELY DOCUMENTED CLAIMS |
| 640 | INADEQUATELY DOCUMENTED CLAIMS |
| 657 | INADEQUATELY DOCUMENTED CLAIMS |
| 665 | INADEQUATELY DOCUMENTED CLAIMS |
| 667 | INADEQUATELY DOCUMENTED CLAIMS |
| 668 | INADEQUATELY DOCUMENTED CLAIMS |
| 674 | INADEQUATELY DOCUMENTED CLAIMS |
| 675 | INADEQUATELY DOCUMENTED CLAIMS |
| 678 | INADEQUATELY DOCUMENTED CLAIMS |
| 692 | INADEQUATELY DOCUMENTED CLAIMS |
| 701 | INADEQUATELY DOCUMENTED CLAIMS |
| 711 | INADEQUATELY DOCUMENTED CLAIMS |
| 717 | INADEQUATELY DOCUMENTED CLAIMS |
| 723 | INADEQUATELY DOCUMENTED CLAIMS |
| 725 | INADEQUATELY DOCUMENTED CLAIMS |
| 737 | INADEQUATELY DOCUMENTED CLAIMS |
| 750 | INADEQUATELY DOCUMENTED CLAIMS |
| 795 | INADEQUATELY DOCUMENTED CLAIMS |
| 799 | INADEQUATELY DOCUMENTED CLAIMS |
| 807 | INADEQUATELY DOCUMENTED CLAIMS |
| 812 | INADEQUATELY DOCUMENTED CLAIMS |
| 855 | INADEQUATELY DOCUMENTED CLAIMS |
| 878 | INADEQUATELY DOCUMENTED CLAIMS |
| 881 | INADEQUATELY DOCUMENTED CLAIMS |
| 897 | INADEQUATELY DOCUMENTED CLAIMS |
| 913 | INADEQUATELY DOCUMENTED CLAIMS |
| 916 | INADEQUATELY DOCUMENTED CLAIMS |

**INADEQUATELY DOCUMENTED CLAIMS**                              **EXHIBIT D**

| Claim # | Reason for Rejection |
|---|---|
| 917 | INADEQUATELY DOCUMENTED CLAIMS |
| 50000 | INADEQUATELY DOCUMENTED CLAIMS |
| 50007 | INADEQUATELY DOCUMENTED CLAIMS |
| 50041 | INADEQUATELY DOCUMENTED CLAIMS |
| 50042 | INADEQUATELY DOCUMENTED CLAIMS |
| 50043 | INADEQUATELY DOCUMENTED CLAIMS |
| 50044 | INADEQUATELY DOCUMENTED CLAIMS |
| 50045 | INADEQUATELY DOCUMENTED CLAIMS |

**Total**                                          **102**

**INELIGIBLE CLAIMS**

| Claim # | Reason for Rejection |
|---|---|
| 2 | NOT PURCHASED ON THE OTC MARKET |
| 4 | NO RECOGNIZED CLAIM |
| 5 | NO RECOGNIZED CLAIM |
| 6 | NO RECOGNIZED CLAIM |
| 8 | NO RECOGNIZED CLAIM |
| 9 | PURCHASED OUTSIDE CLASS PERIOD |
| 10 | NO RECOGNIZED CLAIM |
| 11 | NOT PURCHASED ON THE OTC MARKET |
| 12 | NOT PURCHASED ON THE OTC MARKET |
| 13 | NO RECOGNIZED CLAIM |
| 19 | NO RECOGNIZED CLAIM |
| 20 | NOT PURCHASED ON THE OTC MARKET |
| 21 | NOT PURCHASED ON THE OTC MARKET |
| 22 | NOT PURCHASED ON THE OTC MARKET |
| 23 | NOT PURCHASED ON THE OTC MARKET |
| 24 | NOT PURCHASED ON THE OTC MARKET |
| 25 | NO RECOGNIZED CLAIM |
| 26 | NOT PURCHASED ON THE OTC MARKET |
| 27 | NOT PURCHASED ON THE OTC MARKET |
| 29 | NOT PURCHASED ON THE OTC MARKET |
| 30 | NOT PURCHASED ON THE OTC MARKET |
| 31 | NOT PURCHASED ON THE OTC MARKET |
| 32 | NOT PURCHASED ON THE OTC MARKET |
| 33 | NOT PURCHASED ON THE OTC MARKET |
| 34 | NOT PURCHASED ON THE OTC MARKET |
| 36 | NOT PURCHASED ON THE OTC MARKET |
| 37 | NO RECOGNIZED CLAIM |
| 38 | NO RECOGNIZED CLAIM |
| 40 | NOT PURCHASED ON THE OTC MARKET |
| 41 | NOT PURCHASED ON THE OTC MARKET |
| 42 | NOT PURCHASED ON THE OTC MARKET |
| 43 | NOT PURCHASED ON THE OTC MARKET |
| 44 | NO RECOGNIZED CLAIM |
| 45 | NO RECOGNIZED CLAIM |
| 46 | NOT PURCHASED ON THE OTC MARKET |
| 48 | NOT PURCHASED ON THE OTC MARKET |
| 49 | NO RECOGNIZED CLAIM |
| 50 | NOT PURCHASED ON THE OTC MARKET |
| 52 | NOT PURCHASED ON THE OTC MARKET |
| 53 | PURCHASED OUTSIDE CLASS PERIOD |
| 54 | NO RECOGNIZED CLAIM |
| 55 | NOT PURCHASED ON THE OTC MARKET |
| 56 | NOT PURCHASED ON THE OTC MARKET |
| 57 | NO RECOGNIZED CLAIM |
| 59 | NOT PURCHASED ON THE OTC MARKET |
| 60 | NOT PURCHASED ON THE OTC MARKET |
| 61 | NOT PURCHASED ON THE OTC MARKET |
| 62 | NOT PURCHASED ON THE OTC MARKET |

**INELIGIBLE CLAIMS**

| Claim # | Reason for Rejection |
| --- | --- |
| 65 | NO RECOGNIZED CLAIM |
| 67 | NO RECOGNIZED CLAIM |
| 69 | NOT PURCHASED ON THE OTC MARKET |
| 70 | NOT PURCHASED ON THE OTC MARKET |
| 71 | NO RECOGNIZED CLAIM |
| 72 | NOT PURCHASED ON THE OTC MARKET |
| 73 | NOT PURCHASED ON THE OTC MARKET |
| 74 | NOT PURCHASED ON THE OTC MARKET |
| 76 | NOT PURCHASED ON THE OTC MARKET |
| 77 | NO RECOGNIZED CLAIM |
| 78 | NOT PURCHASED ON THE OTC MARKET |
| 79 | NOT PURCHASED ON THE OTC MARKET |
| 80 | NOT PURCHASED ON THE OTC MARKET |
| 81 | NO RECOGNIZED CLAIM |
| 83 | NOT PURCHASED ON THE OTC MARKET |
| 85 | NO RECOGNIZED CLAIM |
| 86 | NOT PURCHASED ON THE OTC MARKET |
| 87 | NOT PURCHASED ON THE OTC MARKET |
| 91 | NO RECOGNIZED CLAIM |
| 92 | NOT PURCHASED ON THE OTC MARKET |
| 93 | NO RECOGNIZED CLAIM |
| 94 | NOT PURCHASED ON THE OTC MARKET |
| 95 | NOT PURCHASED ON THE OTC MARKET |
| 97 | NOT PURCHASED ON THE OTC MARKET |
| 98 | NOT PURCHASED ON THE OTC MARKET |
| 99 | NOT PURCHASED ON THE OTC MARKET |
| 101 | NO RECOGNIZED CLAIM |
| 102 | NO RECOGNIZED CLAIM |
| 103 | NOT PURCHASED ON THE OTC MARKET |
| 106 | NOT PURCHASED ON THE OTC MARKET |
| 107 | NOT PURCHASED ON THE OTC MARKET |
| 108 | NO RECOGNIZED CLAIM |
| 109 | NOT PURCHASED ON THE OTC MARKET |
| 110 | NOT PURCHASED ON THE OTC MARKET |
| 112 | NOT PURCHASED ON THE OTC MARKET |
| 113 | NO RECOGNIZED CLAIM |
| 114 | NOT PURCHASED ON THE OTC MARKET |
| 115 | NOT PURCHASED ON THE OTC MARKET |
| 116 | NOT PURCHASED ON THE OTC MARKET |
| 117 | NOT PURCHASED ON THE OTC MARKET |
| 118 | NOT PURCHASED ON THE OTC MARKET |
| 119 | NOT PURCHASED ON THE OTC MARKET |
| 122 | NOT PURCHASED ON THE OTC MARKET |
| 124 | NOT PURCHASED ON THE OTC MARKET |
| 126 | NOT PURCHASED ON THE OTC MARKET |
| 127 | NO RECOGNIZED CLAIM |
| 129 | NOT PURCHASED ON THE OTC MARKET |
| 130 | NOT PURCHASED ON THE OTC MARKET |

**INELIGIBLE CLAIMS**

**EXHIBIT E**

| Claim # | Reason for Rejection |
|---|---|
| 131 | NOT PURCHASED ON THE OTC MARKET |
| 132 | NOT PURCHASED ON THE OTC MARKET |
| 133 | NOT PURCHASED ON THE OTC MARKET |
| 135 | NOT PURCHASED ON THE OTC MARKET |
| 136 | NO RECOGNIZED CLAIM |
| 137 | NOT PURCHASED ON THE OTC MARKET |
| 139 | NO RECOGNIZED CLAIM |
| 140 | NOT PURCHASED ON THE OTC MARKET |
| 141 | NOT PURCHASED ON THE OTC MARKET |
| 142 | NOT PURCHASED ON THE OTC MARKET |
| 145 | NOT PURCHASED ON THE OTC MARKET |
| 146 | NOT PURCHASED ON THE OTC MARKET |
| 147 | NOT PURCHASED ON THE OTC MARKET |
| 148 | NOT PURCHASED ON THE OTC MARKET |
| 149 | NOT PURCHASED ON THE OTC MARKET |
| 150 | NOT PURCHASED ON THE OTC MARKET |
| 154 | NOT PURCHASED ON THE OTC MARKET |
| 155 | NOT PURCHASED ON THE OTC MARKET |
| 156 | NOT PURCHASED ON THE OTC MARKET |
| 157 | NOT PURCHASED ON THE OTC MARKET |
| 158 | NOT PURCHASED ON THE OTC MARKET |
| 159 | NOT PURCHASED ON THE OTC MARKET |
| 160 | NOT PURCHASED ON THE OTC MARKET |
| 162 | NOT PURCHASED ON THE OTC MARKET |
| 163 | NO RECOGNIZED CLAIM |
| 164 | NOT PURCHASED ON THE OTC MARKET |
| 165 | NOT PURCHASED ON THE OTC MARKET |
| 166 | NO RECOGNIZED CLAIM |
| 167 | NO RECOGNIZED CLAIM |
| 168 | NOT PURCHASED ON THE OTC MARKET |
| 169 | NOT PURCHASED ON THE OTC MARKET |
| 170 | NOT PURCHASED ON THE OTC MARKET |
| 171 | NOT PURCHASED ON THE OTC MARKET |
| 175 | NOT PURCHASED ON THE OTC MARKET |
| 176 | NOT PURCHASED ON THE OTC MARKET |
| 177 | NO RECOGNIZED CLAIM |
| 178 | NOT PURCHASED ON THE OTC MARKET |
| 179 | NOT PURCHASED ON THE OTC MARKET |
| 180 | NOT PURCHASED ON THE OTC MARKET |
| 181 | NOT PURCHASED ON THE OTC MARKET |
| 182 | NOT PURCHASED ON THE OTC MARKET |
| 183 | NOT PURCHASED ON THE OTC MARKET |
| 184 | NO RECOGNIZED CLAIM |
| 185 | NO RECOGNIZED CLAIM |
| 186 | NO RECOGNIZED CLAIM |
| 188 | NOT PURCHASED ON THE OTC MARKET |
| 189 | NOT PURCHASED ON THE OTC MARKET |
| 190 | NOT PURCHASED ON THE OTC MARKET |

Case 2:21-cv-03120-JVS-KES   Document 100   Filed 11/14/24   Page 29 of 65   Page
ID #:2101

