Robert V. Prongay (SBN 270796)
Casey E. Sadler (SBN 274241)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
Email: csadler@glancylaw.com

*Counsel for Lead Plaintiff Michael G.*
*Quinn and Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY N. SCHNEIDER, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CHAMPIGNON BRANDS INC., GARETH BIRDSALL, and MATTHEW FISH, <br><br> Defendants. | Case No. 2:21-cv-03120-JVS-KES <br><br> **DECLARATION OF SHARON M. MCGOWAN OF THE PUBLIC JUSTICE FOUNDATION** <br><br> Date: December 16, 2024 <br> Time: 1:30 p.m. <br> Crtm: 10C <br> Judge: James V. Selna |

DECLARATION OF SHARON MCGOWAN

I, Sharon M. McGowan, declare as follows:

1.      I am the Chief Executive Officer of the Public Justice Foundation, a 501(c)(3) non-profit charitable public foundation dedicated to advancing the public interest, and Public Justice, P.C., a national public interest law firm that advances the Public Justice Foundation's goals (collectively "Public Justice").

2.      I understand that the above captioned matter is a class action brought by investors alleging that Defendants disseminated materially false and misleading information to the investing public regarding Braxia Scientific Corp. (formerly "Champignon Brands Inc.")  in violation of federal securities law.  I submit this declaration in support of the designation of Public Justice as a *cy pres* recipient in this case.

### Efforts on Behalf of Investors

3.      Leveraging *cy pres* and other resources, Public Justice has been proud to advocate for investors who have been allegedly deceived by materially false and misleading statements about a stock issuer.

4.      For instance, in recent years, Public Justice has identified various efforts to block cases alleging violations of federal and state securities laws for investors through such devices as "loser pays rules" and bans on class actions in initial public offerings and corporate bylaws.  We have been active in advocating for the ability of shareholders to pursue their claims, and not to be barred or deterred from doing so.

5.      Along with the Consumer Federation of America and other allies, Public Justice is a leader in the Secure Our Savings coalition, a collection of more than 40 organizations (including consumer advocacy organizations, unions, religious groups, and investor advocacy groups), that speak out strongly on behalf of investors and against forced arbitration of shareholder claims.   For particular pieces of advocacy, we have enlisted the support of noteworthy allies, such as the American Legion.  The coalition has served as a resource for reporters, policy makers and the public, and has engaged in advocacy directed at Congress and federal regulators.  By way of example,

we have sent letters to the S.E.C. and Members of Congress speaking out against terms that would bar or deter investors from pursuing claims under the federal and state securities laws.  Several of these letters led to both the S.E.C. announcing changes in policy, and prompted several members of Congress to urge the S.E.C. to do more to protect private lawsuits enforcing the securities laws.

6.    Public Justice also provides valuable information to investors, consumers, and others through publications, information clearinghouses, and participation in educational seminars.  We have invested in our communications capacity to produce high-quality coverage and built strong relationships with key media contacts.

7.    As proposals to limit cases brought by investors under the federal and states securities laws have gained prominence in recent years, Public Justice attorneys have presented at educational programs aimed both at investors and attorneys who represent them.  Over the past several years, Public Justice attorneys have appeared at more than two dozen continuing legal education programs, including programs of the Institute for Law and Economic Policy, a public policy research and educational foundation whose mission is to preserve, study and enhance investor and consumer access to the civil justice system.  Public Justice attorneys have also appeared at several programs of the National Association of Shareholder and Consumer Attorneys (NASCAT) to address threats to securities lawsuits.  In addition, Public Justice attorneys have spoken to, written for, and appeared at several events and programs for audiences of institutional investors about threats to private enforcement of the securities laws.

8.    Public Justice staff have contributed to the scholarship on these issues by writing articles and blog posts addressing threats to cases under the federal and state securities laws, *see, e.g.*, Amy Radon, "Schwab Prefers No Regulation," May 31, 2013 (available at www.publicjustice.net/schwab-prefers-no-regulation/).  We have also co-authored op eds and other opinion pieces with notable public figures

working on these issues, such as John Chiang, the former State Treasurer of California, *see, e.g.*, John Chiang and Amanda Werner, "SEC Must Not Silence Voice of Wells Fargo Investors," *San Francisco Chronicle*, April 22, 2018, (available at www.sfchronicle.com/opinion/openforum/article/SEC-must-not-silence-voice-of-Wells-Fargo-12852555.php).

### **Public Justice Participation in Amicus Briefs in Securities Cases**

9. Public Justice has also filed amicus briefs in support of investors in several key cases in recent years. Some illustrations of this work include:

A. *Macquarie Infrastructure Corp. v Moab Partners, L.P.,* 601 U.S. 257 (2024). Public Justice co-authored a brief on behalf of several amici to underscore the importance of the implied private right of action under Section 10(b) of the Securities Exchange Act of 1934 and explain why a broader view of the private right of action would not result in a flood of frivolous litigation.

