# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY N. SCHNEIDER, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:21-cv-03120-JVS-KES |
| Plaintiff, | **CLASS DISTRIBUTION ORDER [98]** |
| v. | Date:  December 16, 2024 |
| CHAMPIGNON BRANDS INC., GARETH BIRDSALL, and MATTHEW FISH, | Time:  1:30 p.m. <br> Crtm:  10C <br> Judge:  James V. Selna |
| Defendants. | |

CLASS DISTRIBUTION ORDER

Having considered all materials and arguments submitted in support of Lead Plaintiff's Unopposed Motion for Class Distribution Order (the "Motion"), including the Memorandum of Law in Support of the Motion, the Declaration of Margery Craig Concerning the Results of the Claims Administration Process ("Craig Decl."), and the Declaration of Sharon M. McGowan of the Public Justice Foundation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Class Distribution Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (ECF No. 65-1) (the "Stipulation"). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Craig Declaration.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      As set forth in the Craig Declaration, the administrative determinations of the Claims Administrator in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits C-1 and C-2 of the Craig Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibits D and E of the Craig Declaration are approved. For the avoidance of doubt, claim number 782 is denied because the Claimant had a market gain with respect to his, her, or its overall transactions in Braxia shares during the Settlement Class Period. *See, e.g., In re Cendant Corp. Sec. Litig.*, 454 F.3d 235, 246-47 (3d Cir. 2006) (upholding application of a "netting provision" providing that "all profits shall be subtracted from all losses on all transactions of CUC and Cendant publicly-traded securities during the class period to determine the net claim of each class member. If a class member made a net profit, the value of his, her or its claim shall be zero."); *In re Citigroup Inc. Sec. Litig.*, 2014 WL 7399039, at *2-4 (S.D.N.Y. Dec. 29, 2014) (overruling objection based on objector's "aggregate gain" from class period transactions where plan of allocation provided: "[t]o the extent an Authorized

CLASS DISTRIBUTION ORDER
1

Claimant had an aggregate gain from his, her or its transactions in Citigroup common stock during the Class Period, the value of his, her or its total Recognized Loss will be zero.").

4.      As set forth in the Craig Declaration, no new Claims may be accepted after August 30, 2024, and no further adjustments to submitted Claim may be made for any reason after September 24, 2024.

5.      The Court authorizes payment of $5,250 from the Settlement Fund to the Claims Administrator for the fees and expenses to be incurred in connection with the Initial Distribution and 2024 tax work, as described in the Craig Declaration.

6.      The distribution plan for the Net Settlement Fund as set forth in the Craig Declaration and accompanying exhibits is approved.  The balance of the Net Settlement Fund, after deducting the fees and expenses discussed in paragraph 5, shall be distributed to Authorized Claimants.  To encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE."  Authorized Claimants who fail to cash, deposit, or negotiate a distribution check within the time allotted or consistent with the terms outlined in Paragraph 21.a.vi. of the Craig Declaration will irrevocably forfeit all recovery from the Settlement.

7.      After the Initial Distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash, deposit, or negotiate their distribution checks.  To the extent any monies remain in the fund six (6) months after the Initial Distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a redistribution of the funds remaining after payment of, or reserve for, any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution, payment of any Taxes, costs of preparing tax returns and escrow fees, to Authorized Claimants who have

cashed their Initial Distributions and who would receive at least $10.00 from such redistribution. Additional redistributions to Authorized Claimants who have cashed, deposited, or negotiated their prior checks and who would receive at least $10.00 on such additional redistributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective.

8.     At such time as Lead Counsel, in consultation with the Claims Administrator, determine that no additional distributions are cost-effective, then the remaining funds will be donated to the Public Justice Foundation, a non-sectarian, not-for-profit 501(c)(3) organization dedicated to, among other things, investor education and advocacy.

9.     All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members and other Claimants, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, Plaintiff's Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to them pursuant to the terms of the Class Distribution Order, provided that such released persons acted in accordance with the Stipulation, the Judgment, and this Order.

10.     The Claims Administrator is authorized to destroy: (a) paper or hard copies of the Claim Forms and supporting documents one year after any re-distribution, if that occurs, or, if there is no re-distribution, two years after the Initial

CLASS DISTRIBUTION ORDER
3

Distribution; and (b) electronic copies of the same one year after the final distribution of the Net Settlement Fund to Authorized Claimants.

**SO ORDERED** this 16th day of December 2024.

_____
The Honorable James V. Selna
United States District Judge