# INELIGIBLE CLAIMS

| Claim # | Reason for Rejection |
|---|---|
| 191 | NOT PURCHASED ON THE OTC MARKET |
| 192 | NOT PURCHASED ON THE OTC MARKET |
| 193 | NOT PURCHASED ON THE OTC MARKET |
| 194 | NOT PURCHASED ON THE OTC MARKET |
| 195 | NO RECOGNIZED CLAIM |
| 196 | NOT PURCHASED ON THE OTC MARKET |
| 197 | NO RECOGNIZED CLAIM |
| 200 | NOT PURCHASED ON THE OTC MARKET |
| 202 | NOT PURCHASED ON THE OTC MARKET |
| 204 | NO RECOGNIZED CLAIM |
| 205 | NOT PURCHASED ON THE OTC MARKET |
| 206 | NO RECOGNIZED CLAIM |
| 207 | NOT PURCHASED ON THE OTC MARKET |
| 208 | NOT PURCHASED ON THE OTC MARKET |
| 209 | NOT PURCHASED ON THE OTC MARKET |
| 211 | NOT PURCHASED ON THE OTC MARKET |
| 212 | NOT PURCHASED ON THE OTC MARKET |
| 213 | NOT PURCHASED ON THE OTC MARKET |
| 214 | NO RECOGNIZED CLAIM |
| 215 | NOT PURCHASED ON THE OTC MARKET |
| 216 | NOT PURCHASED ON THE OTC MARKET |
| 217 | NOT PURCHASED ON THE OTC MARKET |
| 218 | NOT PURCHASED ON THE OTC MARKET |
| 219 | NOT PURCHASED ON THE OTC MARKET |
| 220 | NOT PURCHASED ON THE OTC MARKET |
| 221 | NO RECOGNIZED CLAIM |
| 222 | NOT PURCHASED ON THE OTC MARKET |
| 223 | NO RECOGNIZED CLAIM |
| 224 | NO RECOGNIZED CLAIM |
| 225 | NO RECOGNIZED CLAIM |
| 227 | NOT PURCHASED ON THE OTC MARKET |
| 230 | NOT PURCHASED ON THE OTC MARKET |
| 233 | NOT PURCHASED ON THE OTC MARKET |
| 234 | NO RECOGNIZED CLAIM |
| 235 | NOT PURCHASED ON THE OTC MARKET |
| 236 | NO RECOGNIZED CLAIM |
| 237 | NOT PURCHASED ON THE OTC MARKET |
| 240 | NO RECOGNIZED CLAIM |
| 241 | NOT PURCHASED ON THE OTC MARKET |
| 242 | NOT PURCHASED ON THE OTC MARKET |
| 243 | NO RECOGNIZED CLAIM |
| 244 | NO RECOGNIZED CLAIM |
| 245 | NO RECOGNIZED CLAIM |
| 246 | NO RECOGNIZED CLAIM |
| 248 | NOT PURCHASED ON THE OTC MARKET |
| 249 | NO RECOGNIZED CLAIM |
| 250 | NO RECOGNIZED CLAIM |
| 251 | NOT PURCHASED ON THE OTC MARKET |

**INELIGIBLE CLAIMS**                                                    **EXHIBIT E**

| Claim # | Reason for Rejection |
|---|---|
| 252 | NO RECOGNIZED CLAIM |
| 253 | NO RECOGNIZED CLAIM |
| 255 | NOT PURCHASED ON THE OTC MARKET |
| 256 | PURCHASED OUTSIDE CLASS PERIOD |
| 257 | PURCHASED OUTSIDE CLASS PERIOD |
| 258 | NO RECOGNIZED CLAIM |
| 259 | NO RECOGNIZED CLAIM |
| 260 | NO RECOGNIZED CLAIM |
| 262 | NO RECOGNIZED CLAIM |
| 263 | NO RECOGNIZED CLAIM |
| 264 | NOT PURCHASED ON THE OTC MARKET |
| 265 | PURCHASED OUTSIDE CLASS PERIOD |
| 266 | NOT PURCHASED ON THE OTC MARKET |
| 267 | NO RECOGNIZED CLAIM |
| 268 | NOT PURCHASED ON THE OTC MARKET |
| 272 | NO RECOGNIZED CLAIM |
| 273 | NO RECOGNIZED CLAIM |
| 275 | NOT PURCHASED ON THE OTC MARKET |
| 277 | NOT PURCHASED ON THE OTC MARKET |
| 278 | NO RECOGNIZED CLAIM |
| 280 | NO RECOGNIZED CLAIM |
| 282 | NO RECOGNIZED CLAIM |
| 283 | NO RECOGNIZED CLAIM |
| 284 | NO RECOGNIZED CLAIM |
| 285 | NOT PURCHASED ON THE OTC MARKET |
| 286 | NO RECOGNIZED CLAIM |
| 287 | NO RECOGNIZED CLAIM |
| 293 | NO RECOGNIZED CLAIM |
| 294 | NOT PURCHASED ON THE OTC MARKET |
| 295 | NO RECOGNIZED CLAIM |
| 296 | NO RECOGNIZED CLAIM |
| 297 | NO RECOGNIZED CLAIM |
| 298 | NO RECOGNIZED CLAIM |
| 299 | NO RECOGNIZED CLAIM |
| 300 | NOT PURCHASED ON THE OTC MARKET |
| 301 | NO RECOGNIZED CLAIM |
| 302 | NO RECOGNIZED CLAIM |
| 303 | NO RECOGNIZED CLAIM |
| 305 | NOT PURCHASED ON THE OTC MARKET |
| 308 | NO RECOGNIZED CLAIM |
| 310 | NO RECOGNIZED CLAIM |
| 311 | NOT PURCHASED ON THE OTC MARKET |
| 312 | NO RECOGNIZED CLAIM |
| 313 | NOT PURCHASED ON THE OTC MARKET |
| 315 | NO RECOGNIZED CLAIM |
| 316 | NOT PURCHASED ON THE OTC MARKET |
| 317 | NO RECOGNIZED CLAIM |
| 319 | NOT PURCHASED ON THE OTC MARKET |

# INELIGIBLE CLAIMS

**EXHIBIT E**

| Claim # | Reason for Rejection |
|---|---|
| 320 | NO RECOGNIZED CLAIM |
| 321 | NOT PURCHASED ON THE OTC MARKET |
| 323 | NO RECOGNIZED CLAIM |
| 324 | NOT PURCHASED ON THE OTC MARKET |
| 325 | NO RECOGNIZED CLAIM |
| 327 | NOT PURCHASED ON THE OTC MARKET |
| 331 | NOT PURCHASED ON THE OTC MARKET |
| 333 | NOT PURCHASED ON THE OTC MARKET |
| 334 | NOT PURCHASED ON THE OTC MARKET |
| 337 | NOT PURCHASED ON THE OTC MARKET |
| 338 | NOT PURCHASED ON THE OTC MARKET |
| 339 | NO RECOGNIZED CLAIM |
| 340 | NOT PURCHASED ON THE OTC MARKET |
| 341 | NO RECOGNIZED CLAIM |
| 342 | NO RECOGNIZED CLAIM |
| 344 | NOT PURCHASED ON THE OTC MARKET |
| 345 | NO RECOGNIZED CLAIM |
| 348 | NO RECOGNIZED CLAIM |
| 351 | NOT PURCHASED ON THE OTC MARKET |
| 352 | NO RECOGNIZED CLAIM |
| 353 | NO RECOGNIZED CLAIM |
| 354 | NO RECOGNIZED CLAIM |
| 355 | NOT PURCHASED ON THE OTC MARKET |
| 356 | NOT PURCHASED ON THE OTC MARKET |
| 357 | NOT PURCHASED ON THE OTC MARKET |
| 358 | NOT PURCHASED ON THE OTC MARKET |
| 359 | NOT PURCHASED ON THE OTC MARKET |
| 360 | NOT PURCHASED ON THE OTC MARKET |
| 361 | NOT PURCHASED ON THE OTC MARKET |
| 362 | NO RECOGNIZED CLAIM |
| 366 | NO RECOGNIZED CLAIM |
| 367 | DUPLICATE CLAIM |
| 369 | NOT PURCHASED ON THE OTC MARKET |
| 370 | PURCHASED OUTSIDE CLASS PERIOD |
| 375 | NOT PURCHASED ON THE OTC MARKET |
| 376 | NO RECOGNIZED CLAIM |
| 377 | NO RECOGNIZED CLAIM |
| 378 | NO RECOGNIZED CLAIM |
| 380 | NOT PURCHASED ON THE OTC MARKET |
| 381 | NOT PURCHASED ON THE OTC MARKET |
| 383 | NO RECOGNIZED CLAIM |
| 386 | NO RECOGNIZED CLAIM |
| 388 | NO RECOGNIZED CLAIM |
| 390 | NO RECOGNIZED CLAIM |
| 391 | NO RECOGNIZED CLAIM |
| 392 | NOT PURCHASED ON THE OTC MARKET |
| 393 | NOT PURCHASED ON THE OTC MARKET |
| 394 | NOT PURCHASED ON THE OTC MARKET |

**INELIGIBLE CLAIMS**                                      **EXHIBIT E**

| Claim # | Reason for Rejection |
|---|---|
| 395 | NOT PURCHASED ON THE OTC MARKET |
| 396 | NOT PURCHASED ON THE OTC MARKET |
| 398 | NO RECOGNIZED CLAIM |
| 400 | NO RECOGNIZED CLAIM |
| 401 | PURCHASED OUTSIDE CLASS PERIOD |
| 402 | NOT PURCHASED ON THE OTC MARKET |
| 403 | NO RECOGNIZED CLAIM |
| 404 | NOT PURCHASED ON THE OTC MARKET |
| 405 | NOT PURCHASED ON THE OTC MARKET |
| 406 | NO RECOGNIZED CLAIM |
| 408 | NOT PURCHASED ON THE OTC MARKET |
| 409 | NO RECOGNIZED CLAIM |
| 410 | NO RECOGNIZED CLAIM |
| 412 | PURCHASED OUTSIDE CLASS PERIOD |
| 414 | NOT PURCHASED ON THE OTC MARKET |
| 415 | NO RECOGNIZED CLAIM |
| 416 | NOT PURCHASED ON THE OTC MARKET |
| 417 | NO RECOGNIZED CLAIM |
| 419 | NO RECOGNIZED CLAIM |
| 420 | NOT PURCHASED ON THE OTC MARKET |
| 421 | NOT PURCHASED ON THE OTC MARKET |
| 422 | NOT PURCHASED ON THE OTC MARKET |
| 423 | NO RECOGNIZED CLAIM |
| 424 | NOT PURCHASED ON THE OTC MARKET |
| 425 | NO RECOGNIZED CLAIM |
| 426 | NOT PURCHASED ON THE OTC MARKET |
| 428 | NOT PURCHASED ON THE OTC MARKET |
| 429 | NOT PURCHASED ON THE OTC MARKET |
| 430 | NO RECOGNIZED CLAIM |
| 431 | NO RECOGNIZED CLAIM |
| 432 | NO RECOGNIZED CLAIM |
| 433 | NO RECOGNIZED CLAIM |
| 436 | NOT PURCHASED ON THE OTC MARKET |
| 440 | NO RECOGNIZED CLAIM |
| 441 | NO RECOGNIZED CLAIM |
| 442 | NO RECOGNIZED CLAIM |
| 443 | NO RECOGNIZED CLAIM |
| 444 | NO RECOGNIZED CLAIM |
| 445 | NO RECOGNIZED CLAIM |
| 447 | NOT PURCHASED ON THE OTC MARKET |
| 449 | NOT PURCHASED ON THE OTC MARKET |
| 450 | NO RECOGNIZED CLAIM |
| 451 | NO RECOGNIZED CLAIM |
| 452 | NOT PURCHASED ON THE OTC MARKET |
| 454 | NOT PURCHASED ON THE OTC MARKET |
| 456 | NOT PURCHASED ON THE OTC MARKET |
| 457 | NO RECOGNIZED CLAIM |
| 459 | NO RECOGNIZED CLAIM |