B. *Erica P. John Fund, Inc. v. Halliburton Co.*, 573 U.S. 258 (2014). Public Justice joined in an amicus brief arguing for the preservation of long-standing U.S. Supreme Court precedent supporting investors' ability to argue for class action treatment of securities claims based upon a presumption that markets operate efficiently.

C. *In the Matter of Department of Enforcement Complainant v. Charles Schwab & Co. Inc.* (FINRA National Adjudicatory Council, No. 2011029760201, 2014). Public Justice submitted, with AARP and the National Consumer Law Center, an *amici curiae* brief challenging Schwab's position that the Federal Arbitration Act (FAA) preempts FINRA rules, and therefore allows brokerage houses to amend its investor contracts to ban class actions by shareholders bringing securities-related claims.

D. *Amgen, Inc. v. Connecticut Retirement Plans and Trust Funds,* No. 11-1085, slip op. (U.S., Feb. 27, 2013). Public Justice submitted an *amici curiae* brief

in support of investors who were allegedly defrauded by pharmaceutical giant Amgen, a leading manufacturer of drugs.  The case involved a challenge to the district court certification for class action treatment of a securities action against Amgen alleging that the company knowingly or recklessly made materially misleading statements and omissions concerning two of Amgen's flagship products; we refuted Amgen's arguments that securities lawsuits unfairly target the pharmaceutical industry with frivolous litigation.

E.  *Roberts v. Triquint Semiconductor, Inc.,* 364 P.3d 328 (Ore. 2015). In this case in the Oregon Supreme Court, the defendant sought to force the adoption of a new forum selection by-law without the vote of the corporation's stockholders, effectively eliminating shareholders' ability to bring the defendant to court for any wrongdoing. Public Justice joined an *amici curiae* brief that argued, among other things, that such anti-investor by-law changes should not be permissible where individuals have not agreed to them.

10.    Public Justice has also filed a host of amicus briefs in federal and state appellate courts on other issues relating to the civil justice system in cases that did not involve securities claims.

### *Cy Pres* Awards To Public Justice In Securities Related Cases

11.    Because of Public Justice's record of success and commitment to ensuring that *cy pres* awards are properly used, numerous courts have directed that the Public Justice Foundation be awarded *cy pres* funds. Since 2010, we have gratefully received the following *cy pres* designations originating from the following securities related cases:

A. *In re Qudian Inc. Securities Litigation*, No. 1:17-cv-09741-JMF (S.D.N.Y.);

B. *In re Braskem S.A. Securities Litigation*, No. 1:15-cv-05132-PAE (S.D.N.Y.);

DECLARATION OF SHARON MCGOWAN
4

C. *Noble v. Greenberg Traurig*, No. RC 11593201 (Cal. Super. Ct., Alameda County);

D. *In re Mannkind Corp. Securities Litigation*, No. 2:11-cv-00929-GAF-SS (C.D. Cal.);

E. *In re Iomega Securities Litigation*, No. 3:86-cv-00257 (D. Conn.);

F. *In re Coastal Physicians Group Securities Litigation*, No. 1:95-cv-00306 (M.D.N.C.);

G. *Leumi Gemel, Ltd. v. ECtel, Ltd., et al.*, No. 8:04-cv-03380-RWT (D. Md.);

H. *Gross v. Medaphis Corp.*, No. 1:96-cv-02088-TWT (N.D. Ga.);

I. *Hoffman vs. Avant! Corporation, et al*, No. 5:97-cv-20698 (N.D. Cal.);

J. *In re Hovnanian Enterprises, Inc. Securities Litigation*, No. 2:08-cv-00999 (SDW) (MCA) (D.N.J.);

K. *Scheiner v. i2 Technologies, Inc., et al.*, No. 3:01-cv-00418-L (N.D. Tex.);

L. *In re FLAG Telecom Holdings, Ltd. Securities Litigation*, No. 1:02-cv-03400-CM-PED (S.D.N.Y.);

M. *Crotteau v. Addus Homecare Corporation, et al.*, No. 1:10-cv-01937, (N.D. Ill.);

N. *Jiangchen v. Rentech Inc., et al.*, No. 17-cv-01490-GW-FFM (C.D. Cal.);

O. *In re Rambus Securities Litigation*, Nos. 5:06-cv-04346-JF; C-07-1238-RMV (N.D. Cal.);

P. *Bachow v. Swank Energy Income Advisers LP, et al.*, No. 3:09-cv-00262-K (N.D. Tex.); and

Q. *Yaron v. Intersect ENT, Inc., et al.*, No. 4:19-cv-02647-JSW (N.D. Cal.).

DECLARATION OF SHARON MCGOWAN

5

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of October 2024.

_____
Sharon M. McGowan
Chief Executive Officer, Public Justice

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old.  On November 14, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 14, 2024.

/s/ Casey E. Sadler
Casey E. Sadler