# INELIGIBLE CLAIMS

| Claim # | Reason for Rejection |
|---------|----------------------|
| 460 | PURCHASED OUTSIDE CLASS PERIOD |
| 463 | NO RECOGNIZED CLAIM |
| 464 | NOT PURCHASED ON THE OTC MARKET |
| 465 | NOT PURCHASED ON THE OTC MARKET |
| 467 | NO RECOGNIZED CLAIM |
| 469 | NO RECOGNIZED CLAIM |
| 470 | PURCHASED OUTSIDE CLASS PERIOD |
| 471 | NO RECOGNIZED CLAIM |
| 472 | NO RECOGNIZED CLAIM |
| 477 | NOT PURCHASED ON THE OTC MARKET |
| 478 | NOT PURCHASED ON THE OTC MARKET |
| 479 | NO RECOGNIZED CLAIM |
| 480 | NO RECOGNIZED CLAIM |
| 485 | NO RECOGNIZED CLAIM |
| 487 | NO RECOGNIZED CLAIM |
| 488 | NOT PURCHASED ON THE OTC MARKET |
| 489 | NOT PURCHASED ON THE OTC MARKET |
| 490 | NOT PURCHASED ON THE OTC MARKET |
| 492 | NO RECOGNIZED CLAIM |
| 493 | NO RECOGNIZED CLAIM |
| 495 | NO RECOGNIZED CLAIM |
| 496 | NO RECOGNIZED CLAIM |
| 498 | NOT PURCHASED ON THE OTC MARKET |
| 499 | NOT PURCHASED ON THE OTC MARKET |
| 500 | NOT PURCHASED ON THE OTC MARKET |
| 502 | NOT PURCHASED ON THE OTC MARKET |
| 503 | NOT PURCHASED ON THE OTC MARKET |
| 504 | PURCHASED OUTSIDE CLASS PERIOD |
| 505 | NO RECOGNIZED CLAIM |
| 507 | PURCHASED OUTSIDE CLASS PERIOD |
| 510 | NO RECOGNIZED CLAIM |
| 512 | PURCHASED OUTSIDE CLASS PERIOD |
| 513 | NO RECOGNIZED CLAIM |
| 514 | NO RECOGNIZED CLAIM |
| 515 | NOT PURCHASED ON THE OTC MARKET |
| 516 | NOT PURCHASED ON THE OTC MARKET |
| 517 | NOT PURCHASED ON THE OTC MARKET |
| 519 | NO RECOGNIZED CLAIM |
| 520 | NO RECOGNIZED CLAIM |
| 522 | NOT PURCHASED ON THE OTC MARKET |
| 523 | NO RECOGNIZED CLAIM |
| 524 | NO RECOGNIZED CLAIM |
| 525 | NO RECOGNIZED CLAIM |
| 529 | NO RECOGNIZED CLAIM |
| 530 | NO RECOGNIZED CLAIM |
| 531 | NOT PURCHASED ON THE OTC MARKET |
| 532 | NOT PURCHASED ON THE OTC MARKET |
| 536 | NOT PURCHASED ON THE OTC MARKET |

**INELIGIBLE CLAIMS**                                                    **EXHIBIT E**

| Claim # | Reason for Rejection |
|---------|---------------------|
| 537 | NOT PURCHASED ON THE OTC MARKET |
| 539 | NOT PURCHASED ON THE OTC MARKET |
| 542 | NOT PURCHASED ON THE OTC MARKET |
| 543 | NOT PURCHASED ON THE OTC MARKET |
| 544 | NOT PURCHASED ON THE OTC MARKET |
| 546 | NOT PURCHASED ON THE OTC MARKET |
| 548 | NO RECOGNIZED CLAIM |
| 549 | PURCHASED OUTSIDE CLASS PERIOD |
| 550 | NOT PURCHASED ON THE OTC MARKET |
| 551 | NOT PURCHASED ON THE OTC MARKET |
| 552 | NOT PURCHASED ON THE OTC MARKET |
| 553 | NO RECOGNIZED CLAIM |
| 554 | NOT PURCHASED ON THE OTC MARKET |
| 556 | NO RECOGNIZED CLAIM |
| 557 | NOT PURCHASED ON THE OTC MARKET |
| 559 | NOT PURCHASED ON THE OTC MARKET |
| 560 | NOT PURCHASED ON THE OTC MARKET |
| 561 | NOT PURCHASED ON THE OTC MARKET |
| 562 | NOT PURCHASED ON THE OTC MARKET |
| 565 | NOT PURCHASED ON THE OTC MARKET |
| 566 | NOT PURCHASED ON THE OTC MARKET |
| 568 | NO RECOGNIZED CLAIM |
| 569 | NOT PURCHASED ON THE OTC MARKET |
| 570 | NOT PURCHASED ON THE OTC MARKET |
| 571 | NO RECOGNIZED CLAIM |
| 572 | NO RECOGNIZED CLAIM |
| 575 | NOT PURCHASED ON THE OTC MARKET |
| 576 | NO RECOGNIZED CLAIM |
| 577 | NOT PURCHASED ON THE OTC MARKET |
| 579 | NOT PURCHASED ON THE OTC MARKET |
| 580 | NOT PURCHASED ON THE OTC MARKET |
| 582 | NOT PURCHASED ON THE OTC MARKET |
| 583 | NO RECOGNIZED CLAIM |
| 584 | NO RECOGNIZED CLAIM |
| 586 | NOT PURCHASED ON THE OTC MARKET |
| 587 | NO RECOGNIZED CLAIM |
| 589 | NOT PURCHASED ON THE OTC MARKET |
| 590 | NO RECOGNIZED CLAIM |
| 591 | NO RECOGNIZED CLAIM |
| 592 | NOT PURCHASED ON THE OTC MARKET |
| 596 | NO RECOGNIZED CLAIM |
| 599 | NOT PURCHASED ON THE OTC MARKET |
| 600 | NO RECOGNIZED CLAIM |
| 601 | NOT PURCHASED ON THE OTC MARKET |
| 602 | NOT PURCHASED ON THE OTC MARKET |
| 603 | NOT PURCHASED ON THE OTC MARKET |
| 604 | NOT PURCHASED ON THE OTC MARKET |
| 607 | NO RECOGNIZED CLAIM |

**INELIGIBLE CLAIMS**                              **EXHIBIT E**

| Claim # | Reason for Rejection |
| --- | --- |
| 609 | NO RECOGNIZED CLAIM |
| 610 | NO RECOGNIZED CLAIM |
| 611 | NO RECOGNIZED CLAIM |
| 612 | NO RECOGNIZED CLAIM |
| 613 | NOT PURCHASED ON THE OTC MARKET |
| 615 | NOT PURCHASED ON THE OTC MARKET |
| 617 | NO RECOGNIZED CLAIM |
| 620 | NOT PURCHASED ON THE OTC MARKET |
| 623 | NOT PURCHASED ON THE OTC MARKET |
| 626 | NO RECOGNIZED CLAIM |
| 627 | NOT PURCHASED ON THE OTC MARKET |
| 628 | NO RECOGNIZED CLAIM |
| 631 | NOT PURCHASED ON THE OTC MARKET |
| 632 | NOT PURCHASED ON THE OTC MARKET |
| 633 | NO RECOGNIZED CLAIM |
| 634 | NOT PURCHASED ON THE OTC MARKET |
| 635 | NO RECOGNIZED CLAIM |
| 636 | NO RECOGNIZED CLAIM |
| 638 | NO RECOGNIZED CLAIM |
| 642 | NOT PURCHASED ON THE OTC MARKET |
| 647 | NO RECOGNIZED CLAIM |
| 648 | NO RECOGNIZED CLAIM |
| 649 | NOT PURCHASED ON THE OTC MARKET |
| 650 | NO RECOGNIZED CLAIM |
| 651 | NO RECOGNIZED CLAIM |
| 652 | NO RECOGNIZED CLAIM |
| 653 | NO RECOGNIZED CLAIM |
| 654 | NO RECOGNIZED CLAIM |
| 655 | NO RECOGNIZED CLAIM |
| 656 | NO RECOGNIZED CLAIM |
| 659 | NO RECOGNIZED CLAIM |
| 660 | NO RECOGNIZED CLAIM |
| 662 | NOT PURCHASED ON THE OTC MARKET |
| 663 | NO RECOGNIZED CLAIM |
| 666 | NO RECOGNIZED CLAIM |
| 669 | NO RECOGNIZED CLAIM |
| 673 | NO RECOGNIZED CLAIM |
| 677 | NO RECOGNIZED CLAIM |
| 679 | NOT PURCHASED ON THE OTC MARKET |
| 680 | NOT PURCHASED ON THE OTC MARKET |
| 682 | NOT PURCHASED ON THE OTC MARKET |
| 683 | NOT PURCHASED ON THE OTC MARKET |
| 684 | NO RECOGNIZED CLAIM |
| 685 | NO RECOGNIZED CLAIM |
| 686 | NO RECOGNIZED CLAIM |
| 687 | NO RECOGNIZED CLAIM |
| 688 | NO RECOGNIZED CLAIM |
| 689 | NO RECOGNIZED CLAIM |

**INELIGIBLE CLAIMS**                                                    **EXHIBIT E**

| Claim # | Reason for Rejection |
|---|---|
| 690 | NO RECOGNIZED CLAIM |
| 691 | NOT PURCHASED ON THE OTC MARKET |
| 693 | NOT PURCHASED ON THE OTC MARKET |
| 694 | NO RECOGNIZED CLAIM |
| 695 | NOT PURCHASED ON THE OTC MARKET |
| 696 | NOT PURCHASED ON THE OTC MARKET |
| 697 | NOT PURCHASED ON THE OTC MARKET |
| 698 | NOT PURCHASED ON THE OTC MARKET |
| 699 | NOT PURCHASED ON THE OTC MARKET |
| 700 | NOT PURCHASED ON THE OTC MARKET |
| 702 | NOT PURCHASED ON THE OTC MARKET |
| 703 | NOT PURCHASED ON THE OTC MARKET |
| 704 | NOT PURCHASED ON THE OTC MARKET |
| 705 | NOT PURCHASED ON THE OTC MARKET |
| 706 | NOT PURCHASED ON THE OTC MARKET |
| 707 | NOT PURCHASED ON THE OTC MARKET |
| 708 | NOT PURCHASED ON THE OTC MARKET |
| 709 | NOT PURCHASED ON THE OTC MARKET |
| 710 | NOT PURCHASED ON THE OTC MARKET |
| 712 | NOT PURCHASED ON THE OTC MARKET |
| 713 | NOT PURCHASED ON THE OTC MARKET |
| 714 | NOT PURCHASED ON THE OTC MARKET |
| 715 | NOT PURCHASED ON THE OTC MARKET |
| 716 | NOT PURCHASED ON THE OTC MARKET |
| 719 | PURCHASED OUTSIDE CLASS PERIOD |
| 720 | PURCHASED OUTSIDE CLASS PERIOD |
| 721 | NOT PURCHASED ON THE OTC MARKET |
| 722 | NOT PURCHASED ON THE OTC MARKET |
| 724 | PURCHASED OUTSIDE CLASS PERIOD |
| 726 | NOT PURCHASED ON THE OTC MARKET |
| 728 | NO RECOGNIZED CLAIM |
| 729 | NOT PURCHASED ON THE OTC MARKET |
| 730 | NOT PURCHASED ON THE OTC MARKET |
| 731 | NO RECOGNIZED CLAIM |
| 732 | NO RECOGNIZED CLAIM |
| 733 | NO RECOGNIZED CLAIM |
| 734 | NO RECOGNIZED CLAIM |
| 735 | NO RECOGNIZED CLAIM |
| 738 | NO RECOGNIZED CLAIM |
| 739 | PURCHASED OUTSIDE CLASS PERIOD |
| 741 | NOT PURCHASED ON THE OTC MARKET |
| 742 | NOT PURCHASED ON THE OTC MARKET |
| 744 | NOT PURCHASED ON THE OTC MARKET |
| 745 | NOT PURCHASED ON THE OTC MARKET |
| 747 | NOT PURCHASED ON THE OTC MARKET |
| 748 | NO RECOGNIZED CLAIM |
| 749 | NO RECOGNIZED CLAIM |
| 751 | NOT PURCHASED ON THE OTC MARKET |

**INELIGIBLE CLAIMS**                                                                    **EXHIBIT E**

| Claim # | Reason for Rejection |
|---|---|
| 753 | NOT PURCHASED ON THE OTC MARKET |
| 754 | NOT PURCHASED ON THE OTC MARKET |
| 756 | NOT PURCHASED ON THE OTC MARKET |
| 757 | NOT PURCHASED ON THE OTC MARKET |
| 758 | NOT PURCHASED ON THE OTC MARKET |
| 759 | NOT PURCHASED ON THE OTC MARKET |
| 760 | NOT PURCHASED ON THE OTC MARKET |
| 761 | NOT PURCHASED ON THE OTC MARKET |
| 762 | NOT PURCHASED ON THE OTC MARKET |
| 763 | NOT PURCHASED ON THE OTC MARKET |
| 764 | NOT PURCHASED ON THE OTC MARKET |
| 765 | NO RECOGNIZED CLAIM |
| 766 | NOT PURCHASED ON THE OTC MARKET |
| 767 | NO RECOGNIZED CLAIM |
| 768 | NO RECOGNIZED CLAIM |
| 769 | NOT PURCHASED ON THE OTC MARKET |
| 770 | NO RECOGNIZED CLAIM |
| 771 | NO RECOGNIZED CLAIM |
| 772 | NO RECOGNIZED CLAIM |
| 773 | NOT PURCHASED ON THE OTC MARKET |
| 774 | NOT PURCHASED ON THE OTC MARKET |
| 776 | NOT PURCHASED ON THE OTC MARKET |
| 777 | NOT PURCHASED ON THE OTC MARKET |
| 778 | NOT PURCHASED ON THE OTC MARKET |
| 780 | NOT PURCHASED ON THE OTC MARKET |
| 781 | NOT PURCHASED ON THE OTC MARKET |
| 782 | NO RECOGNIZED CLAIM |
| 783 | NO RECOGNIZED CLAIM |
| 784 | NOT PURCHASED ON THE OTC MARKET |
| 786 | NOT PURCHASED ON THE OTC MARKET |
| 787 | NOT PURCHASED ON THE OTC MARKET |
| 788 | NOT PURCHASED ON THE OTC MARKET |
| 789 | NOT PURCHASED ON THE OTC MARKET |
| 790 | NOT PURCHASED ON THE OTC MARKET |
| 791 | NOT PURCHASED ON THE OTC MARKET |
| 792 | NOT PURCHASED ON THE OTC MARKET |
| 793 | NOT PURCHASED ON THE OTC MARKET |
| 794 | NO RECOGNIZED CLAIM |
| 796 | NOT PURCHASED ON THE OTC MARKET |
| 797 | NOT PURCHASED ON THE OTC MARKET |
| 798 | NOT PURCHASED ON THE OTC MARKET |
| 800 | NOT PURCHASED ON THE OTC MARKET |
| 802 | NOT PURCHASED ON THE OTC MARKET |
| 803 | NOT PURCHASED ON THE OTC MARKET |
| 804 | NOT PURCHASED ON THE OTC MARKET |
| 805 | NOT PURCHASED ON THE OTC MARKET |
| 806 | NO RECOGNIZED CLAIM |
| 808 | NOT PURCHASED ON THE OTC MARKET |

**INELIGIBLE CLAIMS**                                                    **EXHIBIT E**

| Claim # | Reason for Rejection |
|---|---|
| 810 | NO RECOGNIZED CLAIM |
| 811 | NO RECOGNIZED CLAIM |
| 813 | NOT PURCHASED ON THE OTC MARKET |
| 814 | NOT PURCHASED ON THE OTC MARKET |
| 816 | NO RECOGNIZED CLAIM |
| 817 | NO RECOGNIZED CLAIM |
| 818 | NO RECOGNIZED CLAIM |
| 819 | NO RECOGNIZED CLAIM |
| 820 | NOT PURCHASED ON THE OTC MARKET |
| 821 | NOT PURCHASED ON THE OTC MARKET |
| 822 | NO RECOGNIZED CLAIM |
| 823 | NOT PURCHASED ON THE OTC MARKET |
| 824 | NO RECOGNIZED CLAIM |
| 825 | NOT PURCHASED ON THE OTC MARKET |
| 826 | NOT PURCHASED ON THE OTC MARKET |
| 827 | NOT PURCHASED ON THE OTC MARKET |
| 828 | NOT PURCHASED ON THE OTC MARKET |
| 829 | NOT PURCHASED ON THE OTC MARKET |
| 830 | NOT PURCHASED ON THE OTC MARKET |
| 831 | NOT PURCHASED ON THE OTC MARKET |
| 832 | NOT PURCHASED ON THE OTC MARKET |
| 833 | NOT PURCHASED ON THE OTC MARKET |
| 834 | NOT PURCHASED ON THE OTC MARKET |
| 835 | NO RECOGNIZED CLAIM |
| 836 | NOT PURCHASED ON THE OTC MARKET |
| 837 | NOT PURCHASED ON THE OTC MARKET |
| 838 | NOT PURCHASED ON THE OTC MARKET |
| 839 | NOT PURCHASED ON THE OTC MARKET |
| 840 | NOT PURCHASED ON THE OTC MARKET |
| 841 | NOT PURCHASED ON THE OTC MARKET |
| 842 | NOT PURCHASED ON THE OTC MARKET |
| 843 | NOT PURCHASED ON THE OTC MARKET |
| 844 | NOT PURCHASED ON THE OTC MARKET |
| 845 | NOT PURCHASED ON THE OTC MARKET |
| 846 | NOT PURCHASED ON THE OTC MARKET |
| 848 | NOT PURCHASED ON THE OTC MARKET |
| 849 | NOT PURCHASED ON THE OTC MARKET |
| 850 | NOT PURCHASED ON THE OTC MARKET |
| 851 | NO RECOGNIZED CLAIM |
| 852 | NOT PURCHASED ON THE OTC MARKET |
| 853 | NOT PURCHASED ON THE OTC MARKET |
| 854 | NOT PURCHASED ON THE OTC MARKET |
| 857 | NOT PURCHASED ON THE OTC MARKET |
| 858 | NO RECOGNIZED CLAIM |
| 860 | WRONG STOCK |
| 861 | NOT PURCHASED ON THE OTC MARKET |
| 862 | PURCHASED OUTSIDE CLASS PERIOD |
| 863 | NO RECOGNIZED CLAIM |

**INELIGIBLE CLAIMS**                                                   **EXHIBIT E**

| Claim # | Reason for Rejection |
|---|---|
| 864 | NO RECOGNIZED CLAIM |
| 865 | NOT PURCHASED ON THE OTC MARKET |
| 866 | NOT PURCHASED ON THE OTC MARKET |
| 867 | NO RECOGNIZED CLAIM |
| 868 | NO RECOGNIZED CLAIM |
| 869 | NOT PURCHASED ON THE OTC MARKET |
| 871 | NOT PURCHASED ON THE OTC MARKET |
| 872 | NOT PURCHASED ON THE OTC MARKET |
| 873 | NO RECOGNIZED CLAIM |
| 874 | NOT PURCHASED ON THE OTC MARKET |
| 875 | NOT PURCHASED ON THE OTC MARKET |
| 876 | NO RECOGNIZED CLAIM |
| 877 | NOT PURCHASED ON THE OTC MARKET |
| 880 | NOT PURCHASED ON THE OTC MARKET |
| 882 | NO RECOGNIZED CLAIM |
| 883 | NOT PURCHASED ON THE OTC MARKET |
| 884 | NOT PURCHASED ON THE OTC MARKET |
| 885 | NOT PURCHASED ON THE OTC MARKET |
| 886 | NOT PURCHASED ON THE OTC MARKET |
| 887 | NOT PURCHASED ON THE OTC MARKET |
| 888 | NOT PURCHASED ON THE OTC MARKET |
| 889 | NOT PURCHASED ON THE OTC MARKET |
| 891 | NOT PURCHASED ON THE OTC MARKET |
| 892 | NOT PURCHASED ON THE OTC MARKET |
| 893 | NOT PURCHASED ON THE OTC MARKET |
| 894 | NOT PURCHASED ON THE OTC MARKET |
| 895 | NOT PURCHASED ON THE OTC MARKET |
| 896 | NOT PURCHASED ON THE OTC MARKET |
| 898 | NOT PURCHASED ON THE OTC MARKET |
| 899 | NOT PURCHASED ON THE OTC MARKET |
| 900 | NOT PURCHASED ON THE OTC MARKET |
| 901 | NOT PURCHASED ON THE OTC MARKET |
| 903 | NO RECOGNIZED CLAIM |
| 905 | NOT PURCHASED ON THE OTC MARKET |
| 906 | NOT PURCHASED ON THE OTC MARKET |
| 907 | NOT PURCHASED ON THE OTC MARKET |
| 908 | NO RECOGNIZED CLAIM |
| 910 | NOT PURCHASED ON THE OTC MARKET |
| 911 | PURCHASED OUTSIDE CLASS PERIOD |
| 912 | NO RECOGNIZED CLAIM |
| 914 | NO RECOGNIZED CLAIM |
| 915 | PURCHASED OUTSIDE CLASS PERIOD |
| 50001 | NO RECOGNIZED CLAIM |
| 50002 | NO RECOGNIZED CLAIM |
| 50003 | PURCHASED OUTSIDE CLASS PERIOD |
| 50004 | NO RECOGNIZED CLAIM |
| 50005 | NO RECOGNIZED CLAIM |
| 50006 | NO RECOGNIZED CLAIM |

**INELIGIBLE CLAIMS**

EXHIBIT E

| Claim # | Reason for Rejection |
|---|---|
| 50008 | NO RECOGNIZED CLAIM |
| 50009 | NO RECOGNIZED CLAIM |
| 50010 | NO RECOGNIZED CLAIM |
| 50011 | NO RECOGNIZED CLAIM |
| 50012 | NO RECOGNIZED CLAIM |
| 50013 | PURCHASED OUTSIDE CLASS PERIOD |
| 50015 | NO RECOGNIZED CLAIM |
| 50017 | NO RECOGNIZED CLAIM |
| 50018 | SHARES SOLD SHORT |
| 50019 | NO RECOGNIZED CLAIM |
| 50020 | NO RECOGNIZED CLAIM |
| 50022 | NO RECOGNIZED CLAIM |
| 50024 | NO RECOGNIZED CLAIM |
| 50025 | NO RECOGNIZED CLAIM |
| 50028 | PURCHASED OUTSIDE CLASS PERIOD |
| 50029 | PURCHASED OUTSIDE CLASS PERIOD |
| 50030 | PURCHASED OUTSIDE CLASS PERIOD |
| 50031 | PURCHASED OUTSIDE CLASS PERIOD |
| 50032 | PURCHASED OUTSIDE CLASS PERIOD |
| 50033 | NO RECOGNIZED CLAIM |
| 50034 | SHARES NOT PURCHASED |
| 50035 | SHARES NOT PURCHASED |
| 50036 | SHARES NOT PURCHASED |
| 50037 | SHARES NOT PURCHASED |
| 50038 | SHARES NOT PURCHASED |
| 50039 | SHARES NOT PURCHASED |
| 50040 | NO RECOGNIZED CLAIM |
| 50046 | NO RECOGNIZED CLAIM |
| 50047 | NO RECOGNIZED CLAIM |
| 50048 | NO RECOGNIZED CLAIM |
| 50049 | NO RECOGNIZED CLAIM |
| 50050 | SHARES NOT PURCHASED |
| 50051 | NO RECOGNIZED CLAIM |
| 50052 | NO RECOGNIZED CLAIM |
| 50053 | NOT PURCHASED ON THE OTC MARKET |
| 50054 | NO RECOGNIZED CLAIM |
| 50065 | NO RECOGNIZED CLAIM |
| 50066 | NO RECOGNIZED CLAIM |
| 50068 | SHARES NOT PURCHASED |
| 50070 | NO RECOGNIZED CLAIM |
| 50071 | PURCHASED OUTSIDE CLASS PERIOD |
| 50072 | NO RECOGNIZED CLAIM |
| 50073 | NO RECOGNIZED CLAIM |
| 50074 | PURCHASED OUTSIDE CLASS PERIOD |
| 50075 | PURCHASED OUTSIDE CLASS PERIOD |
| 50076 | PURCHASED OUTSIDE CLASS PERIOD |
| 50077 | PURCHASED OUTSIDE CLASS PERIOD |
| 50078 | PURCHASED OUTSIDE CLASS PERIOD |

**INELIGIBLE CLAIMS**                                                       **EXHIBIT E**

| Claim # | Reason for Rejection |
|---|---|
| 50079 | PURCHASED OUTSIDE CLASS PERIOD |
| 50080 | PURCHASED OUTSIDE CLASS PERIOD |
| 50081 | PURCHASED OUTSIDE CLASS PERIOD |
| 50082 | PURCHASED OUTSIDE CLASS PERIOD |
| 50083 | PURCHASED OUTSIDE CLASS PERIOD |
| 50084 | PURCHASED OUTSIDE CLASS PERIOD |
| 50085 | PURCHASED OUTSIDE CLASS PERIOD |
| 50086 | PURCHASED OUTSIDE CLASS PERIOD |
| 50087 | PURCHASED OUTSIDE CLASS PERIOD |
| 50088 | PURCHASED OUTSIDE CLASS PERIOD |
| 50089 | PURCHASED OUTSIDE CLASS PERIOD |
| 50090 | PURCHASED OUTSIDE CLASS PERIOD |
| 50091 | PURCHASED OUTSIDE CLASS PERIOD |
| 50092 | PURCHASED OUTSIDE CLASS PERIOD |
| 50093 | PURCHASED OUTSIDE CLASS PERIOD |
| 50094 | PURCHASED OUTSIDE CLASS PERIOD |
| 50095 | PURCHASED OUTSIDE CLASS PERIOD |
| 50096 | PURCHASED OUTSIDE CLASS PERIOD |
| 50097 | PURCHASED OUTSIDE CLASS PERIOD |
| 50098 | PURCHASED OUTSIDE CLASS PERIOD |
| 50099 | PURCHASED OUTSIDE CLASS PERIOD |
| 50100 | PURCHASED OUTSIDE CLASS PERIOD |
| 50101 | PURCHASED OUTSIDE CLASS PERIOD |
| 50102 | PURCHASED OUTSIDE CLASS PERIOD |
| 50103 | PURCHASED OUTSIDE CLASS PERIOD |
| 50104 | PURCHASED OUTSIDE CLASS PERIOD |
| 50105 | PURCHASED OUTSIDE CLASS PERIOD |
| 50106 | PURCHASED OUTSIDE CLASS PERIOD |
| 50107 | PURCHASED OUTSIDE CLASS PERIOD |
| 50108 | PURCHASED OUTSIDE CLASS PERIOD |
| 50109 | PURCHASED OUTSIDE CLASS PERIOD |
| 50110 | PURCHASED OUTSIDE CLASS PERIOD |
| 50111 | PURCHASED OUTSIDE CLASS PERIOD |
| 50112 | PURCHASED OUTSIDE CLASS PERIOD |
| 50113 | PURCHASED OUTSIDE CLASS PERIOD |
| 50114 | PURCHASED OUTSIDE CLASS PERIOD |
| 50115 | PURCHASED OUTSIDE CLASS PERIOD |
| 50116 | PURCHASED OUTSIDE CLASS PERIOD |
| 50117 | PURCHASED OUTSIDE CLASS PERIOD |
| 50118 | PURCHASED OUTSIDE CLASS PERIOD |
| 50119 | NO RECOGNIZED CLAIM |
| 50120 | PURCHASED OUTSIDE CLASS PERIOD |
| 50121 | PURCHASED OUTSIDE CLASS PERIOD |
| 50122 | PURCHASED OUTSIDE CLASS PERIOD |
| 50123 | PURCHASED OUTSIDE CLASS PERIOD |
| 50124 | PURCHASED OUTSIDE CLASS PERIOD |
| 50125 | NO RECOGNIZED CLAIM |
| 50126 | NO RECOGNIZED CLAIM |

## INELIGIBLE CLAIMS

| Claim # | Reason for Rejection |
|---|---|
| 50127 | NO RECOGNIZED CLAIM |
| 50128 | NO RECOGNIZED CLAIM |
| 50130 | NO RECOGNIZED CLAIM |
| 50131 | NO RECOGNIZED CLAIM |
| 50133 | SHARES NOT PURCHASED |
| 50134 | NO RECOGNIZED CLAIM |
| 50137 | NO RECOGNIZED CLAIM |
| 50139 | NO RECOGNIZED CLAIM |
| 50141 | NO RECOGNIZED CLAIM |
| 50142 | NO RECOGNIZED CLAIM |
| 50143 | NO RECOGNIZED CLAIM |
| 50144 | NO RECOGNIZED CLAIM |
| 50146 | NO RECOGNIZED CLAIM |
| 50147 | NO RECOGNIZED CLAIM |
| 50150 | NO RECOGNIZED CLAIM |
| 50151 | NO RECOGNIZED CLAIM |
| 50152 | NO RECOGNIZED CLAIM |
| 50154 | NO RECOGNIZED CLAIM |
| 50155 | NO RECOGNIZED CLAIM |
| 50156 | NO RECOGNIZED CLAIM |
| 50158 | NO RECOGNIZED CLAIM |
| 50161 | NO RECOGNIZED CLAIM |
| 50162 | NO RECOGNIZED CLAIM |
| 50164 | NO RECOGNIZED CLAIM |
| 50165 | NO RECOGNIZED CLAIM |
| 50166 | NO RECOGNIZED CLAIM |
| 50167 | NO RECOGNIZED CLAIM |
| 50170 | NO RECOGNIZED CLAIM |
| 50171 | NO RECOGNIZED CLAIM |
| 50175 | NO RECOGNIZED CLAIM |
| 50176 | NO RECOGNIZED CLAIM |

**Total**                                    **799**

EXHIBIT F

Schneider v. Champignon Brands Inc.
c/o Strategic Claims Services
600 N. Jackson Street - Suite 205
Media, PA  19063

Phone (866) 274-4004
Fax (610) 565-7985

Email: info@strategicclaims.net

## NOTICE OF INELIGIBILITY

**CONTROL#:**   4

**July 27, 2023**

**ACCOUNT#:**

Your claim in the above matter is ineligible for the following reason(s):

| Description: | Shares: |
|---|---|
| Your claim has resulted in a trading gain during the Settlement Class Period. Any claim whose overall transactions in Champignon Brands, Inc. n/k/a Braxia Scientific Corp. ("Braxia") common stock during the Settlement Class Period resulted in a trading gain has a Recognized Claim of $0.00. | |

**We strongly suggest you contact our office for any question or clarification you may have. It is important that you contact us before any further action is taken in the event that a processing error has occurred.**

If you feel you received this notice in error and would like to contest our determination, please contact our office in writing no later than twenty (20) calendar days after the date of this notice. Please be sure to include your Control number as noted above, your reason for contesting our determination, and documentation supporting your reason. You can also contact our office at 1-866-274-4004 or info@strategicclaims.net. If after contacting us, you still disagree, you can request in writing to Lead Counsel to review your claim.

When calling our office, please have ready the Control Number found at the top left-hand corner of this form.

**EXHIBIT G**

782

champignon

# Claimant Information

Phone:
Phone:
Email:
SSN/TaxID:
Date Submitted: 2023-03-30 16:48:11
SubmissionTieBack: KZDI8DW

# Transaction Information

Beginning Balance: 0

| Purchases | | | Sales | | |
|---|---|---|---|---|---|
| Buy Date | Shares | Net Amount | SaleDate | Shares | Net Amount |
| 12/15/2020 | 350 | 266 | | | |
| 1/27/2021 | 1225 | 820.75 | | | |
| 2/17/2021 | 1320 | 859.32 | | | |
| 2/17/2021 | 780 | 507 | | | |

Ending Balance: 3675

Beginning Balance: [BegBalance1]

| Purchases | | | Sales | | |
|---|---|---|---|---|---|
| Buy Date | Shares | Net Amount | SaleDate | Shares | Net Amount |

Ending Balance: [EndBalance1]

Beginning Balance: [BegBalance2]

| Purchases | | | Sales | | |
|---|---|---|---|---|---|
| Buy Date | Shares | Net Amount | SaleDate | Shares | Net Amount |

Ending Balance: [EndBalance2]

Beginning Balance: [BegBalance3]

| Purchases | | | Sales | | |
|-----------|---|---|-------|---|---|
| Buy Date | Shares | Net Amount | SaleDate | Shares | Net Amount |

Ending Balance: [EndBalance3]

# Documentation List

100-d4d2ef44479b89160cfef9ead4c69bb8\2023\03\        _Braxia_stocks.pdf

From: 01/01/2020
To: 12/31/2020
All Activity
15850D100
03/30/2023 04:39:42 PM ET

| Date | Description | Symbol | Quantity | Price | Amount | Commission | Fees | Type | Settlement Date | Account | Security Description |
|------|-------------|--------|----------|-------|--------|------------|------|------|-----------------|---------|----------------------|
| 12/15/2020 | YOU BOUGHT | 15850D100 | 350 | $0.76 | $-266.00 | $0.00 | $0.00 | Cash | 12/17/2020 | | CHAMPIGNON BRANDS INC COM NPV ISIN CA15850D1006 SEDOL BK4K470 |
| 02/17/2021 | YOU BOUGHT | 15850D100 | 780 | $0.65 | $-507.00 | $0.00 | $0.00 | Cash | 02/19/2021 | | CHAMPIGNON BRANDS INC COM NPV ISIN CA15850D1006 SEDOL BK4K470 |
| 01/27/2021 | YOU BOUGHT | 15850D100 | 1,225 | $0.67 | $-820.75 | $0.00 | $0.00 | Cash | 01/29/2021 | | CHAMPIGNON BRANDS INC COM NPV ISIN CA15850D1006 SEDOL BK4K470 |
| 02/17/2021 | YOU BOUGHT | 15850D100 | 1,320 | $0.651 | $-859.32 | $0.00 | $0.00 | Cash | 02/19/2021 | | CHAMPIGNON BRANDS INC COM NPV ISIN CA15850D1006 SEDOL BK4K470 |
| 05/05/2021 | NAME CHANGED | 15850D100 | -3,675 | $0.00 | $0.00 | $0.00 | $0.00 | Cash | | | CHAMPIGNON BRANDS INC COM NPV ISIN CA15850D1006 SEDOL BK4K470 |

**SUPPORT CENTER**
Support Ticket System

08/07/2023 09:15:15 AM

# Ticket #920935

| | | | | |
|---|---|---|---|---|
| **Status** | Completed | | **Name** | |
| **Priority** | Normal | | **Email** | |
| **Department** | Claims Administrators | | **Phone** | |
| **Create Date** | 08/04/2023 08:16:07 PM | | **Source** | Email |

| | | | | |
|---|---|---|---|---|
| **Assigned To** | George Allen | | **Help Topic** | Claims |
| **SLA Plan** | | | **Last Response** | 08/07/2023 09:15:09 AM |
| **Due Date** | | | **Last Message** | 08/04/2023 08:16:07 PM |

**Ticket Details**

| | |
|---|---|
| **Case:** | Champignon |
| **Control Number(s):** | 782, |

# Additions documents related to Account numbers

**SUPPORT CENTER**
Support Ticket System

08/07/2023 09:15:15 AM

08/04/2023 08:16:07 PM Additions documents related to Account numbers

As per the discussion on phone sending herewith the required documents.

for

.
-3678 purchased

Thanks

TradeConfirmation12142020_Brzxia_5.pdf (8.9 kb)
TradeConfirmation12142020_Brzxia_2.pdf (18.7 kb)
TradeConfirmation12142020_Brzxia_1.pdf (20.3 kb)
TradeConfirmation12142020_Brzxia_4.pdf (9.2 kb)
TradeConfirmation12142020_Brzxia_3.pdf (214.3 kb)

# SUPPORT CENTER
### Support Ticket System

08/07/2023 09:15:15 AM

| 08/07/2023 09:15:09 AM | George Allen |
|---|---|

Good morning,

We have received your information and will pass it on for further review.

If you have any questions, please feel free to contact us.

Thank you.

--
Claims Administrator
Strategic Claims Services
600 N. Jackson St. - Suite 205
Media PA 19063
Phone: 610-565-9202
Fax: 610-565-7985
Toll Free: 1-866-274-4004

*IMPORTANT: The information contained in this message is confidential and is intended only for the named addressee(s). If the reader of this message is not an intended recipient (or the individual responsible for the delivery of this message to an intended recipient), please be advised that any re-use, dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please reply to the sender that you have received the message in error and then delete it.  Thank you.*



**Transaction Confirmation**                                    Page 1 of 2
**Confirm Date: December 15, 2020**

Brokerage Account Number

9900319995

| | |
|---|---|
| Online | Fidelity.com |
| FAST(sm)-Automated Telephone | 800-544-5555 |
| Customer Service | 800-544-6666 |



FIRST IN, FIRST

9900319995          ALL ORDERS ARE UNSOLICITED UNLESS SPECIFIED ABOVE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COPIES SENT PER INSTRUCTIONS

If you are eligible to make a deposit, please use this form for investments in your brokerage account

| AMOUNT OF INVESTMENT | $ |
|---|---|

If there are sufficient funds in your brokerage core account (or margin account), Fidelity will use those funds to cover the trade(s) on this confirm.  If you wish to deposit additional money, use this deposit slip and make checks payable to: NATIONAL FINANCIAL SERVICES LLC. Deposits will be made to the account listed above.  Please mail checks to the Fidelity address on this form. Refer to the last page for instructions on depositing certificates.

FIDELITY INVESTMENTS
PO BOX 770001
CINCINNATI OH  45277-0003

FIDELITY BROKERAGE SERVICES LLC, MEMBER NYSE, SIPC

**Transaction Confirmation**
**Confirm Date: December 15, 2020**                    Page 2 of 2

Brokerage Account Number

| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 20350-1C7N4W | 1* | L## | 12-15-20 | 12-17-20 | 15850D100 | 20350-FV99V | | |

You Bought

          350

      at    .7600

Symbol:
SHRMF

DESCRIPTION and DISCLOSURES
CHAMPIGNON BRANDS INC COM NPV
ISIN #CA15850D1006 SEDOL #BK4K470
WE HAVE ACTED AS AGENT.

Principal Amount          266.00
Settlement Amount         266.00



ALL ORDERS ARE UNSOLICITED UNLESS SPECIFIED ABOVE

**REMITTANCE COUPON**

In accordance with your instructions we are pleased to confirm the transaction or order for your account and risk subject to terms listed below.

Please inform our office promptly if there is an error in this confirmation. Your failure to do so may result in the inability to amend a transaction. Please address all communications to the firm and not to individuals and include your brokerage account number on all checks and communications.

It is understood and agreed that all transactions made for you are subject to the rules and customs of the exchange or market (and its clearing house, if any) where executed by us or by our agents, of the Financial Industry Regulatory Authority, Inc., as the case may be and to the Securities Exchange Act. It is further understood and agreed that on margin business all securities or other things bought or held by us, are pledged as collateral security for any and all claims and demands we then, or thereafter may have against the party giving such orders whether arising thereunder or not. It is further understood and agreed that we have the right to close transactions without further notice, at public or private sale, without liability for subsequent difference in value, when such a sale or purchase is deemed necessary by us for our protection, with the right upon our part of becoming the purchaser thereof free from all trust; that securities held by us in margin accounts (and in cash accounts until paid for in full) are or may be hypothecated for the sum, due thereon, or for a greater sum, under circumstances which will permit the commingling thereof with securities carried for the account of other customers; and that we have the right to loan such securities held by us.

When-Issued, When-Distributed or TBA Transactions: The information contained herein is an estimate based upon information available at the time of your order. The final figures will be forwarded to you when obtainable upon issue, delivery or pool allocation. Such transactions shall be settled at such time, place and in such manner and by delivery of such securities and/or other property as determined by the exchange or association to whose requirements the transaction is subject, or shall be canceled if such exchange or association shall so determine. National Financial Services LLC, ("NFS"), may demand deposits to secure this transaction and reserves the right to close this transaction upon the failure of the customer to tender such deposit.

Fractional Share Trading: National Financial Services ("NFS"), an affiliate broker-dealer, will execute the fractional component of a customer order in a principal capacity.

Open Orders. An open order will remain in effect until executed or canceled. Customers may attempt to cancel open orders at any time prior to execution. NFS will cancel open orders after 180 calendar days (or in accordance with standards set by your Employer) and we reserve the right, but are not obligated to, cancel open orders when the limit price becomes unrealistic in relation to the market price. Limits on open orders to BUY and STOP ORDERS TO SELL, subject to the rules of the exchange or association where the securities are traded, may be automatically adjusted on the date the security trades "ex-dividend", "ex-rights", "ex-distribution", or "ex-interest". Unexecuted portions of an open order which are executed on subsequent days are treated as separate orders for commission purposes, in accordance with industry practices.

Orders marked "solicited" are not the result of "investment advice" from Fidelity, as that term is defined under ERISA and underlying U.S. Department of Labor Regulations, except to the extent that Fidelity utilizes an unaffiliated third party in obtaining such advice.

Payment for Order Flow Disclosure [Exchange Act Rule 10b-10(a)(2)(i)(C)]. Fidelity Brokerage Services LLC ("FBS") and/or NFS receives remuneration, compensation, or consideration for directing orders in equity securities to particular broker/dealers or market centers for execution. The source and nature of any compensation received in connection with your particular transaction will be disclosed upon written request to FBS. Please review FBS's annual disclosure on payment for order flow policies and order routing policies.

The private placement memorandum, term sheet, prospectus or other disclosure documents ("Offering Materials") you previously received include important information concerning your alternative investment transaction (e.g., hedge funds, private equity funds, REITS). Please refer to these materials for an explanation of the subscription (i.e., purchase) and redemption process as well as information regarding compensation that FBS or NFS may receive from you and/or the alternative investment in connection with your transaction. The settlement date for these transactions is often extended a number of days beyond the subscription (i.e., trade) or redemption date. As part of the subscription process, your subscription funds could be held in escrow until such time as your subscription is accepted by the alternative investment. Gross proceeds are reflected on the statement and may not be realized at the time of the redemption if the fund is subject to a holdback. See the Offering Materials for more details. Any such assets retained by the fund are held as a general obligation of the fund and are not protected by SIPC.

447970.27.0

In connection with (i) access to, purchase or redemption of, and/or maintenance of positions in mutual funds and other investment products ("funds") such as alternative investments or private placements or (ii) infrastructure needed to support such funds, some funds, or their investment affiliates, pay FBS and/or NFS sales loads and 12b-1 fees described in the Offering Materials as well as additional compensation for shareholder services, start-up fees, infrastructure support and maintenance, and marketing, engagement and analytics programs. Additional information about the source(s) and amount(s) of compensation as well as other remuneration received by FBS or NFS will be furnished to you upon written request.

Currency exchanges may be effected by Fidelity FOREX, Inc. on a principal basis. Fidelity FOREX, Inc., an affiliate of NFS, may impose a commission or markup on the prevailing interbank market price. Fidelity FOREX may in turn share a portion of any foreign exchange commission or markup with NFS and/or FBS. The currency exchange rate applicable to any foreign security trade is available upon request.

For trades of positions set up for average cost, the cost basis per share is calculated as the average price of all shares in the position and shares are depleted on a first-in-first-out basis.

When there are multiple lots for the particular date indicated via versus purchase, the system depletes the lots starting with the highest quantity lot and moves through the lots in descending order of quantity until the order is filled. If an order cannot be matched versus purchase, or if the order quantity exceeds the matched lots, lots are depleted using the account-level default disposal method.  If more than one lot has the same date and quantity, selection among such lots is random.

The local broker in a foreign securities transaction may be Fidelity Clearing Canada ULC, an affiliate of NFS and FBS.

Other remuneration may have been received and information will be furnished on request.

At the time you purchase shares of a no-load fund, those shares will be assigned either a transaction fee (TF) or no transaction fee (NTF) status. When you subsequently sell those shares, any applicable fees will be assessed based on the status assigned to the shares at the time of purchase.

Certificates of deposit and certain securities, including bonds, preferred stocks, and common stocks, may be subject to call or redemption (prior to maturity, if applicable). Call features may exist in addition to those which may appear on the front of the confirmation. Early call or redemption could affect Yield. Complete information will be provided upon written request.

This statement is computed for payment by bank draft on settlement date. If payment is made at a later date, additional interest to date of payment will be charged.

Name of the other party, time of execution and remuneration furnished on request. Fidelity Brokerage Services LLC, Member NYSE/SIPC. Account carried with National Financial Services LLC.

**\* T - TYPE OF ACCOUNT**

| | |
|---|---|
| 0 - Deliver / Receive vs. Payment | 6 - Special Account |
| 1 - Cash Account | 8 - When Issued / TBA |
| 2 - Margin Account | 9 - Income Account |
| 3 - Short Account | |

If an odd-lot differential is indicated on the face of this confirmation, an amount of 12½ cents per share was added to the price of purchase or deducted from the price of sale.

D1. Additional call features exist that may affect yield; complete information will be provided upon request.
D2. No periodic interest payments - callable below maturity value without notice by mail to holder unless registered.
D3. For bonds callable and issued in bearer form, it may be difficult for you to determine whether the securities have been called.
D4. Asset-backed Securities. An asset-backed security represents an interest in or is secured by a pool of financial assets that may be subject to continuous prepayment. The actual yield may vary based on prepayment rates of the underlying receivable or other financial assets. Information concerning factors that affect yield will be furnished upon written request.

Ratings information, when provided, has been obtained from select ratings services which NFS believes to be reliable, however, NFS cannot guarantee its timeliness, accuracy or completeness. Ratings are opinions and not recommendations or investment advice. Ratings or the absence of ratings should not alone be relied upon when assessing the credit quality of a security or making an investment decision.  Ratings are subject to change or withdrawal by the ratings services at any time.  Ratings information may not be provided for all debt securities.  When indicated, NR denotes that the security is not rated by the listed rating organization. The security may be rated by other rating services.  Please contact your broker dealer if you need more information about a security.

# INSTRUCTIONS FOR DEPOSITING CERTIFICATES

**Endorsement Instructions**

1) The signature on the back of the certificate must correspond exactly to the name as written upon the face of the certificate.

2) Write "National Financial Services LLC" on the line between "appoint" and "attorney."

3) Write your brokerage account number on the top right corner of the front of the certificate.

4) Failure to properly prepare the Certificate may result in delays completing your transaction.

MAIL CERTIFICATES TO THIS ADDRESS:

NATIONAL FINANCIAL SERVICES LLC
ATTN: Banking Services
Mail Zone KC1N
100 Crosby Parkway
Covington, KY 41015



Brokerage Account Number

9900514393

| Online | Fidelity.com |
| FAST(sm)-Automated Telephone | 800-544-5555 |
| Customer Service | 800-544-6666 |

| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 21048-1B8V7S | 1* | L## | 02-17-21 | 02-19-21 | 15850D100 | 21048-DP4JQ | | |

| You Bought | | | DESCRIPTION and DISCLOSURES | | |
|---|---|---|---|---|---|
| | 1,320 | | CHAMPIGNON BRANDS INC COM NPV | Principal Amount | 859.32 |
| at | | .6510 | ISIN #CA15850D1006 SEDOL #BK4K470 | Settlement Amount | 859.32 |
| Symbol: | | | WE HAVE ACTED AS AGENT. | | |
| SHRMF | | | PARTIAL EXECUTION | | |

| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 21048-1B8ZQT | 1* | L## | 02-17-21 | 02-19-21 | 15850D100 | 21048-DP4JQ | | |

| You Bought | | | DESCRIPTION and DISCLOSURES | | |
|---|---|---|---|---|---|
| | 780 | | CHAMPIGNON BRANDS INC COM NPV | Principal Amount | 507.00 |
| at | | .6500 | ISIN #CA15850D1006 SEDOL #BK4K470 | Settlement Amount | 507.00 |
| Symbol: | | | WE HAVE ACTED AS AGENT. | | |
| SHRMF | | | PARTIAL EXECUTION | | |

9900514393    ALL ORDERS ARE UNSOLICITED UNLESS SPECIFIED ABOVE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COPIES SENT PER INSTRUCTIONS

If you are eligible to make a deposit, please use this form for investments in your brokerage account            only.

| AMOUNT OF INVESTMENT | $ |
|---|---|

If there are sufficient funds in your brokerage core account (or margin account), Fidelity will use those funds to cover the trade(s) on this confirm.  If you wish to deposit additional money, use this deposit slip and make checks payable to: NATIONAL FINANCIAL SERVICES LLC. Deposits will be made to the account listed above.  Please mail checks to the Fidelity address on this form. Refer to the last page for instructions on depositing certificates.

FIDELITY INVESTMENTS
PO BOX 770001
CINCINNATI OH  45277-0003



Brokerage Account Number

9900632745

| Online | Fidelity.com |
| --- | --- |
| FAST(sm)-Automated Telephone | 800-544-5555 |
| Customer Service | 800-544-6666 |

| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 21027-1DKN2S | 1* | L## | 01-27-21 | 01-29-21 | 15850D100 | 21027-GFX5G | | |

| | | DESCRIPTION and DISCLOSURES | | |
| --- | --- | --- | --- | --- |
| You Bought | | CHAMPIGNON BRANDS INC COM NPV | Principal Amount | 820.75 |
| | 1,225 | ISIN #CA15850D1006 SEDOL #BK4K470 | Settlement Amount | 820.75 |
| at | .6700 | WE HAVE ACTED AS AGENT. | | |
| Symbol: | | | | |
| SHRMF | | | | |

9900632745            ALL ORDERS ARE UNSOLICITED UNLESS SPECIFIED ABOVE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COPIES SENT PER INSTRUCTIONS

If you are eligible to make a deposit, please use this form for investments in your brokerage account                only.

| AMOUNT OF INVESTMENT | $ |
| --- | --- |

If there are sufficient funds in your brokerage core account (or margin account), Fidelity will use those funds to cover the trade(s) on this confirm.  If you wish to deposit additional money, use this deposit slip and make checks payable to: NATIONAL FINANCIAL SERVICES LLC. Deposits will be made to the account listed above.  Please mail checks to the Fidelity address on this form. Refer to the last page for instructions on depositing certificates.

FIDELITY INVESTMENTS
PO BOX 770001
CINCINNATI OH  45277-0003

**Fidelity**
INVESTMENTS

INVESTMENT REPORT
**May 1, 2021 - May 31, 2021**

Fidelity Traditional IRA                    TRADITIONAL IRA -
FIDELITY MANAGEMENT TRUST CO - CUSTODIAN

▶ **Account Number**:

Envelope # BKXWRPBBBNGFJ

**Your Account Value:**                              **$20,465.63**

**Change from Last Period:**                          ▼ **$3,682.19**

|  | This Period | Year-to-Date |
|---|---|---|
| **Beginning Account Value** | **$24,147.82** | **$25,118.16** |
| Additions | - | 5,500.00 |
| Subtractions | - | -7.78 |
| *Transaction Costs, Fees & Charges* | - | -7.78 |
| Change in Investment Value * | -3,682.19 | -10,144.75 |
| **Ending Account Value** ** | **$20,465.63** | **$20,465.63** |
| Accrued Interest (AI) | 0.00 | |
| Ending Account Value Incl. AI | $20,465.63 | |

\*  *Reflects appreciation or depreciation of your holdings due to price changes, transactions from Other Activity In or Out and Multi-currency transactions, plus any distribution and income earned during the statement period.*
\*\* *Excludes unpriced securities.*

Contact Information

| Online | Fidelity.com |
|---|---|
| FAST℠-Automated Telephone | (800) 544-5555 |
| Customer Service | (800) 544-6666 |

*Brokerage services provided by Fidelity Brokerage Services LLC (FBS), Member NYSE, SIPC (800) 544-6666. Brokerage accounts carried by National Financial Services LLC (NFS), Member NYSE, SIPC.*

1 of 10

H95565478520210531



## Account Summary

Account Value:     **$20,465.63**

Change in Account Value     ▼ **$3,682.19**

| | This Period | Year-to-Date |
|---|---|---|
| **Beginning Account Value** | $24,147.82 | $25,118.16 |
| **Additions** | - | 5,500.00 |
| Contributions | - | 5,500.00 |
| **Subtractions** | - | -7.78 |
| Transaction Costs, Fees & Charges | - | -7.78 |
| **Change in Investment Value *** | -3,682.19 | -10,144.75 |
| **Ending Account Value** | $20,465.63 | $20,465.63 |
| Accrued Interest (AI) | 0.00 | |
| Ending Account Value Incl. AI | $20,465.63 | |

Total Account Trades Jun 2020 - May 2021: 0

\*    *Reflects appreciation or depreciation of your holdings due to price changes, transactions from Other Activity In or Out and Multi-currency transactions, plus any distribution and income earned during the statement period.*

### Core Account and Credit Balance Cash Flow
*Core Account: FDIC INSURED DEPOSIT AT BNY MELLON IRA NOT COVERED BY SIPC*

| | This Period | Year-to-Date |
|---|---|---|
| **Beginning Balance** | $733.71 | $343.02 |
| **Investment Activity** | | |
| Securities Bought | -$734.71 | -$46,390.38 |
| Securities Sold | 1.57 | 40,540.69 |
| Dividends, Interest & Other Income ᴰ | - | 14.24 |
| **Total Investment Activity** | -$733.14 | -$5,835.45 |

### Account Holdings

19% Other ($3,872)

81% Stocks ($16,592)

### Top Holdings

| Description | Value | Percent of Account |
|---|---|---|
| Marathon Digital Holdings INC Com | $3,814 | 19% |
| Nano Dimension LTD Spon Ads Ea Repr 1 Ord Shs | 3,180 | 16 |
| Foley Trasimene Acquistn Corp Wts Exp 05/26/2025 | 1,942 | 9 |
| **Total** | **$8,937** | **44%** |

*Please note that, due to rounding, percentages may not add to 100%.*

### Income Summary

| | This Period | Year-to-Date |
|---|---|---|
| **Tax-deferred** | - | $14.24 |
| **Total** | - | **$14.24** |

MR_CE_BKXWRPBBNGFJ_BBBBB 20210528



INVESTMENT REPORT
**May 1, 2021 - May 31, 2021**

## Core Account and Credit Balance Cash Flow (continued)
*Core Account: FDIC INSURED DEPOSIT AT BNY MELLON IRA NOT COVERED BY SIPC*

| | This Period | Year-to-Date |
|---|---|---|
| **Cash Management Activity** | | |
| Contributions | - | 5,500.00 |
| Fees & Charges | - | -7.00 |
| **Total Cash Management Activity** | **-** | **$5,493.00** |
| **Ending Balance** | **$0.57** | **$0.57** |

D    *Includes dividend reinvestments.*

### Contributions and Distributions

| | This Period | Year-to-Date |
|---|---|---|
| 2021 Contributions | - | $5,500.00 |

# Holdings

## Core Account

| Description | Beginning Market Value May 1, 2021 | Quantity May 31, 2021 | Price Per Unit May 31, 2021 | Ending Market Value May 31, 2021 | Cost | Unrealized Gain/Loss May 31, 2021 | EAI ($) / EY (%) |
|---|---|---|---|---|---|---|---|
| **FDIC INSURED DEPOSIT AT US BANK IRA** $^q$ NOT COVERED BY SIPC  (QUSCQ) -- Interest rate: 0.01% $^h$ | $12.18 | 0.570 | $1.0000 | $0.57 | not applicable | not applicable | - - |
| **Total Core Account (0% of account holdings)** | **$12.18** | | | **$0.57** | | | - |

## Stocks

| Description | Beginning Market Value May 1, 2021 | Quantity May 31, 2021 | Price Per Unit May 31, 2021 | Ending Market Value May 31, 2021 | Cost | Unrealized Gain/Loss May 31, 2021 | EAI ($) / EY (%) |
|---|---|---|---|---|---|---|---|
| **Common Stock** | | | | | | | |
| **APEX TECHNOLOGY ACQUISITION CO COM** CL A (APXT) | $10.71 | 1.000 | $10.3100 | $10.31 | $14.40 | -$4.09 | - - |
| **BEAM GLOBAL COM** (BEEM) | 1,205.05 | 35.000 | 29.1900 | 1,021.65 | 2,135.70 | -1,114.05 | - - |
| **BIOCEPT INC COM** (BIOC) | 1,481.80 | 310.000 | 4.5200 | 1,401.20 | 1,619.50 | -218.30 | - - |
| **BRAXIA SCIENTIFIC CORP COM NPV** ISIN #CA1057361026 SEDOL #BMDW9Q5 (BRAXF) | 1,737.54 | 3,675.000 | 0.3270 | 1,201.65 | 2,453.07 | -1,251.42 | - - |

MR_CE_BKXWRPBBNGFJ_BBBBB 20210528



# Holdings

## Stocks (continued)

| Description | Beginning Market Value May 1, 2021 | Quantity May 31, 2021 | Price Per Unit May 31, 2021 | Ending Market Value May 31, 2021 | Cost | Unrealized Gain/Loss May 31, 2021 | EAI ($) / EY (%) |
|---|---|---|---|---|---|---|---|
| **Common Stock** (continued) | | | | | | | |
| **CORPORATE UNIVERSE INC**(COUV) | 156.80 | 1,400.000 | 0.0977 | 136.78 | 922.60 | -785.82 | - - |
| **EPAZZ INC CL A NEW**(EPAZ) | 261.00 | 9,000.000 | 0.0189 | 170.10 | 194.85 | -24.75 | - - |
| **FISKER INC CL A COM STK**(FSR) | 13.12 | 1.000 | 13.2600 | 13.26 | 16.30 | -3.04 | - - |
| **HIVE BLOCKCHAIN TECHNOLOGIES LTD COM** NPV ISIN #CA43366H1001 SEDOL #BYZ9816 (HVBTF) | 2,960.57 | 770.000 | 2.5166 | 1,937.74 | 2,594.90 | -657.16 | - - |
| **MARATHON DIGITAL HOLDINGS INC COM** (MARA) | 5,664.12 | 154.000 | 24.7700 | 3,814.58 | 6,402.55 | -2,587.97 | - - |
| **MAXAR TECHNOLOGIES INC COM** (MAXR) | unavailable | 25.000 | 31.1000 | 777.50 | 715.00 | 62.50 | 1.00 0.130 |
| **NANO DIMENSION LTD SPON ADS EA REPR 1** ORD SHS (NNDM) | 3,288.32 | 448.000 | 7.1000 | 3,180.80 | 5,077.66 | -1,896.86 | - - |
| **NANO ONE MATERIALS CORP** ISIN #CA63010A1030 SEDOL #BWCLKK4 (NNOMF) | 118.80 | 29.000 | 3.6672 | 106.34 | 131.52 | -25.18 | - - |
| **ONCORUS INC COM**(ONCR) | 16.05 | 1.000 | 17.2000 | 17.20 | 16.35 | 0.85 | - - |
| **ORGANOVO HLDGS INC COM NEW** (ONVO) | 1,204.14 | 141.000 | 9.4000 | 1,325.40 | 1,518.12 | -192.72 | - - |
| **ROLLS ROYCE HOLDINGS SPON ADR EACH REP 1** ORD SHS (RYCEY) | 1.44 | 1.000 | 1.5170 | 1.51 | 1.55 | -0.04 | - - |
| **RUSH STREET INTERACTIVE INC COM** (RSI) | 1,593.41 | 119.000 | 12.4100 | 1,476.79 | 2,905.98 | -1,429.19 | - - |
| Total Common Stock (81% of account holdings) | $19,712.87 | | | $16,592.81 | $26,720.05 | -$10,127.24 | $1.00 |
| **Total Stocks (81% of account holdings)** | **$19,712.87** | | | **$16,592.81** | **$26,720.05** | **-$10,127.24** | **$1.00** |

MR_CE_BKXWRPBBBNGFJ_BBBBB 20210528



# Holdings

## Other

| Description | Beginning Market Value May 1, 2021 | Quantity May 31, 2021 | Price Per Unit May 31, 2021 | Ending Market Value *Accrued Interest (AI)* May 31, 2021 | Cost | Unrealized Gain/Loss May 31, 2021 | EAI ($) / EY (%) |
|---|---|---|---|---|---|---|---|
| ARRIVAL GROUP WTS EXP 03/22/2026 ISIN #LU2322315990 SEDOL #BN2D5H9 (ARVLW) | $1,111.25 | 175.000 | $6.1500 | $1,076.25 - | $1,738.63 | -$662.38 | - - |
| ALTITUDE ACQUISITION CORP WTS EXP 11/30/2027 (ALTUW) | unavailable | 27.000 | 0.7196 | 19.42 - | 19.71 | -0.29 | - - |
| APEX TECHNOLOGY ACQUISITION CO WTS EXP 09/18/2026 (APXTW) | 646.80 | 280.000 | 2.4000 | 672.00 - | 1,114.40 | -442.40 | - - |
| CLOVER HEALTH INVESTMENTS CORP WTS EXP 04/21/2025 (CLOVW) | 3.06 | 1.000 | 2.2400 | 2.24 - | 3.45 | -1.21 | - - |
| FOLEY TRASIMENE ACQUISTN CORP WTS EXP 05/26/2025 (WPFWS) | 1,732.50 | 1,050.000 | 1.8500 | 1,942.50 - | 2,415.00 | -472.50 | - - |
| LIGHTNING EMOTORS INC WTS EXP 05/18/2025 (ZEVWS) | unavailable | 105.000 | 1.3400 | 140.70 - | 444.15 | -303.45 | - - |
| PLYMOUTH INDL REIT INC COM (PLYM) | 18.64 | 1.000 | 19.1400 | 19.14 - | 13.14 | 6.00 | 0.84 4.390 |
| **Total Other (19% of account holdings)** | **$3,512.25** | | | **$3,872.25** | **$5,748.48** | **-$1,876.23** | **$0.84** |
| **Total Holdings** | | | | **$20,465.63** | **$32,468.53** | **-$12,003.47** | **$1.84** |

EAI & EY   ***Estimated Annual Income (EAI) & Estimated Yield (EY)*** *- EAI is an estimate of annual income for a specific security position over the next rolling 12 months. EAI may be negative on short positions. EY is calculated by dividing the current EAI for a security position by its statement closing date market value. EAI and EY are estimates only and may include return of principal and/or capital gains, which would render them overstated. Actual income and yield might be lower or higher than the estimated amounts.* **For calculation details, refer to the "Additional Information and Endnotes" section.**

*All positions held in cash account unless indicated otherwise.*

*Total Cost  does not include the cost basis on core, money market or other positions where cost basis is unknown or not applicable.*

h     *The stated Interest Rate is the interest rate effective for Cash Balances in your FDIC-Insured Deposit Sweep on the last day of the statement period.*

q     *Customers are responsible for monitoring their total assets at the Program Bank to determine the extent of available FDIC insurance. Subject to the terms of the customer agreement, customers are reminded that funds are swept to a Program Bank the business day following the date that funds are credited to your account and until swept to a Program Bank, funds are covered by SIPC. For additional information, please see the FDIC-Insured Deposit Sweep Disclosures on Fidelity.com.*

MR_CE_BKXWRPBBBNGFJ_BBBBB 20210528



## Activity

### Securities Bought & Sold

| Settlement Date | Security Name | Symbol/ CUSIP | Description | Quantity | Price | Cost | Transaction Cost | Amount |
|---|---|---|---|---|---|---|---|---|
| 05/05 | **HUMBL INC COM** | 44501Q104 | You Sold *Transaction Profit: $1.41* | -1.000 | $1.56500 | $0.16 | - | $1.57 |
| 05/07 | **MAXAR TECHNOLOGIES INC COM** | 57778K105 | You Bought | 25.000 | 28.60000 | | - | -715.00 |
| 05/25 | **ALTITUDE ACQUISITION CORP** WTS EXP 11/30/2027 | 02156Y111 | You Bought | 27.000 | 0.73000 | | - | -19.71 |
| Total Securities Bought | | | | | | - | - | -$734.71 |
| Total Securities Sold | | | | | | $0.16 | - | $1.57 |
| **Net Securities Bought & Sold** | | | | | | | **-** | **-$733.14** |

### Other Activity In

| Settlement Date | Security Name | Symbol/ CUSIP | Description | Quantity | Price | Cost | Transaction Cost | Amount |
|---|---|---|---|---|---|---|---|---|
| 05/05 | **BRAXIA SCIENTIFIC CORP COM NPV** ISIN #CA1057361026 SEDOL #BMDW9Q5 N/C FROM   15850D100 #REOR M0051326990001 | 105736102 | Name Changed | 3,675.000 | - | | - | - |
| 05/07 | **LIGHTNING EMOTORS INC** WTS EXP 05/18/2025 MER FROM 37519D115 #REOR M0051327560001 | 53228T119 | Merger | 105.000 | - | | - | - |
| **Total Other Activity In** | | | | | | | **-** | **-** |

### Other Activity Out

| Settlement Date | Security Name | Symbol/ CUSIP | Description | Quantity | Price | Cost | Transaction Cost | Amount |
|---|---|---|---|---|---|---|---|---|
| 05/05 | **CHAMPIGNON BRANDS INC COM NPV** ISIN  CA15850D1006 SEDOL  BK4K470 N/C TO    105736102 #REOR M0051326990000 | 15850D100 | Name Changed | -3,675.000 | - | | - | - |
| 05/07 | **GIGCAPITAL3 INC WTS EXP 05/18/2025** *EXCHANGED FOR CUSIP 53228T119* MER PAYOUT #REOR M0051327560000 | 37519D115 | Merger | -105.000 | - | | - | - |
| **Total Other Activity Out** | | | | | | | **-** | **-** |

MR_CE_BKXWRPBBBNGFJ_BBBBB 20210528 S



## Activity

### Core Fund Activity

*For more information about the operation of your core account, please refer to your Customer Agreement.*

**Settlement Account**

| Date | Type | Transaction | Description | Quantity | Price | Amount | Balance |
|------|------|-------------|-------------|----------|-------|--------|---------|
| 05/05 | CASH | You Bought | **FDIC INSURED DEPOSIT AT BNY MELLON IRA** NOT COVERED BY SIPC MORNING TRADE @ 1 | 1.570 | $1.0000 | $1.57 | $735.28 |
| 05/07 | CASH | You Sold | **FDIC INSURED DEPOSIT AT BNY MELLON IRA** NOT COVERED BY SIPC MORNING TRADE @ 1 | -715.000 | 1.0000 | -715.00 | 20.28 |
| 05/25 | CASH | You Sold | **FDIC INSURED DEPOSIT AT BNY MELLON IRA** NOT COVERED BY SIPC MORNING TRADE @ 1 | -8.100 | 1.0000 | -8.10 | 12.18 |
| 05/25 | CASH | You Sold | **FDIC INSURED DEPOSIT AT US BANK IRA** NOT COVERED BY SIPC MORNING TRADE @ 1 | -11.610 | 1.0000 | -11.61 | 0.57 |

| **Total Core Fund Activity** | | | | | | **-$733.14** | |

*Cost basis and gain/loss information is provided as a service to our customers and is based on standards for filing US Federal Tax Returns as determined by Fidelity. This information is not intended to address tax law or reporting requirements applicable in your country of tax residence.*

## Additional Information and Endnotes

**The following interested party information is on file for your account:**

**Estimated Annual Income (EAI) & Estimated Yield (EY)**   - EAI for fixed income is calculated using the coupon rate. For all other securities, EAI is calculated using an indicated annual dividend (IAD). The IAD is an estimate of a security's dividend payments for the next 12 months calculated based on prior and/or declared dividends for that security. EY reflects only the income generated by an investment and not changes in its price which may fluctuate. Interest and dividend rates are subject to change at any time and may be affected by current and future economic, political and business conditions. EAI and EY are provided for informational purposes only and should not be used or relied on for making investment, trading or tax decisions. EAI and EY are based on data obtained from information providers believed to be reliable, but no assurance can be made as to accuracy, timeliness or completeness.  **Please refer to the Help/Glossary on Fidelity.com for additional information regarding these calculations.**

MR_CE_BKXWRPBBBNGFJ_BBBBB 20210528   S

## mcraig@strategicclaims.net

| | |
|---|---|
| **From:** | mcraig@strategicclaims.net |
| **Sent:** | Thursday, November 2, 2023 4:58 PM |
| **To:** | |
| **Cc:** | |
| **Subject:** | Champignon / Braxia Claim #782 |
| **Attachments:** | Final Champignon Long Notice and Claim Form.pdf |

**Importance:** High

Good afternoon,

Thank you for responding to the letters requesting additional documentation that were send on 6/22/2023, 7/27/2023, and 9/6/2023 for claim #782.

Thank you for your patience while your claim and all documentation were reviewed.

Claim #782 account 220757009 has resulted in a trading gain during the Settlement Class Period. Any claim whose overall transactions in Champignon Brands, Inc. n/k/a Braxia Scientific Corp. ("Braxia") common stock during the Settlement Class Period resulted in a trading gain has a Recognized Claim of $0.00.

Please review the Court-approved Plan of Allocation on page 13 of the Notice states the overall calculation in paragraphs 61 and 62 as well as footnotes 4 through 6 (see attached).  The calculation is the purchase price per share minus $0.69 per share (closing price on February 17, 2021).

If you have any further questions, please contact us at 866-274-4004, you can also visit our website https://www.strategicclaims.net/braxia/ for more information.

**This is our final determination – if you do not agree with this determination, please respond to this email on or before November 12, 2023 with the reason why you do not agree and documentation to support your reason.**


Regards,

Margie Craig
Project Manager
Strategic Claims Services
600 North Jackson Street
Suite 205
Media, PA 19063
610-565-9202 x1005
Toll free 866-274-4004
Fax 610-565-7985

*IMPORTANT: The information contained in this message is confidential and is intended only for the named addressee(s). If the reader of this message is not an intended recipient (or the individual responsible for the delivery of this message to an intended recipient), please be advised that any re-use, dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please reply to the sender that you have received the message in error and then delete it.  Thank you*

**mcraig@strategicclaims.net**

**From:**
**Sent:**          Saturday, November 11, 2023 4:49 PM
**To:**           mcraig@strategicclaims.net
**Subject:**      Re: Champignon / Braxia Claim #782

Hi,

I do not agree with the determination and need explanation since I've not sold any shares. I think para 61 and 62 are not applicable in my case.

Based on the below clause

THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:
Recognized Loss for the Company's Common Stock Purchased During the Settlement Class Period will be calculated as follows:
(A) For shares purchased during the Settlement Class Period and sold during the Settlement Class Period, the Recognized Loss per share will be the lesser of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below) less the inflation per share upon sale (as set forth in Inflation Table A below); or (2) the purchase price per share minus the sales price per share.
(B) For shares purchased during the Settlement Class Period and sold during the period February 18, 2021 through May 18, 2021, inclusive, the Recognized Loss will be the lesser of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the difference between the purchase price per share and the average closing price per share as of date of sale provided in Table B below.
**(C) For shares purchased during the Settlement Class Period and retained as of the close of trading on May 18, 2021 the Recognized Loss will be the lesser of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per share minus the 90-day lookback price of $.423**

per share.

**INFLATION TABLE A**

**Common Stock Purchased During the Settlement Class Period**
**Period Inflation**
**March 27, 2020 to June 21, 2020, inclusive $.25 per share**
**June 22, 2020 to February 16, 2021, inclusive $.09 per share**
**February 17, 2021 $.00 per share**

Based on the THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS and INFLATION TABLE A
The claim value should be $141.75

I've purchased 350+1225 shares with $0.09 inflation per share and
1320+780 shares with $0.00 inflation per share.

If the share are bought and
Based on the inflation rate claim value should be 1575 * $.09 = $141.75

If I've not sold anything I think para 61 and 62 are not applicable in my case.

Thanks and Regards,

On Thu, Nov 2, 2023 at 3:58 PM <mcraig@strategicclaims.net> wrote:

Good afternoon,

Thank you for responding to the letters requesting additional documentation that were send on 6/22/2023, 7/27/2023, and 9/6/2023 for claim #782.

Thank you for your patience while your claim and all documentation were reviewed.

Claim #782 account 220757009 has resulted in a trading gain during the Settlement Class Period. Any claim whose overall transactions in Champignon Brands, Inc. n/k/a Braxia Scientific Corp. ("Braxia") common stock during the Settlement Class Period resulted in a trading gain has a Recognized Claim of $0.00.

Please review the Court-approved Plan of Allocation on page 13 of the Notice states the overall calculation in paragraphs 61 and 62 as well as footnotes 4 through 6 (see attached).  The calculation is the purchase price per share minus $0.69 per share (closing price on February 17, 2021).

If you have any further questions, please contact us at 866-274-4004, you can also visit our website https://www.strategicclaims.net/braxia/ for more information.

**This is our final determination – if you do not agree with this determination, please respond to this email on or before November 12, 2023 with the reason why you do not agree and documentation to support your reason.**

Regards,

2

| Disputing Claim | | | | |
|---|---|---|---|---|
| Claim Number 782 | | | | |

**Reason for Rejection**:  No Recognized Claim.
*The Claimant had an overall market gain on their Settlement Class Period transactions.*

**Detailed Explanation**:
All 3,675 shares purchased for a total of $ 2,453.07 during the Settlement Class Period were still held as of the close of trading on February 17, 2021 with a total ascribed holding value of $2,535.75 which resulted in an overall market gain of $82.68 with respect to the Claimant's overall transactions.

The response the Claimant provided did not change the basis for rejection or reflect or support any additional transactions beyond those contained in the original submission.  Strategic Claims Services contacted the Claimant by email to further explain the reason for the rejection and, after the explanation, the Claimant still requested the Court to review the Claim.

**Transactional History**:

| Date of Transaction | Transaction Type | Number of Shares | Price Per Share | Total Price |
|---|---|---|---|---|
| 12/15/2020 | Purchase | 350 | $0.76 | $266.00 |
| 2/17/2021 | Purchase | 780 | $0.65 | $507.00 |
| 1/27/2021 | Purchase | 1225 | $0.67 | $820.75 |
| 2/17/2021 | Purchase | 1320 | $0.65 | $859.32 |
| 2/17/2021 | Holding Value | 3675 | $0.69 | $2,535.75 |
| **Total Market Gain** | | | | **($82.68)** |